JOHNNY DARNELL GRIGGS (SBN 110640)
*jgriggs@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Plaintiff
Federal Deposit Insurance Corporation,
as Receiver for Butte Community Bank

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT CHING, EUGENE EVEN, DONALD LEFORCE, ELLIS MATTHEWS, LUTHER McLAUGHLIN, ROBERT MORGAN, JAMES RICKARDS, GARY STRAUSS, HUBERT TOWNSHEND, JOHN COGER, AND KEITH ROBBINS,<br><br>   Defendants. | CASE NO. 2:13-cv-01710-KJM-EFB<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND NON-DISCLOSURE**<br><br>**(With court modifications in strikeout/underline format.)** |

This Court has concluded that there are compelling reasons to enter a protective order regarding confidentiality and non-disclosure in order to facilitate the production of discovery materials in this case and to balance the need to protect the disclosure of sensitive customer personal and financial information and regulatory information without requiring the FDIC-R to incur the burden and expense of having to review each document line-by-line to redact potentially sensitive information. The protective order regarding confidentiality and non-

disclosure ("Protective Order") will significantly reduce the cost of production and will expedite the production of discovery materials in this case. Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby

ORDERED and ADJUDGED that this Protective Order shall govern the production and handling of information exchanged by FDIC-R and Defendants (hereinafter individually referred to as a "Party" or together as the "Parties") in these proceedings.

1. **Purpose.** This Protective Order is entered for the purpose of the Parties exchanging confidential documents and information in connection with this litigation. The Protective Order is necessary because some documents exchanged hereunder contain information protected from disclosure by law, including private and protected financial information about consumers (such as protected by the Gramm-Leach-Bliley Act (Pub. L 106-102)), confidential regulatory information, or commercially sensitive information, disclosure of which could result in violation of law, or harm to individual consumers or the Parties.

2. **Definition of Confidential Material.** For purposes of this Protective Order, "Confidential Material" shall mean certain documents, records, and information composed or stored in written, electronic, digital, or any other medium, provided by any Party pursuant to this Protective Order, and to any information identifying any names, addresses, account information, personal information (such as social security number, date of birth, and any other personal identification information} recognized by law as, or required to be maintained as, confidential, including, without limitation, the following:

    (a) **Regulatory:** Confidential Material related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the Office of Thrift Supervision ("OTS"), or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank. The Parties understand and agree that the release of such regulatory information may require

approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to third parties not covered by this Protective Order.

    (b)    **Statutory:** Confidential Material includes documents that are confidential pursuant to the Freedom of Information Act, 5 U.S.C. §552, 12 C.F.R. Part 309, the laws of the State of Florida, or any other applicable federal or state laws.

    (c)    **Bank and Bank Customers:** Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other. entity, including: Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower. Examples of "Confidential Material," without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

    (d)    **Receivership:** Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets not publicly available. Notwithstanding the provisions of paragraph 6(a) — (k), no such Confidential Material shall be disclosed to any person or entity known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Protective Order. This subparagraph (d), however, does not prevent such documents from being shared with experts or others listed in paragraphs 6(a) — (i).

Notwithstanding the foregoing paragraphs (a) — (d), no party is estopped or in any way prevented from later challenging the confidentiality designation of any document.

    3.    **Confidential Designation and Treatment of Confidential Material.** Documents provided by any Party pursuant to this Protective Order that are deemed and denominated by any Party as "Confidential" pursuant to this Protective Order shall be deemed to be Confidential Material, unless and until that designation is challenged pursuant to paragraph 4, below. Confidential Material may be designated as such by affixing to the material the legend "Confidential." The failure to

designate any documents with such legend shall not constitute a waiver by any Party of the right to assert that such documents contain protected Confidential Material. In the event that any Party produces Confidential Material without designating it as such, the producing Party may notify the receiving Parties that the documents or information should have been designated Confidential Material, and the Parties will treat the documents as Confidential Material under this Protective Order. Confidential Material shall only mean and shall be limited to the documents produced in this litigation marked with a Bates Stamp number. In the event a Party obtains a duplicate copy of a document produced in discovery in this litigation from a publicly available source the party acquiring the document shall not be required to comply with the terms of this Order regarding the use of the duplicate document and the use of such duplicate document shall not be subject to the provisions of the Order

4. **Challenge of Confidentiality Designation**. A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party disagrees at any stage of these proceedings with the confidentiality designation by the producing Party, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If after fifteen (15) days the dispute cannot be resolved, the Party objecting to the designation may, at any time thereafter, seek appropriate relief from the Court in which this action is pending. The challenged designation shall be maintained and shall remain in full force and effect pending the Court's determination on the challenged designation.

