UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHING, EUGENE EVEN, DONALD LEFORCE, ELLIS MATTHEWS, LUTHER McLAUGHLIN, ROBERT MORGAN, JAMES RICKARDS, GARY STRAUSS, HUBERT TOWNSHEND, JOHN COGER, AND KEITH ROBBINS,<br><br>Defendants. | CASE NO. 2:13-cv-01710-KJM-EFB<br><br>**ORDER ON JOINT STIPULATION TO: (1) SET BRIEFING SCHEDULE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) FILE THE FDIC'S 2008 REPORT OF EXAMINATION & THE STATE OF CALIFORNIA DEPARTMENT OF FINANCIAL INSTITUTIONS' 2007 REPORT OF EXAMINATION UNDER SEAL PURSUANT TO L.R. 141** |

The Federal Deposit Insurance Company as receiver for Butte Community Bank (FDIC-R) has moved for an order permitting defendants to submit the 2008 "FDIC Report of Examination" of the bank and the 2007 "Report of Examination" performed by the State of California Department of Financial Institutions under seal in connection with defendant's motion for summary judgment.

There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to

judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978)).

      In this case, plaintiff has cited to 12 C.F.R. § 309.6(a), which prohibits the disclosure of the records covered by plaintiff's request to anyone other than officers, directors, employees or agents of the Corporation who need such records to perform their official duties. Plaintiff also cites to California Government Code § 6254(d)(1) & (2), which provides that reports of examinations of financial institutions are not generally subject to public disclosure. Because of these statutes, and in light of the nature of the documents, the court finds compelling reasons to seal the documents as requested.

      The parties have also provided a stipulated schedule for the briefing and hearing the motion for summary judgment. The parties' stipulation is adopted and the motion for summary judgment is due by March 28, with opposition due by April 11 and reply by April 18, with the motion to be heard on April 15, 2014.

Dated  March 27. 2014

UNITED STATES DISTRICT JUDGE