# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHING, EUGENE EVEN, DONALD LEFORCE, ELLIS MATTHEWS, LUTHER McLAUGHLIN, ROBERT MORGAN, JAMES RICKARDS, GARY STRAUSS, HUBERT TOWNSHEND, JOHN COGER, AND KEITH ROBBINS,<br><br>Defendants. | CASE NO. 2:13-cv-01710-KJM-EFB<br><br>**AMENDED ORDER ON JOINT STIPULATION TO: (1) SET BRIEFING SCHEDULE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (2) FILE THE FDIC'S 2008 REPORT OF EXAMINATION & THE STATE OF CALIFORNIA DEPARTMENT OF FINANCIAL INSTITUTIONS' 2007 REPORT OF EXAMINATION UNDER SEAL PURSUANT TO L.R. 141** |

The Federal Deposit Insurance Company as receiver for Butte Community Bank (FDIC-R) has moved for an order permitting defendants to submit the 2008 "FDIC Report of Examination" of the bank and the 2007 "Report of Examination" performed by the State of California Department of Financial Institutions under seal in connection with defendant's motion for summary judgment.

There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to

1  judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d
2  1172, 1178 (9th Cir. 2006).  "[I]f the court decides to seal certain judicial records
3  [after conscientiously balancing the competing interests of the public and the party
4  who seeks to keep certain judicial records secret], it must 'base its decision on a
5  compelling reason and articulate the factual basis for its ruling, without relying on
6  hypothesis or conjecture.'"  *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d
7  1430, 1434 (9th Cir. 1995)).  "In general, 'compelling reasons' sufficient to
8  outweigh the public's interest in disclosure and justify sealing court records exist
9  when such 'court files might become a vehicle for improper purposes,' such as the
10 use of records to gratify private spite, promote public scandal, circulate libelous
11 statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns., Inc.*,
12 435 U.S. 589, 598 (1978)).
13         In this case, plaintiff has cited to 12 C.F.R. § 309.6(a), which prohibits
14 the disclosure of the records covered by plaintiff's request to anyone other than
15 officers, directors, employees or agents of the Corporation who need such records to
16 perform their official duties.   Plaintiff also cites to California Government Code
17 § 6254(d)(1) & (2), which provides that reports of examinations of financial
18 institutions are not generally subject to public disclosure.   Because of these statutes,
19 and in light of the nature of the documents, the court finds compelling reasons to
20 seal the documents as requested.
21         The parties have also provided a stipulated schedule for the briefing
22 and hearing the motion for summary judgment.  The parties' stipulation is adopted
23 and the motion for summary judgment is due by March 28, with opposition due by
24 April 11 and reply by April 18, with the motion to be heard on April 25, 2014.

Dated  March 27. 2014

_____
UNITED STATES DISTRICT JUDGE