UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT CHING, et al,<br><br>        Defendants. | No. 2:13-cv-01710-KJM-EFB<br><br>ORDER |

Plaintiff requests sealing of exhibits filed with plaintiff's Opposition to Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment. ECF No. 59. The documents are excerpts from the administrative depositions conducted by the FDIC of defendant John Coger (14 pages), Peter J. Buck of Sandler O'Neill and Partners, LP (10 pages), and Charles J. Mathews, Jr., a former board member of Butte Community Bank ("Butte") (14 pages). Plaintiff also has redacted a few lines of text in its Opposition and Statement of Facts in Opposition (ECF Nos. 58, 58-1) as filed on the public docket; the court has reviewed an unredacted version of the brief and statement of facts, along with the deposition transcripts, in camera. Defendant has filed a statement of non-opposition. ECF No. 60.

/////

Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court." The request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id*. at (b).

It is an established principle that there is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Id*. at 1180.

To seal documents filed with a dispositive motion, as here, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id*. That is, the party requesting to seal "must articulate[] compelling reasons supported by specific factual findings . . . that outweigh . . . public interest in understanding the judicial process." *Id*. at 1178-79 (internal citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Communs., Inc*., 435 U.S. 589, 598 (1978)).

Good cause exists to seal the deposition transcript excerpts. Title 12 of the Code of Federal Regulation § 308.147 provides that information and documents obtained by the FDIC in connection with investigations is confidential. The administrative deposition transcripts cited as exhibits in the opposition brief constitute information obtained in an FDIC investigation and are therefore confidential. Such confidential information shall not be disclosed except under certain limited circumstances as provided by 12 C.F.R. § 309.6 and this court's Protective Order (ECF No. 14 at 5), none of which are applicable here.

Having reviewed the documents requested to be sealed, and considering the governing rules of confidentiality, plaintiff's request to seal is GRANTED. The minor redactions in the plaintiff's briefing also are APPROVED.

2

1  The Clerk of the Court is directed to file under seal the documents submitted by
2  plaintiff in support of its opposition (ECF Nos. 58-3, 58-4, 58-5) and the unredacted versions of
3  the Opposition and Separate Statement of Facts submitted with the Opposition (ECF Nos. 58,
4  58-1).
5  IT IS SO ORDERED.
6  DATED: February 24, 2015.

UNITED STATES DISTRICT JUDGE