ELIOT S. JUBELIRER (SBN 61654)
ejubelirer@schiffhardin.com
JEAN-PAUL P. CART (SBN 267516)
jcart@schiffhardin.com
SCHIFF HARDIN LLP
One Market
Spear Street Tower, Suite 3200
San Francisco, CA  94105
Telephone:   415.901.8700
Facsimile:    415.901.8701

ANTONY S. BURT (*admitted pro hac vice*)
aburt@schiffhardin.com
LAWRENCE H. HEFTMAN (*admitted pro hac vice*)
lheftman@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone:   312.258.5500
Facsimile:    312.258.5600

Attorneys for Plaintiff
Federal Deposit Insurance Corporation
as Receiver for Butte Community Bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHING, EUGENE EVEN, DONALD LEFORCE, ELLIS MATTHEWS, LUTHER McLAUGHLIN, ROBERT MORGAN, JAMES RICKARDS, GARY STRAUSS, HUBERT TOWNSHEND, JOHN COGER AND KEITH ROBBINS,<br><br>Defendants. | Case No.  2:13-cv-01710-KJM-EFB<br><br>Assigned to Hon. Kimberly J. Mueller<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PRODUCTION OF DOCUMENTS BY NON-PARTY FEDERAL DEPOSIT INSURANCE CORPORATION |

WHEREAS, counsel for Defendants in the above-captioned action have requested the discretionary disclosure of certain privileged and confidential records of the Federal Deposit Insurance Corporation ("FDIC") pursuant to 12 C.F.R. § 309.6(b)(8); and

1    WHEREAS, the FDIC has determined that the requirements for discretionary disclosure

2 under 12 C.F.R. § 309.6(b)(8) have been satisfied, and has therefore authorized disclosure of the

3 records identified in Exhibit A hereto (Confidential Records), provided that such disclosure is

4 made strictly under the terms and conditions of this Protective Order;

5    NOW THEREFORE, the Court hereby orders the following:

6    1.   The Confidential Records, and all information contained therein or related thereto,

7 shall be held strictly confidential and may be examined and used only in connection with the

8 preparation, discovery in connection with, trial, and appeal of the Litigation.

9    2.   No person, including, without limitation, the parties to the Litigation, their counsel,

10 ~~the Court, the Clerk of the Court, court reporters,~~ or any employee or agent of any of the

11 foregoing, shall transcribe, copy, or disclose in any manner any information contained in or

12 related to the Confidential Records, except upon order of the Court or as necessary for the limited

13 purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation.

14 Subject to paragraphs 4 and 5 below, nothing in the preceding sentence is intended to prevent or

15 prohibit the use of information contained in the Confidential Records for the purpose of

16 interrogating witnesses at depositions or in the trial of the Litigation.

17    3.   If any of the Confidential Records or portions thereof are included in discovery

18 documents filed with the Clerk of the Court, or in the event any information contained in or

19 related to such Confidential Records is to be used in the trial of the Litigation, <u>upon order of the

20 court,</u> the Clerk of the Court shall keep such documents in a sealed envelope or in such other

21 manner as shall make the documents unavailable for public scrutiny.

22    4.   Any party offering any of the Confidential Records into evidence in the trial of the

23 Litigation, or in connection there with, shall offer only those pages or portions thereof that are

24 relevant and material to the issues in dispute, and shall block out any portion of any page that

25 contains information not relevant and material to such issues.  The name of any person or entity

26 contained on any page of the Confidential Records who is not a party to the Litigation, or whose

27 name is not otherwise relevant and material to the issues in dispute, shall be blocked out prior to

28 the admission of such page into evidence.  If there is disagreement between the parties to the

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER RE: PRODUCTION OF DOCUMENTS
BY NON-PARTY FDIC

1   Litigation regarding what page or portion of any page of the Confidential Records should be

2   blocked out in the manner described in this paragraph, the Court shall make this determination

3   after an *in camera* review of the Confidential Records in question.

4       5.   If any portion of the Confidential Records is used for any purpose in the Litigation,

5   including without limitation, use in any deposition, hearing, trial, or appeal, such portion of the

6   Confidential Records shall be sealed against any disclosure inconsistent with the terms and

7   conditions of this Protective Order and pursuant to court rules, and any briefs, transcripts or other

8   writing quoting or referring to any statement contained in such portion of the Confidential

9   Records shall also be sealed against any such disclosure as the court orders.

10      6.   At the conclusion of the Litigation (including any appeal), all Confidential Records in

11  the possession or control of any person granted access to the Confidential Records under this

12  Protective Order, including all copies, extracts and summaries thereof, shall forthwith be returned

13  to the Deputy Regional Counsel, FDIC Legal Division, at 25 Jessie Street, Suite 1400, San

14  Francisco, CA 94105, or shall be otherwise disposed of as directed by the Assistant General

15  Counsel or his designee.

16      7.   Any person granted access under this Stipulation and Protective Order to any of the

17  Confidential Records, or to information contained therein or related thereto, who uses such

18  Confidential Records or such information for any purpose other than the preparation, discovery in

19  connection with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of

20  this Protective Order, shall be subject to sanctioning by the Court.

21      8.   The term and conditions of this Stipulation and Protective Order apply to any

22  subsequent or supplemental process that may be issued and served on the FDIC in connection

23  with the Litigation.

24      9.   The Confidential Testimony and Confidential Records shall include all records or

25  testimony identified in any amendments or modifications of Exhibit A.  Any such amendment or

26  modification shall be effective, without need for approval by the Court or the parties to the

27  Litigation, upon notice by the FDIC to the parties.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER RE: PRODUCTION OF DOCUMENTS
BY NON-PARTY FDIC

10. Disclosure of the Confidential Records under the terms and conditions of this Stipulation and Protective Order shall not constitute a waiver of any privileges or confidentiality with respect to such Confidential Records.

11. All parties, by and through their respective counsel, agree and stipulate that no privilege log shall be required of nor produced by the FDIC in any manner in this case pursuant to 12 C.F.R. § 309.7(c). This agreement and stipulation is required due to the FDIC's compelling interest avoiding undue burden on FDIC resources.

Wherefore, this Stipulated Protective Order Re: Production of Documents by Non-Party Federal Deposit Insurance Corporation is hereby entered into on August 24, 2015.

IT IS SO ORDERED

DATED: August 27, 2015

_____
UNITED STATES DISTRICT JUDGE

<u>Protective Order</u>
<u>Exhibit A</u>

### CONFIDENTIAL RECORDS

Subject to the terms and conditions of the Stipulation and Protective Order, disclosure of the privileged and confidential FDIC records listed or described below (Confidential Records) is hereby authorized under 12 C.F.R. § 309.6(b)(8)(ii).

46912-0000
CH2\17032522.3