UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BUTTE COMMUNITY BANK, | No. 2:13-cv-01710-KJM-EFB |
| Plaintiff, | ORDER |
| v. | |
| ROBERT CHING, EUGENE EVEN, DONALD LEFORCE, ELLIS MATTHEWS, LUTHER McLAUGHLIN, ROBERT MORGAN, JAMES RICKARDS, GARY STRAUSS, HUBERT TOWNSHEND, JOHN COGER AND KEITH ROBBINS, | |
| Defendants. | |

        The Federal Deposit Insurance Corporation (FDIC), acting as receiver for Butte Community Bank (the Bank), applies ex parte to extend the discovery deadline. The defendants, former directors of the Bank, oppose the request. For the following reasons, the application is GRANTED.

I.     BACKGROUND

        The FDIC claims the defendant directors transferred several million dollars from the Bank to its corporate parent, and then to themselves. *See generally* Compl., ECF No. 1.

1

These payments allegedly triggered the Bank's failure and receivership. *See id.* ¶¶ 2, 69. The FDIC's complaint was filed in this court in August 2013, the defendants answered, and the court held a status (pretrial scheduling) conference the next January. Minutes, ECF No. 12.

In February 2014, the court issued a scheduling order, which provided that all discovery was to be completed by January 12, 2015, ECF No. 13; this date was later extended to September 11, 2015 by the parties' stipulation, *see* Minute Order, ECF Nos. 42, 74. The scheduling order clarified:

> In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. . . . In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, even in connection with a discovery matter.

Sched. Order at 2. The order also reminded the parties "that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause." *Id.* at 9.

On September 21, 2015, the FDIC filed the pending ex parte request to extend the discovery deadline. ECF No. 103. It requests additional time to contest the defendants' responses to several recent discovery requests. *See id.* at 2–3. Each request was timely in that the deadline for a response fell before the current discovery deadline, but the deadline allowed no time for the FDIC to contest the defendants' responses. *See id.* The FDIC explains its timing by referring to the defendants' "newly fabricated position" during depositions that "the $8.8 million transfer was not a dividend at all," but "a transfer that was not controlled by the Bank's written restrictions on dividends." *Id.* at 3; Heftman Decl. ¶ 8, ECF No. 103-1. These depositions were taken in July 2015. *See* Hughes Decl. ¶ 5, ECF No. 104-1. The FDIC proposes accelerated litigation of the discovery dispute to avoid alteration of the balance of the pretrial schedule. *See* Proposed Order, ECF No. 103-6.

The defendants oppose the request and cite the pretrial scheduling order. Opp'n 1, ECF No. 104 ("The FDIC[ ] waited until the last possible opportunity for timely service of written discovery, but far too late to allow for that discovery to be completed should defendants have any objections, which they did." (emphasis omitted)).

## II.     LEGAL STANDARD

A pretrial scheduling order may be modified if a party, despite its diligence, cannot reasonably be expected to meet the order's deadlines. *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992). When a party requests changes to the scheduling order, the court's inquiry focuses on that party's honest attempt to comply; she must demonstrate her "diligence." *See, e.g., id.*; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999). Motions are more often granted when the opposing party's actions caused delay or when the delay is due to an outside intervening cause. *See, e.g.*, *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-02585, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)) ("[P]laintiff has pursued discovery diligently. It is defendant's dawdling, not plaintiff's, that caused [the delay]." (citations omitted)); *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008) (granting a motion to modify the scheduling order after a deposition revealed new information and new case law was issued).

Prejudice to another party may reinforce the court's decision to deny leave to amend, but Rule 16's standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.3d at 609. The court's decision is one of discretion. *Id.* at 607.

## III.    DISCUSSION

The pretrial scheduling order cautions that "discovery shall have been conducted so that . . . any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." Sched. Order at 2. By serving late-stage discovery requests, the FDIC ran the risk it would be unable to contest the defendants' responses. *Truong v. Sacramento Cnty. Sheriff Dep't*, No. 10-00506, 2012 WL 5707228, at *3 (E.D. Cal. Nov. 15, 2012). The defendants' purported about-face *vis-à-vis* "dividends," if truly a sea change, would have prompted an ideally diligent litigant to request

