UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR BUTTE COMMUNITY BANK, | No. 2:13-cv-01710-KJM-EFB |
| Plaintiff, | ORDER |
| v. | |
| ROBERT CHING, et al., | |
| Defendant. | |

        The defendants, several former directors of Butte Community Bank (the Bank), request clarification and reconsideration of this court's previous order, which denied their motion for summary judgment. *See* Mot. Recons., ECF No. 94; Order July 27, 2015, ECF No. 86. The matter was submitted without a hearing. For the following reasons, the motion is DENIED.

I.    CLARIFICATION

        The defendants previously moved for summary judgment that "neither the Bank nor its stockholder had standing to bring these dividend claims and consequently, the FDIC-R cannot purport to bring the claims 'in the shoes' of the Bank or its stockholder." Mot. Summ. J., ECF No. 45. In support of this motion, the defendants argued the FDIC-R cannot bring its claims in the shoes of the Bank's depositors, because the directors owed depositors no duties under

1

California Corporations Code section 309.  Mem. 12–13, ECF No. 45-1.  The court denied the motion because it found the FDIC had standing under section 309.  Order July 27, 2015, at 9–10.  The court reasoned that because "the shareholders and corporation would have standing under California law," the FDIC-R would as well, as it "succeeds to all the rights of the Bank and stockholders." *Id.* at 10.  The court did not reach the question of the FDIC-R's standing with respect to the Banks' depositors; whether or not the FDIC-R could have maintained this action in the depositors' stead, it may maintain its claims under section 309 as successor to the claims of the Bank and its shareholders.

Here, the defendants seek clarificathe that the FDIC-R would lack standing under section 309 were it to stand solely in the shoes of the Bank's depositors.  They request this clarification "because it would serve to narrow the case." Mem. P. & A. at 1.  As the FDIC-R's standing under section 309 is established, the court disagrees that the requested additional finding would meaningfully narrow any dispute.  The motion for clarification is denied.

II.     RECONSIDERATION

The defendants request reconsideration of this court's previous conclusion that "[a] director may be negligent and therefore liable under section 309, even if she complied with the specific statutes defining impermissible dividends and therefore is not liable under [California Corporations Code] section 316."  Order July 27, 2015, at 12.  They argue this interpretation is incorrect, because whether or not a dividend complies with the specific statutes governing dividends, imposing liability under section 309 would run contrary to the California legislature's intent.  *See* Mem. P. & A. at 1–5.

A district court may reconsider a prior interlocutory order: "the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 54(b).  But "as a rule courts should be loathe [sic] to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a

manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).  As a general matter, courts often deny requests for reconsideration based on arguments that should have been raised before the challenged order was issued.  *See, e.g.*, *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995); *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1257 (C.D. Cal. 2007)).  The Local Rules of this District also impose specific requirements on motions for reconsideration, including that the moving party identify any "new or different facts or circumstances that are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j).

Here, the defendants have not identified any "new or different facts or circumstances," but argue the court's previous decision is incorrect as a matter of law.  They advance many of the same arguments raised in previous motions or variations of those arguments. *See generally* Mot. Summ. J., ECF No. 19; Reply Summ J., ECF No. 27; Mot. Summ. J., ECF No. 45; Reply Summ. J., ECF No. 66; Mem. P. & A. Recons, ECF No. 94-1; Reply Recons., ECF No. 108.  The court previously has recognized the same similarity across filings.  *See* Order Aug. 27, 2015, at 10 (*comparing* Mot. Summ. J. 1, ECF No. 19 *with* Mot. Summ. J. 1, ECF No. 45).  The paragraphs the defendants now challenge were also addressed in the alternative and as an additional reason for denial of summary judgment.  *See* Order Aug. 27, 2015, at 10–12.  The court declines to reconsider yet again.

III.     CONCLUSION

The motion is DENIED.  This order resolves ECF No. 94.

IT IS SO ORDERED.

DATED: December 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

3