UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHING, et al.,<br><br>Defendants. | No. 2:13-cv-01710-KJM-EFB<br><br>ORDER |

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978).  While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court dockets from becoming "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing."  *Id.* at 598.  As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with

1

1  secrecy allowed for good reasons.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135
2  (9th Cir. 2003).  "Those who seek to maintain the secrecy of documents attached to dispositive
3  motions must meet the high threshold of showing that 'compelling reasons' support secrecy."
4  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*,
5  331 F.3d at 1136).  The compelling-reasons standard applies even if contents of the dispositive
6  motion or its attachments have previously been filed under seal or are covered by a generalized
7  protective order, including a discovery phase protective order.  *See Foltz*, 331 F.3d at 1136.

8        The Eastern District of California has adopted rules to clarify procedures for
9  parties' compliance with the law reviewed above.  Local Rule 141 provides that documents may
10 be sealed only by a written order of the court after a particularized request to seal has been made.
11 E.D. Cal. L.R. 141(a).  A mere request to seal is not enough under the local rules.  Local Rule
12 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or
13 other authority for sealing, the requested duration, the identity, by name or category, of persons to
14 be permitted access to the document, and all relevant information."  The court's own Standing
15 Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No.
16 13 at 5, emphasize the requirement that parties comply with the law and the rules in making any
17 sealing request, which they should do lightly and only rarely if at all.  While the court should not
18 have to remind a party of the court's orders setting out essential ground rules of a case, or set
19 forth its local rules in such detail, or review the controlling authority from which the rules derive,
20 it does so here in light of the completely unjustified request to seal presented by FDIC-R.

21       Specifically, FDIC-R has requested certain documents be sealed in connection
22 with its dispositive motion for summary judgment, to which the compelling-reasons
23 unquestionably standard applies.  *See* Notice of Request to Seal, ECF No. 122; Mot. Summ. J.,
24 ECF No. 124.  FDIC-R, however, has provided no reasons to seal that satisfy the law or the local
25 rules.  All FDIC-R says is that (1) its request is made in compliance with a previously filed
26 protective order; (2) that the documents in question are "confidential by the FDIC as a matter of
27 policy"; and (3) under 12 C.F.R. § 309.6, certain documents shall not be publicly disclosed,
28 subject to several exceptions the FDIC-R does not identify.

The request to seal is DENIED.  If FDIC-R again files such an unsupported request to seal, the court cautions it will be required to show cause why it should not be subject to monetary sanctions.

IT IS SO ORDERED.

DATED:  February 2, 2016.

_____
UNITED STATES DISTRICT JUDGE

3