1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
12

BUTTE COMMUNITY BANK,

No.  2:13-cv-01710-KJM-EFB

13

Plaintiff,

ORDER

14

v.

15

ROBERT CHING, et al.,

16

Defendant.

17

18

19

        The defendants, several former officers and directors of Butte Community Bank

20

(the Bank), move to amend their answer to the complaint.  The plaintiff, the Federal Deposit

21

Insurance Corporation (FDIC), acting as receiver for the Bank, opposes the motion.  After

22

reviewing the parties' briefing, the court found the matter appropriate to resolve without a

23

hearing.  The motion is denied.

24

I.        BACKGROUND

25

        The FDIC claims the defendant directors transferred several million dollars from

26

the Bank to its corporate parent, and then to themselves.  *See generally* Compl., ECF No. 1.

27

These payments allegedly triggered the Bank's failure.  *See id.* ¶¶ 2, 69.  The FDIC's complaint

28

was filed in this court in August 2013.  It alleged four claims: negligence, gross negligence under

1

1    12 U.S.C. § 1821(k), gross negligence under California Corporations Code section 309, and

2    breach of fiduciary duties.  *See generally id.*  The directors answered and asserted several

3    affirmative defenses: failure to state a claim, estoppel, waiver, laches, unclean hands, the statute

4    of limitations, accord and satisfaction, release, failure to mitigate damages, the FDIC's lack of

5    legal capacity, contributory or comparative negligence, offset, preemption, supervening

6    causation, unjust enrichment, the business judgment rule, and compliance with all requirements

7    the law imposes.  Answer 9–11, ECF No. 7.

8              The court held a status (pretrial scheduling) conference in January 2014.  Minutes,

9    ECF No. 12.  In February 2014, the court issued a scheduling order, which provided that all

10   discovery was to be completed by January 12, 2015, ECF No. 13; this date was later extended to

11   September 11, 2015 by the parties' stipulation, *see* Minute Order, ECF Nos. 42, 74, and in

12   October of last year, the court granted the FDIC's *ex parte* application for a limited extension of

13   the discovery deadline, Order Oct. 2, 2015, ECF No. 105.  The scheduling order provided that no

14   amendments to the pleadings were anticipated and that amendments would not be permitted

15   except with the court's permission after a showing of good cause.  *See* Sched. Order at 2 (citing

16   Fed. R. Civ. P. 16(b) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)).

17             Soon after the scheduling order was issued, the directors moved for summary

18   judgment, arguing in broad strokes that the FDIC's claims were preempted by statute.  ECF

19   No. 19.  The court granted summary judgment on two of the FDIC's claims—common law

20   negligence and breach of fiduciary duties—finding these claims were preempted by California

21   Corporations Code section 309, which had essentially codified the FDIC's preexisting common

22   law claims. ECF No. 40.  The directors again moved for summary judgment in February 2015,

23   arguing as in their previous motion that the FDIC could not pursue its claims in light of a more

24   specific statutory regime.  ECF No. 45.  This motion was denied, ECF No. 86, as was the

25   directors' motion for reconsideration, ECF No. 117.

26             In February of this year, the FDIC moved for summary judgment on all of the

27   directors' affirmative defenses but one, under the business judgment rule.  ECF No. 124.  That

28   motion was briefed, argued, and submitted by late February 2016.  Minutes, ECF No. 135.  It

2

1   remains pending with an order to issue soon.  A final pretrial conference is set for May 18, 2016,

2   and a jury trial currently scheduled for June 20, 2016.

3          The directors' current motion for leave to amend their answer was filed on March

4   25, 2016.  ECF No. 135.  They request leave to add one additional affirmative defense: "The

5   FDIC-R's claims are barred on the grounds, and to the extent, that the Articles of Incorporation of

6   Butte Community Bank eliminate or limit the liability of the Defendants for monetary damages."

7   *See* Mot. Am. Answer Ex. 1, at 11, ECF No. 135.  The FDIC opposed the motion, ECF No. 137,

8   and the directors replied, ECF No. 138.

9   II.     LEGAL STANDARD

10         As an initial matter, the directors' motion can only be considered if the scheduling

11  order is first modified.  *See* Status (Pretrial Scheduling) Order 2, ECF No. 13 ("No further joinder

12  of parties or amendments to the pleadings is permitted without leave of court, good cause having

13  been shown." (citing *Johnson*, 975 F.2d at 609)).  The court disagrees with the directors that the

14  word "pleadings" excludes their answer.  *See, e.g.*, Fed. R. Civ. P. 7(a)(2) ("Only these pleadings

15  are allowed: . . . an answer to a complaint . . . .");  Black's Law Dictionary 1270 (9th ed. 2009)

16  ("In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's

17  answer.").  The court therefore interprets their motion as an implicit request to both modify the

18  court's scheduling order and for leave to amend their answer.  *See, e.g.*, *Johnson*, 975 F.2d at

19  608–09; *Lara v. Sutter Davis Hosp.*, No. 12–2407, 2014 WL 28817, at *1 n.1 (E.D. Cal. Jan. 2,

20  2014).

