UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CHING, et al, <br><br> Defendants. | No. 2:13-cv-01710-KJM-EFB <br><br> ORDER |

    The Federal Deposit Insurance Corporation as receiver for Butte Community Bank (FDIC-R) has moved to seal the Federal Deposit Insurance Corporation's ("FDIC") 2008 Report of Examination of Butte Community Bank (the "Bank") in connection with Defendants' opposition to Plaintiff's Motion for Partial Summary Judgment as to Defendants' Affirmative Defenses. Notice of Request to Seal, ECF No. 127.

    There is a presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[I]f the court decides to seal certain judicial records [after conscientiously balancing the competing

1

interests of the public and the party who seeks to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978)).

In support of its request, FDIC-R cites to 12 CFR § 309.1 *et seq.*, as providing in essence that the 2008 Report of Examination be sealed unless and until the FDIC provides authorization for public disclosure. Notice of Request to Seal at 3. In further support of this request, FDIC-R cites to *F.D.I.C. v. Jones*, 2015 WL 4275961, *2 (D. Nev. July 14, 2015), which granted a motion to reconsider an order unsealing exempt records because the FDIC had not granted consent for public disclosure. Finally, and as noted in a prior request to seal approved by the court, ECF No. 15, FDIC-R also cites to 12 C.F.R. § 309.6(a), which prohibits the disclosure of the records covered by the request to anyone other than officers, directors, employees or agents of the corporation who need such records to perform their official duties.

Because of these statutes, and in light of the nature of the documents, the court finds compelling reasons to seal the documents as requested.

For the forgoing reasons, plaintiff's request to seal is GRANTED.

This order resolves ECF No. 127.

IT IS SO ORDERED.

DATED: May 4, 2016.

_____
UNITED STATES DISTRICT JUDGE