5. **Non-disclosure of Confidential Material.** All Confidential Material provided pursuant to this Protective Order is provided solely and exclusively for purposes of litigating this action. Absent further written agreement between the Parties of further court order, all such materials shall be maintained confidential pursuant to this Protective Order and shall not be disclosed, discussed, or in any way

divulged to any person for any other purpose, except as permitted under this Protective Order.

6. **Exceptions for Non-disclosure.** The Parties agree that the Confidential Material shall be used only to investigate, analyze, litigate, and resolve this action. The Parties may disclose Confidential Material received pursuant to this Protective Order to the following persons or entities, provided that each person or entity, required to do so, complies with paragraph 7 below:

(a) counsel signing this Protective Order (together with any employees of counsel) engaged by any Party to assist or participate in the evaluation and resolution of the FDIC-R Claims;

(b) vendors, consulting experts, testifying experts and consultants engaged by any Party to assist or participate in the investigation, analysis and defense of the FDIC-R Claims;

(c) insurers, reinsurers, regulators, auditors, or other entities to whom Defendants may be required to respond or report to in the ordinary course of business regarding the subject matter of the FDIC-R Claims;

(d) the individual Defendants in this action;

(e) other Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank;

(f) FDIC (in any of its capacities) personnel, including, but not limited to, its Chairman, Board of Directors, attorneys, investigators, senior executives, and others) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the FDIC-R Claims, or the action;

(g) any witness or third party contacted by counsel for a party to investigate this case, whether such witness or third party will or will not testify at trial or in deposition, in this action; provided, however, that no disclosure of Confidential Material to such persons shall be made unless and until the witness or third party has executed the agreement to maintain confidentiality.

(h) ~~Court officials involved in this action including court reporters, certified translators or interpreters, and other Court personnel as are necessarily incident to the conduct of discovery, the preparation for the trial or the trial itself; and~~

(i) officers, employees, representatives and agents of the Party that produced the Confidential Material may see any and all Confidential Material produced by that Party.

In no event shall any Confidential Material be disclosed to any party, by consent or by identification in the foregoing list, without such person first having executed the appropriate acknowledgements and agreements required herein. Notwithstanding this paragraph 6, Material that is Confidential pursuant to paragraph 2(d) shall not be disclosed to any person or entity known to have any current or prospective interest in Bank assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Protective Order, without seeking and obtaining the permission of the Court in this action.

7. **Protective Order Certificate.** Confidential Material may only be disclosed to persons or entities identified in subparagraphs 6(a) – (g) and (i) ~~(j)~~ after that person or entity agrees to be bound by this Protective Order and signs a written Agreement to Maintain Confidentiality, in the form attached as Attachment A. The Parties shall keep all of their respective Agreements to Maintain Confidentiality containing original signatures.

8. **Demands by Others for Confidential Materials.** If any other person or entity demands, by subpoena or other judicial process, or by operation of law production of documents produced and marked as Confidential pursuant to this Protective Order, the Party receiving such demand shall promptly notify the producing Party of such demand. At its option, the producing Party may elect to challenge the demand and assert any applicable protections. The objecting Party shall notify the other Parties hereto and issuing court or tribunal of its challenge as required by law, the subpoena, or other judicial process. The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party making the claim. When such a challenge is made, the Party who received the demand shall not produce any Confidential Material in the absence of consent by the producing Party or an order by the issuing court or tribunal compelling production.
/////

9. **No Waiver of Objections to Use; Filing Under Seal.** The Parties hereto shall not contend or assert that a Party's production of Confidential Material pursuant to this Protective Order in any way acts as a waiver of any privilege, work product doctrine, or discovery or evidentiary objections by the producing Party, or otherwise entitles the receiving Party to obtain or use Confidential Material in a manner contrary to this Protective Order. In the event any party, who has designated a document (the "Designating Party") as Confidential Material pursuant to this Order, wishes to file under seal the Confidential Material, the Designating Party shall first consult with the Non-Designating Party to determine whether agreement may be reached on an informal basis. After consulting with the Non-Designating Party the Designating Party shall file a motion with the Court demonstrating good cause for the sealing with a request that the Confidential Material be filed under seal pursuant to Court rules ~~and remain under seal~~ until such time as the Court orders otherwise. The Court will then determine whether the document should be filed under seal and enter an appropriate order. In the event a Non-Designating Party wants to include in a court filing Confidential Material, which will not be the subject of a motion by the Non-Designating Party seeking the Court's permission to file the document under seal, the Non-Designating Party must give the Designating Party at least three days advance notice to allow the     Designating Party to file its own motion seeking a court determination of whether the document should be filed under seal. The Non-Designating Party must not file the Confidential Material with the Court until the Court has ruled upon the Designating Party's motion to file under seal. In the event the Designating Party fails. to file a motion to seal within three days after notification by the Non-Designating Party of its intent to file Confidential Material, the Non-Designating Party shall not then be required to file the Confidential Material under seal. Any Confidential Material <u>the court orders</u> filed under seal shall remain under seal until such time as the Court orders otherwise.