3

1  additional time. The court must as a general rule enforce pretrial deadlines or risk the loss of its
2  orders' credibility. *See, e.g.*, *Singh v. Arrow Truck Sales, Inc.*, No. 05-2564, 2006 WL 1867540,
3  at *2 (E.D. Cal. July 5, 2006) (quoting *Legault v. Zambrano*, 105 F.3d 24, 28–29 (1st Cir. 1997)).
4         That said, the defendants bear an obligation of good faith in discovery: "Callous
5  disregard of discovery responsibilities cannot be condoned." *Asea, Inc. v. S. Pac. Transp. Co.*,
6  669 F.2d 1242, 1246 (9th Cir. 1981); *Thomas v. Heberling*, No. 12-01248, 2015 WL 2358891, at
7  *1 (E.D. Cal. May 15, 2015). A few examples of the defendants' responses illustrate their
8  general nature.
9         The FDIC requested the defendants admit that "[f]rom January 1, 2005, to August
10  20, 2010, Butte Community Bank was wholly owned by Community Valley Bancorp." Heftman
11  Decl. Ex. A, at 3, ECF No. 103-2. It may be expected, given the defendants' previous assertion
12  that Community Valley Bancorp was the Butte Community Bank's only shareholder, this would
13  have proven a straightforward request. *See, e.g.*, Mot. Summ. J. 2, ECF No. 45-1. But the
14  defendants responded to the request for admission as follows:

> In addition to the foregoing General Objections which are incorporated by reference as if fully set forth herein, Responding Party objects to this request on the grounds and to the extent that it is vague and ambiguous; and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19  Heftman Decl. Ex. A at 3.
20         The FDIC requested the defendants admit that "[f]rom January 1, 2006, to January
21  1, 2009, the directors of Community Valley Bancorp were identical to the directors of Butte
22  Community Bank." *Id.* at 4. The defendants previously have represented that "[t]he Bank's lone
23  stockholder was managed by the same individuals who proposed and approved the Dividend at
24  the Bank level." Mot. Summ. J. 10 n.8. But the defendants responded to this request for
25  admission as follows:

> In addition to the foregoing General Objections which are incorporated by reference as if fully set forth herein, Responding Party objects to this request on the grounds and to the extent that it is vague and ambiguous; and seeks information neither relevant nor

4

> reasonably calculated to lead to the discovery of admissible evidence.

Heftman Decl. Ex. A at 3. An identical, wholly non-responsive response also follows more than ten other requests for admission in the same document. *See generally id.*

In an interrogatory, the FDIC requested the defendants "[s]tate all facts that you contend support your Fourth Affirmative Defense of laches." Heftman Decl. Ex. B, at 2, ECF No. 103-3. The defendants responded as follows:

> Responding Party objects to this request on the grounds and to the extent that it is vague and ambiguous, and overbroad and unduly burdensome to the extent this interrogatory purports to require Responding Party to state "all" facts that he contends supports the referenced affirmative defense.

*Id.* The same objection follows nine of the total fourteen interrogatories in the set. *See generally id.*

The FDIC asserts the defendants answered none of its recent requests, and the defendants do not disagree. Their responses indeed suggest they "made the strategic decision to ignore their discovery obligations . . . because they believed that the FDIC[ ] would not have a remedy in light of the impending close of fact discovery." Ex Parte App. at 5. To rebuff this argument, the defendants assert only that their objections were not completely identical and were made in good faith. *See* Kim Decl. ¶ 5 ("I on behalf of Defendants did not apply the same set of boilerplate objections indiscriminately to every single one of the 680 requests propounded by the FDIC[ ] but instead in good faith set forth objections that were specifically tailored to each request."). A review of the examples above is not consistent with the characterization of specific tailoring.

The FDIC's timing would normally prevent any discovery litigation of the parties' dispute. By requesting discovery such that responses were due just before fact discovery closed, the FDIC risked losing the opportunity to litigate good faith discovery disputes, as specified in the court's pretrial scheduling order. But the FDIC was entitled to the assumption the defendants would respond in good faith. Were the court to endorse the defendants' argument in opposition to the FDIC's, it would be turning the definition of good faith on its head.

IV.     CONCLUSION

The court must control its docket and avoid delays. Federal Rule of Civil Procedure 16 is an essential tool to that end. *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). If litigants are to take a court's deadlines seriously, they must be enforced, though not mindlessly. *See id.*; *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Discovery is reopened to allow the FDIC to contest the defendants' responses to the discovery requests specified in the FDIC's ex parte application and for no other purpose. Accordingly, the case schedule is modified as follows:

(1)     Discovery shall be completed by **November 13, 2015**;

(2)     Expert witness disclosures shall be made by **November 27, 2015**;

(3)     Any supplemental expert disclosures shall be made by **December 11, 2015**;

(4)     Expert discovery shall be completed by **January 1, 2016**;

(5)     Dispositive motions shall be heard no later than **February 19, 2016**;

(6)     A joint pretrial conference statement shall be filed by **April 29, 2016**;

(7)     The final pretrial conference is RESET for **May 20, 2016** at 3:30 p.m.;

(8)     Trial briefs shall be filed by **June 13, 2016**; and

(9)     The jury trial is RESET for **June 20, 2016** at 9:00 a.m. in Courtroom 3, 15th floor.

The parties are referred again to the terms of the court's pretrial scheduling order, which apply equally to the dates above.

IT IS SO ORDERED.

DATED: October 1, 2015.

_____
UNITED STATES DISTRICT JUDGE