21         Under Federal Rule of Civil Procedure 16, a pretrial scheduling order may be

22  modified if a party, despite its diligence, cannot reasonably be expected to meet the order's

23  deadlines.  *Johnson*, 975 F.2d at 609.  When a party requests changes to the scheduling order, the

24  court's inquiry focuses on that party's honest attempt to comply; she must demonstrate her

25  "diligence."  *See, e.g.*, *id.*; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607–08 (E.D. Cal. 1999).

26  Motions are more often granted when the opposing party's actions caused delay or when the need

27  to amend arises from some unexpected or outside source.  *See, e.g.*, *Hood v. Hartford Life and*

28  *Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008).  Prejudice to another party may

1  reinforce a decision to deny a motion, but whether a scheduling order will be amended "primarily

2  considers the diligence of the party seeking the amendment." *Johnson*, 975 F.3d at 609.  The

3  court's decision is one of discretion.  *Id.* at 607.

4  III.    <u>DISCUSSION</u>

5            Here, the directors waited more than two years to assert an affirmative defense

6  based on the Bank's articles of incorporation.  Their original answer was filed in November 2013.

7  The discovery cut-off date and the deadline for the hearing of dispositive motions have passed,

8  and a trial is set to begin in a few months.

9            The directors explain their delay by first noting their understanding that an

10  affirmative defense based on the Bank's articles of incorporation could apply only to a simple

11  negligence claim.  Mot. Am. Answer at 8.  They point out that after the court granted their

12  original motion for summary judgment in part, only two claims remained: the second and the

13  fourth, both for "gross negligence."  *See* Order July 8, 2014, at 10 (granting summary judgment

14  on claims one and four, negligence and breach of fiduciary duties).  The directors also cite

15  confusion and negotiation between the FDIC and themselves concerning the effect of the court's

16  previous orders and whether a simple negligence claim had survived summary judgment.  *See*

17  Mot. Am. Answer at 4–5; Hughes Decl. ¶¶ 8–19, ECF No. 135-1.

18            The FDIC's original complaint included a claim for simple negligence, and the

19  directors' original answer responded to that complaint, not the FDIC's post-summary-judgment

20  complaint.  The directors claim they were unaware at the time that the Bank's articles of

21  incorporation included provisions limiting their liability.  *See* Reply at 4–5.  They explain that the

22  articles of incorporation were filed more than twenty years before this lawsuit began, and given

23  their lack of legal training, their ignorance should be excusable.  *See id.*  They also note that when

24  the FDIC closed the Bank in 2010, it seized all the Bank's files.  *Id.*

25            If anyone, a corporation's officers and directors may be expected to have

26  familiarity with the articles of incorporation, even articles adopted some time ago.  Here, the

27  articles are only two pages long, and the passage in question is printed clearly on the first page in

28  ordinary-sized text.  *See* Hughes Decl. Ex. A, at 2–3, ECF No. 135-1.  It is written in relatively

4

1   simple language.  *See id.* at 1 ("The liability of the directors of the corporation for monetary

2   damages shall be eliminated to the fullest extent permissible under California law.").

3              Moreover, the directors have been represented by counsel including at the time

4   they filed their answer.  Counsel may reasonably be expected to have sought out and obtained

5   copies of the articles of incorporation much earlier in this case.  Because the Bank is a California

6   corporation, *see* Compl. ¶ 21; Answer ¶ 12, its articles of incorporation are public records

7   maintained by the California Secretary of State.  The public-record content of a corporation's

8   articles of incorporation is so indisputable as to be subject to judicial notice.  *See, e.g.*, *Rhodes v.*

9   *Sutter Health*, No. 12-0013, 2012 WL 662462, at *3 (E.D. Cal. Feb. 28, 2012).

10             Because the directors have not shown they were unable to comply with the court's

11  scheduling order despite their diligence, their motion is denied.  The court's decision is bolstered

12  by the late stage of this litigation.

13  IV.    <u>CONCLUSION</u>

14             The motion is DENIED.  This order resolves ECF No. 135.

15             IT IS SO ORDERED.

16   DATED:  May 3, 2016.

17

18  _____

19  UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

5