10.    **Reservation of Rights.** Nothing in this Protective Order confers upon the Parties any further right or access to documents or information not provided by the other Parties, including but not limited to any documents a Party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld documents) may otherwise qualify as Confidential Material if produced rather than withheld. With respect to Confidential Material produced, each Party reserves its rights under this Protective Order, and otherwise under law. Any documents withheld on this basis or any other basis must be identified on a privilege log to be provided by the Party asserting the privilege or other protection within two weeks of the date the documents) would have been produced had it not been privileged or otherwise protected from disclosure.

11.    **Return of Documents.** Within ninety (90) days after final adjudication of this action, including any resolution through settlement, unless otherwise agreed to in writing by Counsel for all Parties, the Parties shall either: (a) assemble and return all Confidential Materials, including all copies thereof, to the producing Party, or (b) certify in writing that all such information has been destroyed or will be maintained as Confidential until destroyed pursuant to any document or data destruction procedures applicable to such material.

12.    **Remedies.** To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties shall first seek to resolve the alleged violation through prompt and reasonable discussion. In the event such efforts fail to promptly resolve the alleged violation, the Parties reserve the right to seek relief from the Court in the action for, inter alia, money damages, injunctive relief, or any other relief as appropriate. Upon request by the producing Party, the receiving Party will provide appropriate certificates with respect to disposition of the Confidential Materials.

13.    **No Waiver of Privileges; Inadvertent Production Procedure.** The Parties do not waive any privilege, including any attorney-client privilege, work

product doctrine, or any other applicable privilege they might have with respect to any of the documents and information produced, nor do the Parties waive the right to challenge any assertion of privilege by entering into this Protective Order.  With respect to the FDIC, in any of its capacities, these privileges include, but are not limited to, any privilege that the Bank may have had or any federal or state regulatory agency may hold. The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other third party.  Furthermore, in the event that a Party inadvertently produces attorney client privileged or otherwise privileged documents or information, or other documents protected by law from disclosure even under a Protective Order, and if the Party subsequently notifies the receiving Party that the privileged documents or information should not have been produced, the receiving Party shall immediately return the originals and all copies of the inadvertently produced privileged documents and information. Nothing in this Protective Order shall prevent the FDIC from using any Confidential Material that it produces to the Defendants in any of its capacities for any lawful purposes. In addition, with regard to privileged and/or otherwise protected documents, Federal Rule of Evidence 502 is hereby expressly incorporated into this Protective Order.

14. **Binding Effect; Assignment.** The Protective Order shall be binding upon and inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties' respective successors or assigns. No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

15. **Notice.** All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below. Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and shall be considered delivered and effective three days after mailing.

| | | |
|---|---|---|
| If to FDIC-R: | | Zuber Lawler & Del Duca LLP<br>777 South Figueroa Street, 37th Floor<br>Los Angeles, California 90017<br>Attn: Johnny Darnell Griggs, Esq. |
| If to Defendants: | | Tisdale & Nicholson, LLP<br>2029 Century Park East, Suite 900<br>Los Angeles, California 90067<br>Attn: Kevin D. Hughes (SBN 188749) |

**DONE AND ORDERED** this 12th day of February 2014.

_____
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A
## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I hereby acknowledge that I have been provided and have read a copy of that certain Protective Order Regarding Confidentiality and Non-disclosure Order, dated _____, (the "Protective Order"), a copy of which is annexed hereto. I understand that any Confidential Material within the meaning of the Protective Order shown to me is confidential, shall be used by me only as provided in the Protective Order, and shall not be disclosed by me unless expressly permitted under the Protective Order. I agree to abide by the terms of the Protective Order. I will return any such Confidential Material provided to me and will not retain any copies of Confidential Material, including any notes or other documents generated that include any content from the Confidential Material, pursuant to the terms of the Protective Order.

Name: _____  Date: _____, 2013
        (signature)

    _____  Telephone: _____
        (printed)                                     (business)

                                                                    Telephone: _____
Title: _____                                     (home)

                                                                    Telephone: _____
Company: _____                                     (cell)

Address: _____

City:_____

State/Zip Code: _____