1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   FEDERAL DEPOSIT INSURANCE               No. 2:13-cv-01710-KJM-EFB
     CORPORATION AS RECEIVER FOR
12   BUTTE COMMUNITY BANK,

13               Plaintiff,                  FINAL PRETRIAL ORDER

14        v.

15   ROBERT CHING, et al.

16               Defendants.

17

18               On June 3, 2016, the court held a final pretrial conference.  Jean-Paul Cart

19   appeared for the Federal Deposit Insurance Corporation (FDIC-R), acting as receiver for Butte

20   Community Bank (the Bank).  Kevin Hughes appeared for the defendants, Robert Ching, Eugene

21   Even, Donald LeForce, Luther McLaughlin, Robert Morgan, James Richards, Gary Strauss,

22   Hubert Townsend, John Coger, and Keith Robbins.  The court now makes the following findings

23   and orders:

24                          JURISDICTION AND VENUE

25               Jurisdiction is predicated on 12 U.S.C. § 18, *et seq.*, 12 U.S.C. § 1819(b)(1) and

26   (2), and 28 U.S.C. §§ 1331, 1345, and 1367.  Jurisdiction and venue are not contested.

27   /////

28   /////

1

<u>JURY</u>

Both parties demand a jury trial.  The jury will consist of eight jurors and two alternates.

<u>UNDISPUTED FACTS</u>

The following core facts are undisputed by the Parties:

1.      The Bank was incorporated under the laws of the State of California on May 11, 1990.

2.      At all times relevant to this action, the Bank was wholly owned by Community Valley Bancorp (the "Holding Company").

3.      At all times relevant to this action, Defendant John Coger was a member of the Bank's Board of Directors and the Bank's Chief Financial Officer.  Additionally, Coger was the Bank's President from April 17, 2007 until August 20, 2010.

4.      At all times relevant to this action, Coger was a member of the Holding Company's Board of Directors, and the Holding Company's Executive Vice President, Chief Financial Officer, and Chief Operating Officer.  Additionally, Coger was the Holding Company's President and Chief Executive Officer beginning in January 2010.

5.      At all times relevant to this action, Defendant Keith Robbins was a member of the Bank's Board of Directors.  Robbins was the President of the Bank until April 17, 2007 and the Bank's Chief Executive Officer until his retirement on December 31, 2009, and at all times prior that are relevant to this action.

6.      At all times relevant to this action, Robbins was a member of the Holding Company's Board of Directors.  Additionally, Robbins was the Holding Company's President and Chief Executive Officer until his retirement on December 31, 2009, and at all times prior that are relevant to this action.

7.      Defendant Robert Ching was a member of the Bank's Board of Directors and the Holding Company's Board of Directors until June 2010, and at all times prior that are relevant to this action.

/////

2

8.     At all times relevant to this action, Defendant Eugene Even was a member of the Bank's Board of Directors and the Holding Company's Board of Directors.

9.     At all times relevant to this action, Defendant Donald Leforce was a member and Chairman of both the Bank's Board of Directors and the Holding Company's Board of Directors.

10.     At all times relevant to this action, Defendant Luther McLaughlin was a member of the Bank's Board of Directors and the Holding Company's Board of Directors.

11.     At all times relevant to this action, Defendant Robert Morgan was a member of the Bank's Board of Directors and the Holding Company's Board of Directors.

12.     At all times relevant to this action, Defendant James Rickards was a member of the Bank's Board of Directors and the Holding Company's Board of Directors.

13.     Defendant Gary Strauss was a member of the Bank's Board of Directors and the Holding Company's Board of Directors until June 2010, and at all times prior that are relevant to this action.

14.     Defendant Hubert Townshend was a member of the Bank's Board of Directors and the Holding Company's Board of Directors until June 2010, and at all times prior that are relevant to this action.

15.     In February 2008, the Bank completed the sale of seven of its branch buildings and properties for approximately $15,300,000 and concurrently leased back the branch buildings by entering into long term leases with the purchaser (the "Sale-Leaseback").

16.     On March 13, 2008, the Holding Company publicly announced an offer to purchase up to 1,000,000 shares of Holding Company stock at $13.00 per share (the "Tender Offer").  The Tender Offer Statement the Holding Company filed with the Securities and Exchange Commission stated that several of its directors intended to participate in the Tender Offer and disclosed the number of shares those directors intended to tender.

17.     As of March 2008, the Holding Company held $4.2 million in cash that was later used to fund the Tender Offer in May 2008.  On May 5, 2008, the Bank transferred $8,800,000 to the Holding Company in order to fund the remainder of the Tender Offer.

/////

18.     On or about May 5, 2008, the Holding Company consummated the Tender Offer and distributed a total of $12,999,207 to shareholders who tendered and sold shares in the Tender Offer.  As the Tender Offer was oversubscribed, tendering shareholders were permitted to sell only their pro rata share of the 999,939 shares repurchased by the Holding Company.

19.     Directly or indirectly, ten of the Bank's thirteen directors participated in the Tender Offer.  Defendants McLaughlin and Rickards did not tender or sell any shares in the Tender Offer.  At the time of the Tender Offer, there were 7,662,715 shares of Holding Company common stock outstanding, of which, 2,120,164 shares were beneficially owned by the Bank's directors.

20.     Ching's medical practice 401k plan tendered 111,844 shares in the Tender Offer, and 70,889 of those shares were accepted for purchase by the Holding Company.  Ching's medical practice 401k plan received $921,557 in payment for those 70,889 shares.

21.     Coger tendered 45,000 shares in the Tender Offer, and sold 28,522 shares.  Coger received $370,786 in payment for those 28,522 shares.

22.     Even tendered 20,044 shares in the Tender Offer, and sold 12,704 shares.  Even received $165,152 in payment for those 12,704 shares.

23.     Leforce tendered 20,000 shares in the Tender Offer, and sold 12,676 shares. Leforce received $164,788 in payment for those 12,676 shares.

24.     Morgan tendered 73,916 shares in the Tender Offer, and sold 46,849 shares. Morgan received $609,037 in payment for those 46,849 shares.

25.     Robbins tendered 75,000 shares in the Tender Offer, and sold 47,537 shares. Robbins received $617,981 in payment for those 47,537 shares.

26.     Strauss tendered 45,000 shares in the Tender Offer, and sold 28,522 shares. Strauss received $370,786 in payment for those 28,522 shares.

27.     Townshend tendered 25,000 shares in the Tender Offer, and sold 15,845 shares. Townshend received $205,985 in payment for those 15,845 shares.

/////

/////

4

## DISPUTED FACTUAL ISSUES

The FDIC Lists the Following Disputed Factual Issues

1.      The defendants failed to exercise reasonable care by causing the Bank to issue an extraordinary $8,800,000 dividend in May 2008 (the "Dividend"), followed by additional dividends, at a time when the Bank's income was falling, its classified assets were increasing, it was excessively concentrated in commercial loans and the real estate market was deteriorating.

2.      The defendants engaged in an extreme departure from reasonable care by causing the Bank to issue the Dividend, followed by additional dividends, at a time when the Bank's income was falling, its classified assets were increasing, it was excessively concentrated in commercial loans and the real estate market was deteriorating.

3.      The defendants violated their duties of loyalty to the Bank when they caused the Bank to distribute the Dividend and any subsequent dividends.

4.      Each defendant was motivated by self-interest either by manipulating the price of his Holding Company stock or selling it at an above-market profit.

5.      The defendants failed to conduct adequate due diligence, analyze the financial implications of the Dividend, or obtain or review information provided by the Bank's outside advisors or consultants prior to causing the Dividend to be distributed.

6.      The Dividend violated the Bank's Capital, Earnings and Dividend Policy.

7.      The Dividend violated the Bank's Asset/Liability Management Policy.

8.      The Dividend violated the written agreement between the Bank and the Holding Company with respect to the distribution of dividends.

9.      At the time the Dividend was issued, the defendants knew, or should have known, that the Bank's financial condition had deteriorated and was facing a substantial risk of continuing financial decline.

10.      At the time the Dividend was issued, the defendants knew, or should have known, that there was a material downturn taking place in the national, state and local real estate markets and there was a real risk of an historic decline.

/////

11.     The defendants failed to follow proper internal procedures and industry custom in causing the payment of the Dividend.

12.     At the time the Dividend was issued, the defendants knew or should have known that the distribution of the Dividend would result in the Bank no longer being a well-capitalized bank in violation of Bank policy.

The Defendants List the Following Disputed Factual Issues

1.     The defendants exercised more than the "scant care" required in making the decision to approve the Dividend.

2.     The defendants exercised such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use in making the decision to approve the Dividend.

3.     The defendants engaged in adequate due diligence before deciding to approve the Dividend.

4.     The defendants acted in good faith in approving the Dividend.

5.     In approving the Dividend, the defendants acted in what they believed to be the best interests of the Bank.

6.     The defendants derived no benefit from the Dividend to the exclusion of other Holding Company shareholders.

7.     The Bank does not deserve to recover "compensation" for paying out a portion of its retained earnings to its sole shareholder.

8.     Neither the Bank nor its sole shareholder deserve "compensation" to replace the sum of money the Bank previously paid out to its sole shareholder.

9.     The Dividend did not cause the Bank to be inadequately capitalized.

10.     The Dividend complied with the income, retained earnings, balance sheet and liquidity requirements set forth in California Corporations Code Section 501 and California Financial Code Section 1132.

11.     The $4 million recovered by the Bank from the Holding Company on or about June 30, 2008 must be offset against any damages claimed by the Bank.

/////

6

12.     The $5.6 million net gain from the Sale-Leaseback must be offset against any damages claimed by the Bank.

13.     The sum total amount of the retirement benefits and deferred director compensation relinquished by the defendants must be offset against any damages claimed by the Bank.

14.     The Bank's retention of the benefit of the aforementioned $4 million recovery, $5.6 million net gain from the Sale-Leaseback, or relinquished retirement benefits and deferred director compensation would constitute a double recovery or unjust enrichment if the Bank and the Holding Company were to also recover the monetary relief the FDIC-R seeks in this action.

## SPECIAL FACTUAL INFORMATION

None applicable.

## DISPUTED EVIDENTIARY ISSUES AND MOTIONS *IN LIMINE*

The FDIC-R moves *in limine* to preclude the defendants from presenting evidence or argument referencing the following matters:

1.     Evidence about the "Great Recession."

2.     Evidence of reasons for failure of Bank and/or the decision to close the bank.

3.     Evidence regarding FDIC-R's marketing, negotiation, and sale of Bank assets to Rabobank or the consideration therefor (deposits at a premium).

4.     Evidence regarding number of FDIC receiverships after May 5, 2008 and any reference to other D&O lawsuits brought by FDIC.

5.     FDIC or state examination reports issued after May 5, 2008.

6.     Evidence of actions taken by Defendants after May 5, 2008 to allegedly remedy the financial problems of the Bank.

7.     Evidence of subsequent purchase of Holding Company stock after June 30, 2008.

8.     Documents not timely produced in discovery.

9.     Witnesses not timely identified in discovery.

10.     Evidence regarding any lost retirement benefits and deferred director compensation allegedly lost by the Defendants as a result of the failure of the Bank.

11.     Evidence regarding the financial condition of the Defendants after June 30, 2008 and how much money they lost from the failure of the Bank.

12.     Evidence of the FDIC-R's settlement with the Holding Company of tax claims.

13.     Evidence of the bankruptcy by Ellis Matthews.

14.     Opinions contained in the expert reports of Steven Clinton and Joe Hargett.

*     *     *

The defendants move *in limine* to preclude the FDIC from presenting evidence or argument referencing the following matters:

1.     The opinions contained in the expert reports of Christopher Thornberg, Charles D. Kenny and D. Paul Regan.

2.     Any item of damages other than those expressly identified by Susan Salerno, Plaintiff's designated 30(b)(6) witness on the subject of damages, in her September 3, 2015 deposition.

3.     Any risk of harm to or claim of harm suffered by (i) a creditor or depositor or former employee of the Bank, (ii) the FDIC in its corporate capacity, (iii) the FDIC as receiver; or (iv) the deposit insurance fund.

4.     Any claim for relief or for damages allegedly arising from a dividend other than the May 5, 2008 $8.8 million dividend identified in paragraph 4 of the Complaint.

5.     The closure of the Bank, the purported "failure" of the Bank, and any liabilities or losses ultimately incurred by the Bank subsequent to the time period relevant to this action.

6.     Inadmissible opinion testimony of witnesses who express lay opinions on matters they have not personally observed or expert opinions on matters for which they have neither been qualified or properly designated as an expert in this action, including such testimony of Richard Tuohey, Adam Keefer, Peter Buck, Murray Bodine, Gary Findley and Robert Hartline.

7.     The political cartoon depicting a lemonade stand in front of a house forwarded via email by Defendant Keith Robbins on or about May 6, 2008.

8.     Luther McLaughlin's October 11, 2009 email re Some Additional Thoughts.

/////

8

9.     How the FDIC-R might distribute any potential recovery of monetary relief in this action.

10.     Any facts or documents not timely produced in discovery.

11.     Any deposition testimony given outside the presence of Defendants or their counsel.

*     *     *

The court will make rulings on these motions on the first day of trial.  If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted).  In addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), are denied without prejudice.  Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited *voir dire* before such expert may be called to testify.

STIPULATIONS AND AGREED STATEMENTS

The Parties have not entered into any stipulations relevant at this time for pretrial or trial purposes.

The Parties do not believe that it would be feasible or advisable to present all or part of the action to the jury by way of an agreed statement of facts.

RELIEF SOUGHT

The FDIC-R claims $10,915,786.61 in damages, plus applicable pre-judgment interest.  This figure is comprised of the $8,800,000 the Bank transferred to the Holding Company on May 5, 2008, and $2,115,788.61 in subsequent transfers in 2008 and 2009.

/////

/////

/////

9

POINTS OF LAW

 The parties have provided the following summary points of law.  Trial briefs of no more than ten pages addressing these points more completely shall be filed with this court no later than **seven days prior to the date of trial** in accordance with Local Rule 285.

The FDIC-R's Points of Law

 In its Complaint for Negligence, Gross Negligence, Breach of Fiduciary Duties, Plaintiff pled four claims for relief: (1) common law negligence; (2) violation of 12 U.S.C. § 1821(k); (3) violation of Cal. Corp Code § 309; and (4) common law breach of fiduciary duties. (Dkt. No. 1.)  The Court dismissed Plaintiff's common law claims in its July 8, 2014 Order granting in part and denying in part Defendants' first motion for summary judgment, finding that such claims are "preempted by statute and must be brought under the applicable statute."  (Dkt. No. 40 at 7:19-21.)

 Plaintiff intends to set forth the full factual and legal basis for its claims in its forthcoming trial brief; however, Plaintiff's claims are based on allegations that Defendants caused the Bank to issue an extraordinary $8.8 million dividend, and subsequent dividend that substantially benefited each of the Defendants in violation of Bank policies and without considering their impact on the safety and soundness of the institution at a time when the Defendants recognized that Bank had declining income, overwhelmingly excessive loan concentration, increasing classified loans and was operating in a turbulent and uncertain economic environment.

  *1. Cal. Corp. Code § 309*

 In its July 8, 2014 Order, the Court denied summary judgment on Plaintiff's claim under California Corporations Code section 309 claim and held that the statute "codif[ies] common law principles . . . [and] provides a statutory basis for preexisting common-law liability."  Order July 7, 2014, at 9–10, ECF No. 40.  The Court later reaffirmed this holding in its July 27, 2015 Order denying Defendants' second motion for summary judgment.  *See* Order July 27, 2015, at 12, ECF No. 86.  Accordingly, Plaintiff's cause of action under California Corporations Code section 309 encompasses claims for negligence, gross negligence (to the

extent necessary to defeat certain of Defendants' affirmative defenses), and breach of the fiduciary duty of loyalty.

- To state a claim for negligence, Plaintiff must prove that: (1) Defendants were negligent; (2) Plaintiff was harmed; and (3) Defendants' negligence was a substantial factor in causing Plaintiff's harm.  *See* Judicial Counsel of California, Civil Jury Instructions (Spring 2016) ("CACI") No. 400.  Negligence under California Corporations Code section 309 is determined based on an "ordinarily prudent person" standard.  *See* Order July 7, 2014, at 8; Order July 27, 2015, at 12; Cal. Corp. Code §309(a); *Lehman v. Superior Court*, 145 Cal. App. 4th 109, 120 (2006); *F.D.I.C. v. Castetter*, 184 F.3d 1040, 1044 (9th Cir. 1999).

- To state a claim for gross negligence, Plaintiff must prove that: (1) Defendants were grossly negligent; (2) Plaintiff was harmed; and (3) Defendants' gross negligence was a substantial factor in causing Plaintiff's harm.  *See* CACI Nos. 400, 425.  Gross negligence is a "lack of any care or an extreme departure from what a reasonably careful person would do in the same situation."  CACI No. 425; *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 754 (2007).  The business judgment rule is not a defense to gross negligence.  *Katz v. Chevron Corp.*, 22 Cal. App. 4th 1352, 1366 (1994) ("Under the business judgment rule[,] director liability is predicated upon concepts of gross negligence.").

- To state a claim for breach of the fiduciary duty of loyalty, Plaintiff must prove that: (1) Defendants were officers and/or directors of the Bank; (2) Defendants acted against the Bank's interests; (3) the Bank did not give its informed consent to Defendants' conduct; (4) the Bank was harmed; and (5) Defendants' conduct was a substantial factor in causing the Bank's harm.  *See* CACI Nos. 4100, 4202; *Lehman*, 145 Cal. App. 4th at 121 (discussing fiduciary duties in the context of Cal. Corp. Code § 309); *Berg & Berg Enters., LLC v. Boyle*, 178 Cal. App. 4th 1020 (2009) (stating that Cal. Corp. Code § 309 reflects common law duties of honesty, loyalty and good faith).

1         *2.*       *12 U.S.C. § 1821(k)*

2         12 U.S.C. § 1821(k) sets a floor of gross negligence governing the conduct of

3 directors and officers, which applies only as a substitute in the event that there are more relaxed

4 state standards. *Atherton v. FDIC*, 519 U.S. 213, 227 (1997); *Castetter*, 184 F.3d at 1043. In its

5 July 8, 2014 Order, the Court found that California's "simple negligence standard is stricter than

6 the gross negligence floor stated in 12 U.S.C. § 1821(k)," and held that Plaintiff's 12 U.S.C.

7 § 1821(k) claim is "analyzed under the same standard as its claim under [California Corporations

8 Code section 309]." Order July 8, 2014, at 8. The Court reiterated this holding in its July 27,

9 2015 Order. Order July 27, 2015, at 12–13. Accordingly, Plaintiff's 12 U.S.C. § 1281(k) claim

10 encompasses the negligence and gross negligence claims described above with respect to

11 California Corporations Code section 309.

12         *3.*       *Business Judgment Rule*

13         Defendants intend to claim at trial that the business judgment rule provides a

14 complete defense to Plaintiff's claims. Under California's business judgment rule, a director

15 must act in good faith and upon reasonable inquiry in order to obtain the protection of this rule.

16 *See* Cal. Corp. Code § 309; *Berg & Berg*, 178 Cal. App. 4th at 1045. The business judgment rule

17 does not apply where there is a conflict of interest, fraud, oppression, corruption, or where a

18 director has failed to make a reasonable investigation or abdicated his or her responsibilities. *See*

19 Order July 27, 2015, at 7; *F.D.I.C. v. Faigin*, No. 12-3448, 2013 WL 3389490, at *5 (C.D. Cal.

20 Jul. 8, 2013) ("As a matter of policy a director with a personal interest in the transaction should

21 not benefit from the business judgment rule."); *F.D.I.C. v. Castetter*, 184 F.3d 1040 (9th Cir.

22 1999) (acknowledging reasonable investigation requirement); *Berg*, 178 Cal. App. 4th at 1045

23 (noting that the business judgment rule "does not shield actions taken without reasonable inquiry,

24 with improper motives, or as a result of a conflict of interest.") (citing *Everest Investors 8 v.*

25 *McNeil Partners,* 114 Cal. App. 4th 411 (2004)). It is also does not insulate the actions of bank

26 officers. *See FDIC v. Perry*, No. 11-5561, 2012 WL 589569, at *3. (C.D. Cal. Feb. 21, 2012)

27 ("California's statutory BJR does not extend its protection to corporate officers . . . .")

28 /////

1        *4.      Injury in Fact and Damages*

2                With regard to the issue of injury in fact, "[b]ecause all rights of the Bank and

3    other stakeholders are vested in the FDIC as receiver, injury to any of them constitutes injury to

4    the FDIC."  Order July 27, 2015, at 6 (citing 12 U.S.C. § 1821(d)(2)(A) and *Pareto v. FDIC*,

5    139 F.3d 696, 700 (9th Cir. 1998)).  This Court has ruled that Plaintiff's claims, if proven, are

6    sufficient to establish injury in fact.  *Id.* ("These transactions allegedly reduced the Bank's ability

7    to respond to financial distress, prevented it from meeting its financial obligations, and eventually

8    led to its failure.").  The FDIC-Receiver stands in the shoes of various stakeholders in the Bank,

9    including the Bank itself, that were harmed by Defendants' actions and can recover for damage to

10   the Bank.  *See* 12 U.S.C. § 1821(k); Order July 27, 2015, at 9–10.

11               Transactions motivated by director self-interest are also actionable for resulting

12   damages.  *See Faigin*, 2013 WL 3389490 at *13 (noting a transaction otherwise permissible

13   under applicable law may constitute corporate waste where motivated by a director's personal

14   stake in the transaction); *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 722 (Del. 1971) (applying

15   Delaware law) (recognizing that a dividend from a company to its corporate parent may call for

16   an accounting and damages if "the dividend payments resulted from improper motives and

17   amounted to waste"); *In re Se. Banking Corp.,* 855 F. Supp. 353, 358–59 (S.D. Fla. 1994)

18   (denying motion to dismiss despite technical compliance with dividend requirements, since

19   plaintiff alleged that dividends were not grounded in a reasonable business purpose, but rather

20   were issued for the improper purpose of concealing defendants' mismanagement of the bank.).

21   California law does not permit corporate directors to siphon money out of a corporation to

22   themselves.  *See* Order July 27, 2015, at 7 (citing *Kruss v. Booth*, 185 Cal. App. 4th 699, 714

23   (2010)).

24   The Defendants' Points of Law

25       *1.      The Business Judgment Rule Defense*

26               In performing the duties of a director, defendant shall be entitled to rely on

27   information, opinions, reports or statements, including financial statements and other financial

28   data, in each case prepared or presented by any of the following:  (a)  One or more officers or

13

1   employees of the Bank whom the defendant believes to be reliable and competent in the matters

2   presented.  (b)  Counsel, independent accountants or other persons as to matters which the

3   defendant believes to be within such person's professional or expert competence.  (c)  A

4   committee of the board upon which the defendant does not serve, as to matters within its

5   designated authority, which committee the defendant believes to merit confidence, so long as, in

6   any such case, the defendant acts in good faith, after reasonable inquiry when the need therefor is

7   indicated by the circumstances and without knowledge that would cause such reliance to be

8   unwarranted.

9               If the trier of fact finds that a defendant complied with the above and also

10  performed his duties to the Bank in good faith, in a manner the defendant believes to be in the

11  best interests of the Bank and its shareholder THE HOLDING COMPANY, and with such care,

12  including reasonable inquiry, as an ordinarily prudent person in a like position would use under

13  similar circumstances, then the defendant cannot be found liable.  Cal. Corp. Code Section

14  309(a), (b) and (c).

15              (a)  The phrase "under similar circumstances" is intended to make sure that the

16  director's performance is judged based on the circumstances at the time and not judged with the

17  benefit of hindsight.  Legislative Committee Comments to Cal. Corp. Code Section 309.

18              (b)  The business judgment rule is intended to protect a director from liability for a

19  "mistake in business judgment which is made in good faith and in what he or she believes to be

20  the best interest of the corporation, where no conflict of interest exists."  *Castetter*, 184 F.3d

21  at 1044.

22              (c)  "Under California law, a 'prima facie showing of good faith and reasonable

23  investigation is established when a majority of the board is comprised of outside directors and the

24  board' has received the advice of independent consultants."  *Id.* at 1045 (quoting *Katz v. Chevron

25  Corp.*, 22 Cal. App. 4th 1352 (1994)).

26              (d)  A director's personal interest in a corporate distribution to shareholders will

27  disqualify the director from the business judgment rule's protection *only if* the director derives

28  some benefit from the distribution *to the exclusion of other shareholders.  Rich v. Shrader*, 2010

14

1    WL 3717373, *7 (S.D. Cal. 2010); *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 720–21

2    (Del. 1971); *Metro. Cas. Ins. Co. v. First State Bank of Temple*, 54 S.W.2d 358, 360

3    (Tex. Civ. App. 1932), *rev'd. on other grounds*, 79 S.W.2d 835 (Tex. 1935).

4          *2.      Standard of Care*

5          (a)  A plaintiff may not use hindsight to substitute a new, more stringent standard

6    of care at trial to replace the standard of care known by defendant to be applicable to defendant's

7    conduct at the time of the alleged injury.  *N.N.V. v. Am. Ass'n of Blood Banks*, 75 Cal. App. 4th

8    1358, 1384–85 (1999).

9          (b)  "The circumstances to be considered in deciding defendant's negligence are

10   those which the evidence shows may reasonably be supposed to have been known to such person,

11   and to have influenced his mind and actions at the time. . . .  Negligence is not to be determined

12   by hindsight nor by what a party subsequently learns."  *Scarano v. Schnoor*, 158 Cal. App. 2d

13   612, 622 (1958).

14        *3.      Damages*

15        (a)  When a corporate payment of funds is sued upon as "excessive," the amount

16   of recoverable damages is limited to that portion of the distribution that is established to be

17   "excessive."  *See Rogers v. Hill*, 289 U.S. 582, 592 (1933) (in action by corporation's shareholder

18   against corporate president and vice presidents for excessive compensation, Supreme Court

19   directed district court to determine to what extent payments constituted misuse of corporate

20   funds); *Albers v. Villa Moret*, 46 Cal. App. 2d 54, 58 (1941) (in suit by shareholder plaintiffs

21   alleging excessive compensation, affirming judgment for defendants where there was a failure of

22   proof as to what would have constituted reasonable salaries); *Jara v. Suprema Meats, Inc.*,

23   121 Cal. App. 4th 1238, 1259–60 (2004) (excessive compensation as akin to dividends).

24        (b)  A plaintiff's successful efforts to mitigate its damages result in an offset of the

25   amount recovered.  *Krusi v. Bear, Stearns & Co.*, 144 Cal. App. 3d 664, 673 (1983).

26        (c)  The general theory of compensatory damages bars double recovery for the

27   same wrong.  6 Witkin, Summary of California Law 10th (2005) Torts §1550.  The classic case of

28   double recovery occurs where joint or concurrent tortfeasors or co-obligors are jointly and

1    severally liable for the same wrong.  *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 702 (2009).  Only

2    one complete satisfaction is permissible, and if partial satisfaction is received from one, the

3    liability of the other will be correspondingly reduced via the doctrine of offset.  See Ash v.

4    Mortensen, 24 Cal. 2d 654, 658, 660 (1944).  A shareholder can also be held liable to the

5    corporation for an allegedly improper dividend and thus may be a joint tortfeasor.  California

6    Corporations Code §506(a) (a shareholder who receives a wrongful dividend with knowledge of

7    the facts "indicating the impropriety thereof" is liable to the corporation for the amount of such

8    dividend plus interest).

9              *4.       Standing/Capacity to Sue*

10             (a)  The FDIC-R has no greater right to bring suit than the entities on whose behalf

11   it is suing.  *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86 (1994) ("[T]he FDIC as receiver 'steps

12   into the shoes' of the [bank], obtaining the rights 'of the depository institution' *that existed prior*

13   *to receivership*." (emphasis added)).

14             (b)  The FDIC-R does not have the standing to sue on behalf of creditors other

15   than accountholders or depositors.  *See* 12 U.S.C. §1821(d)(2)(A)(i).

16             (c)  Creditors, including depositors and other accountholders, are not entitled to

17   bring claims under Section 309.  *See, e.g.,* Cal. Corp. Code §309(a); *Copesky v. Superior Court*

18   229 Cal. App. 3d 678, 692 (1991) (the relationship between a bank and its depositor is debtor-

19   creditor).

20             (d)  A bank does not have a fiduciary duty to its depositors or other creditors.

21   *Copesky*, 229 Cal. App. 3d at 692, 694 (banks "are not fiduciaries for their depositors"); *Roberts*

22   *v. UBS AG*, No. 12-0724, 2013 WL 1499341, at *11 (E.D. Cal. Apr. 11, 2013) (a bank is not in a

23   fiduciary relationship with its depositors).

24             (e)  So long as a bank is solvent, the bank's directors owe no fiduciary duties to the

25   bank's creditors, including depositors or other accountholders, under California law.  *Berg &*

26   *Berg*, 178 Cal. App. 4th at 1041; *Pittelman v. Pearce*, 6 Cal.App.4th 1436 (1992); *see also In re*

27   *Jacks*, 266 B.R. 728, 738 (9th Cir. B.A.P. 2001) ("[A] director's fiduciary duties to creditors do

28   not arise until the corporation is insolvent . . . .").

1          *5.*      *Other Affirmative Defenses Subject to Pending Motions*

2          Negligence and gross negligence claims against corporate directors are governed

3 by the two-year statute of limitations period set forth in Cal. Code of Civil Procedure §339(1).

4 *See, e.g.*, *Burt v. Irvine*, 237 Cal. App. 2d 828, 865 (1965) (applying two year statute of

5 limitations for action upon liability not founded upon an instrument of writing applies to action

6 against corporate directors for negligence); *Cooke v. Odell*, 59 Cal. App. 2d 820, 829 (1943).

7 Once a claim is time-barred under state law, appointment of the FDIC-R as receiver cannot revive

8 that claim. *See McSweeney*, 976 F.2d at 534.

9 ABANDONED ISSUES

10          In their February 12, 2016 opposition to the FDIC-R's motion partial summary

11 judgment, ECF No. 128, the defendants withdrew their second (estoppel), third (waiver), fourth

12 (laches), ninth (failure to mitigate), eleventh (contributory and comparative negligence), and

13 fourteenth (supervening causation) affirmative defenses.

14 WITNESSES

15          The FDIC-R's witnesses are listed in Attachment A.  The defendants' witnesses

16 are listed in Attachment B.  Each party may call any witnesses designated by the other.

17      A.      The court will not permit any other witness to testify unless:

18              (1)     The party offering the witness demonstrates that the witness is for the

19                     purpose  of rebutting evidence that could not be reasonably anticipated at

20                     the pretrial conference, or

21              (2)     The witness was discovered after the pretrial conference and the proffering

22                     party makes the showing required in "B," below.

23      B.      Upon the post pretrial discovery of any witness a party wishes to present at trial,

24             the party shall promptly inform the court and opposing parties of the existence of

25             the unlisted witnesses so the court may consider whether the witnesses shall be

26             permitted to testify at trial.  The witnesses will not be permitted unless:

27              (1)     The witness could not reasonably have been discovered prior to the

28                     discovery cutoff;

(2)    The court and opposing parties were promptly notified upon discovery of the witness;

(3)    If time permitted, the party proffered the witness for deposition; and

(4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## EXHIBITS, SCHEDULES AND SUMMARIES

Joint exhibits are listed in Attachment C.  Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

The FDIC-R's exhibits are identified in Attachment D.  At trial, plaintiff's exhibits shall be listed numerically.

The defendants' exhibits are identified on attachment E.  At trial, defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AA, AB, AC, etc., and then A-1, A-2, A-3, etc.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the

1    court may consider their admissibility at trial. The exhibits will not be received

2    unless the proffering party demonstrates:

3        (1)    The exhibits could not reasonably have been discovered earlier;

4        (2)    The court and the opposing parties were promptly informed of their

5               existence;

6        (3)    The proffering party forwarded a copy of the exhibits (if physically

7               possible) to the opposing party.  If the exhibits may not be copied the

8               proffering party must show that it has made the exhibits reasonably

9               available for inspection by the opposing parties.

10                            DISCOVERY DOCUMENTS

11           Counsel must lodge the sealed original copy of any deposition transcript to be used

12   at trial with the Clerk of the Court on the first day of trial.  However, to the extent the parties

13   agree that certified copies of certain depositions may be used in lieu of sealed originals, the court

14   approves such use.

15   Discovery Materials the FDIC-R Intends to Use at Trial

16           The FDIC-R intends to offer the following portions of depositions, answers to

17   interrogatories and responses to requests for admission at trial.  Videotaped deposition counter-

18   designations are listed in bold.  The parties are directed to meet and confer to identify objections

19   to deposition material and alert the court promptly to objections that require resolution prior to

20   playing a videotaped deposition during trial.

21       *1. Depositions*

22   a)  Peter Buck (Aug. 26, 2015): 6:12-14, 8:9-18, 9:18-11:19, 13:22-15:17, 17:9-18:9, 21:23-

23       22:23, 24:24-25:15, 26:20-27:2, 27:19-28:19, 29:13-18, 30:1-32:10, 32:22-36:10, 39:2-18,

24       40:20-41:10, 43:17-44:11, 49:14-18, 51:3-53:4, **57:25-59:3**, 62:5-24, **64:13-65:9**, **66:2-67:9**,

25       75:19-25, 82:14-83:14.

26   b)  Peter Buck (Mar. 6, 2013): **5:13-15**, **44:20-41:12**, **45:17-47:19**, **51:21-53:7**, **96:6-97:10**.

27   c)  Murray Bodine (Aug. 25, 2015): 6:23-7:5, 7:10-8:8, 9:6-23, 10:7-11:11, 14:6-16:15, 19:7-

28       22:10, 24:4-29:6, 30:18-33:12, 33:13-36:1, 36:4-36:7, 32:2-8, 40:3-41:13, 45:7-46:14, 47:3-8,

                                          19

1   47:19-48:18, 49:9-50:12, 50:19-51:3, 52:6-17, 53:1-18, 54:10-56:9, 59:6-25, 60:8-23, 65:17-

2   66:16, 66:19-67:22, 69:1-70:4, 76:10-15, 99:23-100:1, 108:25-111:5, 111:25-112:5, 120:15-

3   121:22, 124:18-125:10, 126:13-127:3.

4      d)  Murray Bodine (Mar. 20, 2013): **46:17-47:12**, **48:8-21**, **49:8-50:1**.

5      e)  Gary Findley (Sept. 8, 2015): 7:9-10, 10:14-17, 12:13-25: 13:1-14, 15:21-25, 16:1-12, 22:3-

6   11, **20:11-25**, **21:1-25**, **22:1-2**, 22:18-22, **22:23-25**, **23:1-5**, 28:1-6, 30:2-10, 30:17-21, 31:2-

7   17, 33:17-25, 34:1-13, 38:22-25, 39:1-25, 40:1-2, **46:6-12**, 48:9-18, 49:8-25, 50:1-25, 54:8-

8   12, 53:1-13, 55:23-25, 56:1-10, **56:11**, 57:12-25, 58:10-59:1, 59:8-17, 62:12-25, 63:11-15,

9   64:15-21, 65:16-19, 67:2-6, 67:14-25, 68:1-122, 69:4-25, 70:1-5, 71:12-24, 72:1-25, 73:1-5,

10   74:16-21, 75:2-8, 75:22-25, 76:15-25, 77:7-21, 78:2-25, 79:1-11, 80:11-25, 81:1-3, 81:9-25,

11   82:1-7, 83:7-84:1, 84:15-19, 85:3-7, 87:4-25, 88:1-9, 89:2-25, 90:13-91:1, 91:12-25, 92:1-25,

12   93:1-2, 93:9-16, 94:7-17, 95:17-20, 96:16-23, 97:22-25, 98:1-18, 99:14-25, 100:1-6, 100:15-

13   25, 101:1-7, 103:14-24, 104:9-105:1, 105:21-25, 106:11-14, 107:24-25, 108:1-16, 109:1-2,

14   110:1-25, 111:1-19, 112:14-25, 113:1-10, 113:16-19, 114:1-4, 116:2-25, 117:1-19, 118:22-25,

15   119:18-120:1, 125:9-15, 126:1-3, **128:1-5**, 128:6-23, 129:20-25, 130:1-4, 131:3-18, 132:8-14,

16   132:18-25, 135:2-10, 136:7-14, **137:18-25**, **138:16-17**, 138:18-25, 139:1-3, 139:9-25, 140:1-

17   3, 140:10-17, **140:18-25**, **141:1-4**, 143:16-25, 144:1-14, **151:17-20**, **156:10-22**, 162:2-10,

18   163:15-21, 165:17-22, 169:19-22, 170:7-24, 172:8-25, 173:1-25, 174:1-175:6, 176:10-177:16,

19   178:10-16, 179:1-3, 181:7-182:3, **184:9-25**, **185:1-12**, **186:1-21**, 186:14-21, **191:7-11**,

20   194:24-25, 195:15-19, 196:1-197:2, **199:2-4**, **204:9-11**, **207:25**, **208:1-25**, **209:1-4**, **209:13-**

21   **25**, **209:20-23**, **210:1-10**, **210:22-25**, **211:1-6**, 212:23-214:2, 216:11-25, **217:1-11**, 217:6-11,

22   218:12-219:12, 223:5-18, **222:20-25**, **223:1-4**, **224:16-25**, **225:1-4**, **226:11-14**, 230:23-233:9,

23   233:14-234:6, 235:15-238:1, 238:15-139:6, 239:24-240:4, 240:19-23, 241:9-25, 244:23-24,

24   245:5-246:19, **247:6-10**, 247:21-24, 248:3-9, 248:18-25, 249:1-10, **250:20-23**, 250:24-25,

25   251:1-14, 252:14-21, **265:9-13**, **354:8-9**, **367:22-25**, **368:1-25**, 374:5-19, **374:20-25**, **375:1-**

26   **12**, **375:24-25**, **376:1-25**, 377:6, **378:10-11**.

27   /////

28   /////

f) Gary Findley (Feb. 22, 2013): **34:20-25**, **35:1-6**, **48:6-25**, **49:1-9**, **55:8-12**, **76:8-14**, **91:23-25**, **92:1-13**, **98:6-19**, **111:5-25**, **112:1-7**, **113:2-25**, **118:1-22**, **119:23-25**, **120:1-17**, **122:6-11**, **125:15-25**, **126:1-6**.

g) Robert Hartline (Aug. 19, 2015): 6:6-8, 8:17-9:19, 12:21-23, 33:16-19, 34:3-8, 34:18-35:3, 35:10-13, 40:2-5, 47:23-48:15, 49:15-21, 49:24-25, 50:2-5, **63:18-24**, 63:25-64:22, 64:23-65:5, **64:23-65:17**, 65:18-66:1, **66:2-10**, 66:2-21, 67:6-20, 69:16-21, 70:7-73:5, 74:11-12, 74:17-75:1, 75:8-9, 75:19-24, 76:4-20, 77:19-78:20, 82:1-85:7, **85:8-86:18**, 86:19-87:2, 87:23-88:6, 89:20-23, 90:10-15, 91:22-92:2, 92:5-6, 96:18-21, 96:22-97:3, 99:15-19, 102:10-14, 103:21-104:11, 109:2-110:12, 111:11-112:18, 114:8-19, 120:2-122:6, 122:19-126:23, **128:5-18**, **130:18-131:5**, **131:13-15**, **132:12-134:22**, 139:14-140:1, 141:15-142:11, 142:20-143:23, **144:18-145:4**.

h) Adam Keefer (Aug. 26, 2015): 6:15-20, 7:23-9:12, 10:20-11:22, 48:14-50:10, 55:18-60:24, 61:7-62:3, 67:2-71:4.

i) Susan Salerno (Sept. 3, 2015): **17:2-10, 24:4-7.**

j) Richard Tuohey (Aug. 25, 2015): 7:13-16, 9:25-10:5, 72:22-73:7, 73:20-75:12, 75:22-25, 76:1-77:3, 80:6-81:4, 86:7-89:15, 94:20-96:4, 98:9-101:6, 102:10-19; 103:14-105:6, 106:6-110:10, 112:15-113:6, 114:5-18.

k) Mary Viereck (Sept. 2, 2015): **13:18-19**, **45:13-16**, **70:5-20**, **82:10-25**, **83:1-9**.

   2.   *Responses to Interrogatories*

a) Defendant Robert Ching's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

b) Defendant Eugene Even's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

c) Defendant Donald Leforce's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

d) Defendant Luther McLaughlin's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

e) Defendant Robert Morgan's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

f) Defendant James Rickards' Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

g) Defendant Gary Strauss' Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

h) Defendant Hubert Townshend's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

i) Defendant John Coger's Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

j) Defendant Keith Robbins' Response to Plaintiff's First Set of Interrogatories (Jan. 19, 2015)

k) Defendant Robert Ching's Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

l) Defendant Eugene Even's Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

m) Defendant Donald Leforce's Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

n) Defendant Luther McLaughlin's Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

o) Defendant Robert Morgan's Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

p) Defendant James Rickards' Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

q) Defendant Gary Strauss' Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

r) Defendant Hubert Townshend's Response to Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

s) Defendant John Coger's Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

t)   Defendant Keith Robbins' Response to Plaintiff's Second Set of Interrogatories (Sept. 8, 2015); Supplemental Response (October 27, 2015); Second Supplemental Response (Nov. 10, 2015)

3.   *Requests for Admission*

a)   Defendant Robert Ching's Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

b)   Defendant Eugene Even's Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

c)   Defendant Donald Leforce Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

d)   Defendant Luther McLaughlin Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

e)   Defendant Robert Morgan's Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

f)   Defendant James Rickards' Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

g)   Defendant Gary Strauss' Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

h)   Defendant Hubert Townshend's Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

i)   Defendant John Coger's Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

j)   Defendant Keith Robbins' Supplemental Response to Plaintiff's First Set of Requests for Admission (Oct. 27, 2015); Second Supplemental Response (Nov. 10, 2015)

/////

/////

/////

/////

1   Discovery Documents the Defendants Intend to Offer at Trial

2        *1.   Depositions*

3   a)  Peter Buck (March 6, 2013): 21:1-16.

4   b)  Peter Buck (Aug. 26, 2015): **5:22-6:4**, 8:9-11:19, 13:22-14:19, 15:6-10, 21:17-22, 27:5-10,

5       **39:19-23**, 42:2-43:16, 44:23-45:15, 50:16-24, 51:3-52:7, 59:4-60:21, 61:15-62:24, 64:8-12,

6       69:22-71:9, 73:10-74:20, 75:17-76:19.

7   c)  Murray Bodine (March 2013): 14:2-11, 40:16-41:8, 48:22-49:7.

8   d)  Murray Bodine (Aug. 25, 2015): **6:23-7:8**, 9:15-23, 10:7-12, 11:14-21, 14:12-15, 15:1-13,

9       15:16-16:22, 17:4-19:6, 20:21-21:20, 24:4-25:3, 27:20-28:23, 30:22-31:16, 34:14-36:7,

10      **46:15-47:1**, **48:22-49:8**, 53:19-23, **58:22-59-5**,70:6-73:16, 83:12-85:3, 86:24-87:3, 94:8-

11      101:2, 103:10-104:11, 112:4-18, 118:23-120:12.

12  e)  Gary Findley (Feb. 22, 2013):  5:12-13, 8:14-23, 9:23-10:13, 13:22-14:10, 14:17-22, 15:22-

13      17:16, 18:7-17, 19:7-22:3, 22:8-25:3, 25:23-34:14, 35:12-44:11, 46:10-48:5, 51:4-17, 52:17-

14      53:16, 55:13-56:11, 57:3-58:2, 58:22-63:5, 64:18-76:7, 76:22-78:9, 80:7-87:22, 88:25-91:22,

15      94:13-99:5, 100:4-101:6, 102:6-103:2, 104:20-24, 105:4-106:19, 107:2-108:7, 108:24-109:20,

16      110:8-111:2, 112:8-113:17, 114:15-117:1, 119:13-22, 120:10-19, 121:5-122:1, 122:12-18,

17      129:5-10, 133:14-135:18, 136:14-17.

18  f)  Gary Findley (Sept. 8, 2015):  7:9-10, 10:14-11:21, 12:5-20:10, 25:6-26:13, 28:1-22, 38:22-

19      43:2, 44:12-17; 45:5-46:5, 46:12-49:7; 56:12-57:25, 62:12-65:15, 69:4-8, 70:19-71:11, 77:22-

20      78:8, 79:2-11, 109:5-25, 121:16-123:4, 125:9-127:25, 135:11-136:6, 137:5-17, 138:3-15,

21      141:12-143:5, 143:16-22, 144:22-145:5, 151:21-153:9, 154:2-155:1, 157:22-162:1, 164:1-

22      170:24, 171:13-172:23, 175:7-176:19, 182:4-184:8, 185:13-25, 188:5-190:2, 191:12-194:15,

23      197:3-199:1, 199:18-204:8, 204:22-205:19, 205:24-207:5, 209:5-12, 210:11-22, 211:7-

24      213:14, 216:11-217:1, 217:12-222:19, 223:19-224:15, 225:5-226:10, 226:15-229:17, **240:11-**

25      **25**, 243:9-244:17, 244:23-245:10, 246:25-247:5, 249:24-250:19, 264:18-265:8, 265:22-

26      266:14, 273:2-274:4, 276:6-8, 287:16-289:19, 289:23-335:19, 337:15-339:25, 340:13-353:17,

27      353:21-354:7, 354:10-367:21; 377:11-378:9.

28  /////

l)   Robert Hartline (Aug. 19, 2015):  6:6-8, 9:2-15, **9:16-10:9**, 10:11-12:11, 12:21-14:4, 14:11-49.25, 50:6-58:14, 58:22-62:14, 67:21-69:13, 81:23-83:1, 84:3-20, 111:11-24, 127:14-24, 135:3-23, 145:16-147:3.

m)  Adam Keefer (Aug. 26, 2015):  6:17-20, 7:23-9:12, 10:8-12:20, 13:22-14:4, 15:17-16:12, 29:8-19, 29:25-34:19, 39:7-18, 40:24-41:6, 46:2-12, 47:6-9, 50:15-53:16, 55:18-56:14, 59:8-21, 63:9-65:22, 67:20-68:1.

n)   Susan Salerno (Sept. 3, 2015):  6:18-20, 24:8-25:15, 26:21-31:16, 34:24-35:24, 38:19-41:7.

o)   Richard Tuohey (Aug. 25, 2015):  7:13-16, 9:14-19, 16:8-17:1, 18:4-22:22, 23:4-25:7, 28:15-29:2, 29:24-32:12, 33:7-39:20, 43:14-44:13, 47:12-48:21, 48:25-54:22, 55:9-56:11, 57:11-65:10, 65:25-68:21, 70:9-14, 108:25-109:20.

p)   Mary Viereck (Sept. 2, 2015):  8:4-7, 15:13-18:17, 22:12-23:15, 24:1-22, 27:15-31:19, 37:21-41:24, 43:25-45:12, 47:9-48:7, 50:2-5, 58:10-59:2, 61:9-70:4, 70:21-72:11, 74:17-75:3, 76:8-78:17, 79:14-82:9, 83:11-84:9, 85:3-91:9, 94:12-111:14, 114:21-115:16, 116:6-117:24, 119:14-22, 120:13-123:7.

2.     *Responses to Interrogatories*

a)   Amended Response of Plaintiff FDIC as Receiver for Butte Community Bank to First Set of Special Interrogatories Propounded by Defendant Gary Strauss (March 12, 2014);

b)   FDIC's Objections and Responses to Defendant Donald Leforce's First Set of Interrogatories (December 8, 2014);

c)   Plaintiff FDIC-R's Responses to Defendant Gary Strauss' Second Set of Interrogatories (December 8, 2014);

d)   FDIC's Objections and Responses to Defendant Donald Leforce's Second Set of Interrogatories (April 17, 2015);

e)   FDIC-R's Supplemental Objections and Responses to Defendant Donald Leforce's Second Set of Interrogatories (September 18, 2015);

f)   FDIC's Objections and Responses to Defendant Robert Ching's First Set of Interrogatories (April 17, 2015);

*/////*

25

1   g)  FDIC's Supplemental Objections and Responses to Defendant Robert Ching's First Set of

2       Interrogatories (September 18, 2015).

3          *3.     Requests for Admission*

4   a)  Plaintiff FDIC-R's Objections and Responses to Defendant Gary Strauss' First Set of

5       Requests for Admission (November 24, 2014);

6   b)  FDIC-R's Response to Defendant Donald Leforce's First Set of Requests for Admission

7       (April 17, 2015).

8          *4.     Requests for Production*

9   a)  FDIC-R's Response to Defendant Donald Leforce's First Set of Requests for Production

10      (December 8, 2014);

11  b)  Plaintiff's Amended Responses to Defendant Donald Leforce's First Set of Requests for

12      Production (May 4, 2015).

13                      FURTHER DISCOVERY OR MOTIONS

14          The Parties do not request leave to conduct further discovery or file pretrial

15  motions other than motions *in limine* and Plaintiff's request for a trial protective order.

16                      AMENDMENTS AND DISMISSALS

17          On April 21, 2016, the parties filed with the court a stipulation for dismissal of

18  defendant Ellis Matthews.  ECF No. No. 140.  Matthews was dismissed on May 3, 2016.  ECF

19  No. 145.

20          In the parties' joint pretrial statement, the defendants requested clarification of two

21  pleadings issues.  First, the defendants requested clarification whether the FDIC-R's complaint

22  includes claims for negligence and breaches of fiduciary duty.  Since the time the parties prepared

23  their joint pretrial statement, the court issued its order on the FDIC-R's motion for summary

24  judgment.  In that order, the court found that the complaint includes claims for breaches of

25  fiduciary duty and negligence.  *See* Order May 27, 2016, at 14–16, ECF No. 168 ("[A]mong the

26  FDIC's remaining claims is at least one whose gravamen is the directors' breach of fiduciary

27  duties. . . . [T]he FDIC's complaint also includes claims of negligence, now funneled into its

28  claim under Corporations Code section 309.").

                                     26

1            Second, the defendants requested clarification that the FDIC-R's complaint

2    includes no allegations of "subsequent dividends" following the original $8.8 million dividend.

3    The FDIC-R responded that its complaint includes allegations of damages beyond $8.8 million

4    and argues the parties understood as much during discovery.  Without context, the court cannot

5    make general rulings with regard to these issues.  The defendants may object at trial if the FDIC-

6    R offers evidence it was required to disclose under Federal Rule of Evidence 26, but did not

7    disclose.  The defendants may also object at trial if the FDIC-R proceeds on a previously

8    undisclosed theory of their liability.  *But see* Fed. R. Civ. P. 15(b)(1) ("If, at trial, a party objects

9    that evidence is not within the issues raised in the pleadings, the court may permit the pleadings

10   to be amended.  The court should freely permit an amendment when doing so will aid in

11   presenting the merits and the objecting party fails to satisfy the court that the evidence would

12   prejudice that party's action or defense on the merits.  The court may grant a continuance to

13   enable the objecting party to meet the evidence.").

14   SETTLEMENT

15           The parties have discussed potential settlement of the present action and do not

16   believe that a court settlement conference is necessary or advisable at this time.

17   JOINT STATEMENT OF THE CASE

18           The parties proposed a joint statement of the case.  The court proposes the

19   following modified statement:

20
21           This case is between the Federal Deposit Insurance Corporation, which you may know as the "FDIC," and ten former directors of Butte Community Bank.  Two of those directors also served as the Bank's senior officers.

22

23           The FDIC is a federal government agency and is acting as the "receiver" for Butte Community Bank.  As "receiver," the FDIC is essentially a custodian of the Bank's affairs.  In this lawsuit, the FDIC seeks to recover a dividend paid to the Holding Company that owned the Bank.  The FDIC believes this dividend harmed the Bank and personally benefitted the defendants.  The FDIC alleges the Defendants were negligent in allowing these dividends to be distributed.

24

25

26

27

28

1    The Defendants claim the dividend did not harm the Bank, did not
     provide any unusual or improper personal benefit to any them, and
2    complied with all applicable laws, regulations, and standards
     governing the proper amount for a bank dividend.
3

4    As noted below, the parties may object to this proposed statement and other provisions of this

5    order within fourteen days of the date it is filed.

6                                   SEPARATE TRIAL OF ISSUES

7            The parties do not believe that it would be feasible or advisable to separate trial of

8    any of the issues in this action.

9                    IMPARTIAL EXPERTS OR LIMITATION OF EXPERTS

10           The parties do not believe that it would be feasible or advisable for the court to

11   appoint an impartial expert witness or limit the number of expert witnesses that may be called to

12   testify by the Parties.

13                                      ATTORNEYS' FEES

14           The FDIC-R does not intend to seek attorneys' fees in this action.  The defendants

15   intend to seek attorneys' fees by post-trial motion.

16                          ESTIMATED TIME OF TRIAL/TRIAL DATE

17           Jury trial is set for **October 31, 2016,** at 9:00 a.m. in Courtroom Three before the

18   Honorable Kimberly J. Mueller.  Trial is anticipated to last twelve days.  The parties are directed

19   to Judge Mueller's default trial schedule outlined on her web page on the court's website.

20           PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

21           The parties shall file any proposed jury *voir dire* seven days before trial.  Each

22   party will be limited to ten minutes of jury *voir dire*.

23           The court directs counsel to meet and confer in an attempt to generate a joint set of

24   jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen

25   days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent

26   the parties are unable to agree on all or some instructions and verdicts, their respective proposed

27   instructions are due fourteen days before trial.

28

1       Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether

2   agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen

3   days before trial; all blanks in form instructions should be completed and all brackets removed.

4       Objections to proposed jury instructions must be filed seven days before trial; each

5   objection shall identify the challenged instruction and shall provide a concise explanation of the

6   basis for the objection along with citation of authority.  When applicable, the objecting party shall

7   submit an alternative proposed instruction on the issue or identify which of his or her own

8   proposed instructions covers the subject.

9   TRIAL PROTECTIVE ORDER

10      With reliance on Local Rule 141.1(b)(2), the FDIC-R requests issuance of a trial

11  protective order with respect to any reports of examination issued to the Bank by the Federal

12  Deposit Insurance Corporation or California Department of Financial Institutions.  Plaintiff also

13  requests approval from the court to redact and/or seal documents or other personally identifiable

14  information regarding the Bank's borrowers and/or specific loans issued by the Bank.  The court

15  will address these requests on the morning of trial.

16  OBJECTIONS TO PRETRIAL ORDER

17      Each party may make objections to this order within fourteen days of the date it is

18  filed.  If no objections are filed, this order will become final without further order of this court.

19  DATED:   June 8, 2016

20

21  _____

22  UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

## ATTACHMENT A: FDIC-R'S WITNESS LIST

1.   Murray Bodine

    c/o Christopher S. Hooper
    Sandler O'Neill & Partners, L.P.
    1251 Avenue of the Americas, 6th Floor
    New York, NY 10020

    This witness is expected to testify about the analyses Sandler O'Neill provided certain representatives of the Bank with respect to a potential stock repurchase and sale-leaseback transaction and the timing and limitations of those analyses. This witness will also testify about communications between Sandler and Butte representatives regarding the prudency of the Tender Offer.

    (Via videotape or in person)

2.   Peter Buck

    c/o Christopher S. Hooper
    (See above for address)

    This witness will testify about the analyses Sandler O'Neill provided certain representatives of the Bank with respect to a potential stock repurchase and sale-leaseback transaction and the timing and limitations of those analyses. This witness will also testify about communications between Sandler and Butte representatives regarding the prudency of the Tender Offer.

    (Via videotape or in person)

3.   Robert Ching

    c/o Kevin D. Hughes
    Tisdale & Nicholson, LLP
    2029 Century Park East, Suite 900
    Los Angeles, CA 90067
    310-286-1260

    This witness is expected to testify about i) his service on and the operations of the Board of Directors of the Bank and the Holding Company, ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

    (In person)

4.   John Coger

    c/o Kevin D. Hughes
    (See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of the Bank and the Holding Company, ii) his service and responsibilities as an officer of the Bank and the Holding Company, iii) the benefits he sought and ultimately received from the Tender Offer, iv) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, v) the Bank's financial condition and the economic environment at the time of the Dividend, vi) the performance of his duties and responsibilities as an officer and director of the Bank, and vii) the accounting treatment of the Dividend and sale-leaseback transaction.

(In person)

5. Eugene Even

c/o Kevin D. Hughes
(See above for address)

While this witness has a medical condition that may need to be addressed prior to his being called as a witness, he currently is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company, ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

(In person)

6. Gary Findley

Findley & Associates
1470 N. Hundley Street
Anaheim, CA 92806-7136

This witness is expected to testify about i) the scope and limitations of his service and involvement in the Tender Offer, Dividend and the sale-leaseback transaction, ii) the benefits sought and received by members of his family from their participation in the Tender Offer, iii) the process and procedures required to be followed by the Bank and the Holding Company to approve the Dividend, the Tender Offer and the Sale-Leaseback transaction, and iv) the economic and regulatory environment at the time of the Dividend.

(Via videotape or in person)

7. Wayne Green

Federal Deposit Insurance Corporation - Receiver Representative
c/o Antony Burt
Schiff Hardin, LLP
233 South Wacker Drive
Chicago, IL 60606

This witness is expected to testify about: i) the appointment of the FDIC as receiver for the Bank, ii) the duties and responsibilities of FDIC-R, iii) the loss suffered as a result of the failure of the Bank, and iv) how the FDIC-R will distribute any recoveries.

(In person)

8. Robert Hartline

7501 Lorene Road
Redwood Valley, CA

This witness is expected to testify about i) the scope and limitations of the services provided to the Bank and ii) the advice provided to the Bank regarding the accounting treatment of the Dividend and sale-leaseback transaction.

(Via videotape or in person)

9. Adam Keefer

c/o Christopher S. Hooper
(See above for address)

This witness is expected to testify about the analyses Sandler O'Neill provided certain representatives of Butte with respect to a potential stock repurchase and sale-leaseback transaction and the timing and limitations of those analyses. This witness will also testify about communications between Sandler and Butte representatives regarding the prudency of the Tender Offer.

(Via videotape)

10. Charles Kenny - Expert

c/o Antony Burt
(See above for address)

Mr. Kenny's expertise is banking and the duties and responsibilities of boards of directors and bank management. He is expected to testify about the opinions contained in his Expert Report, including i) the appropriateness of Defendants' conduct with respect to the Dividend, ii) the impact of the Dividend on the safety and soundness of the Bank, and iii) the Defendants' duty of care in connection with the Dividend.

(In person)

11. Donald Leforce

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company), ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic

environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

(In person)

12. Charles Matthews

c/o James Wright
Buchalter Nemper
Second Street, Suite 1700
San Francisco, CA 94105-3493

This witness is expected to testify about i) his service on and the operations of the Board of Directors of the Bank and the Holding Company, ii) his knowledge of and communication with the Defendants with respect to the Dividend, Tender Offer and sale-leaseback transaction, iii) the Bank's financial condition and the economic environment at the time of the Dividend, and iv) the performance of his duties and responsibilities as a director of the Bank.

(In person)

13. Luther McLaughlin

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company), ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

(In person)

14. Robert Morgan

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company), ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

(In person)

15. James Rickards

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company), ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

(In person)

16. Keith Robbins

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of the Bank and the Holding Company, ii) his service and responsibilities as an officer of the Bank and the Holding Company, iii) the benefits he sought and ultimately received from the Tender Offer, iv) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, v)the Bank's financial condition and the economic environment at the time of the Dividend, vi) the performance of his duties and responsibilities as an officer and director of the Bank, and vii) the accounting treatment of the Dividend and sale-leaseback transaction.

(In person)

17. Paul Regan - Expert

c/o Antony Burt
(See above for address)

Mr. Regan's expertise is accounting for financial institutions and damages. He is expected to testify about the opinions contained in his Expert Report and Rebuttal Expert Report, including i) the financial trends impacting the Bank at the time of the Dividend, ii) the accounting principles governing the sale-leaseback transaction on the Bank's capital, and iii) the damages suffered by the Bank from the Dividend and subsequent dividends.

(In person)

18. Gary Strauss

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company), ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the

sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, and v) the performance of his duties and responsibilities as a director of the Bank.

(By videotaped deposition)

19. Christopher Thornberg, PhD - Expert

c/o Antony Burt
(See above for address)

Dr. Thornberg's expertise is economic trends and the real estate market. Dr. Thornberg is expected to testify about the opinions in his Expert Report and Rebuttal Expert Report, including i) the state of the local, state and national economy at the time of the Dividend, and ii) the information available to the Defendants about the relevant real estate market.

(In person)

20. Hubert Townshend

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify about i) his service on and the operations of the Board of Directors of Bank and the Holding Company, ii) the benefits he sought and ultimately received from the Tender Offer, iii) the process and procedures followed by the Bank and the Holding Company to evaluate and approve the Dividend, the Tender Offer and the sale-leaseback transaction, iv) the Bank's financial condition and the economic environment at the time of the Dividend, v) the performance of his duties and responsibilities as a director of the Bank, and vi) his document retention practices.

(In person)

21. P. Richard Tuohey

c/o Christopher S. Hooper
(See above for address)

This witness will testify about the analyses Sandler O'Neill provided certain representatives of Butte with respect to a potential stock repurchase and sale-leaseback transaction and the timing and limitations of these analyses.

(Via videotape or in person)

22. Rebuttal Witnesses

ATTACHMENT B: DEFENDANTS' WITNESS LIST

1. Murray Bodine

   c/o Christopher S. Hooper
   Sandler O'Neill & Partners, L.P.
   1251 Avenue of the Americas, 6th Floor
   New York, NY 10020

   This witness is expected to testify pertaining to the advice and financial analysis Sandler O'Neill provided Defendants in connection with the Sale-Leaseback and Tender Offer.

   (Via videotape or in person)

2. Peter Buck

   c/o Christopher S. Hooper
   (See above for address)

   This witness is expected to testify pertaining to the advice and financial analysis Sandler O'Neill provided Defendants in connection with the Sale-Leaseback and Tender Offer.

   (Via videotape or in person)

3. Robert Ching

   c/o Kevin D. Hughes
   Tisdale & Nicholson, LLP
   2029 Century Park East, Suite 900
   Los Angeles, CA 90067
   310-286-1260

   This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan; (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period;  (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

   (In person)

4. Stephen Clinton (expert)

c/o Kevin D. Hughes
(See above for address)

Mr. Clinton's area of expertise is banking, investment banking and finance.  He is expected to testify pertaining to the opinions contained in his Expert Report, including (a) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (b) the Bank's financial condition and the state of the local and national economy during the relevant time period; (c) the FDIC-R's purported damages; and (d) any matters in rebuttal.

(In person)

5. John Coger

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period; (l) the settlement agreement between the FDIC-R and the Holding Company; (m) interest the Holding Company paid on the PCBB loan; (n) the Bank's/ the Holding Company's financial function and financial reporting; and (o) any matters in rebuttal.

(In person)

6. Eugene Even

c/o Kevin D. Hughes
(See above for address)

This witness is expected to the Holding Company the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the

Defendants' monetary contributions to payoff of the PCBB loan; (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period;  (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

7.  Gary Findley (percipient expert witness)

Findley & Associates
1470 N. Hundley Street
Anaheim, CA 92806-7136

Mr. Findley's area of expertise is banking, capital strategy and evaluating the performance of California community banks.  Mr. Findley is expected to testify as follows:  He provided capital strategy advice to the Bank in 2007 and 2008.  He provided advice to Defendants in connection with the Tender Offer and Sale-Leaseback transaction.  It was his view that the Tender Offer was a reasonable capital strategy for the Bank to undertake in March 2008.  His company evaluated the performance of California banks on an annual basis.  Mr. Findley will testify to his company's evaluation of the Bank's performance over the years between 1990 and 2009.  Mr. Findley will testify that the Bank's track record over that period made it the best performing Western Region community bank his company had ever evaluated.

(Via videotape or in person)

8.  Joe A. Hargett (expert)

c/o Kevin D. Hughes
(See above for address)

Mr. Hargett's area of expertise is accounting and financial analysis.  He is expected to testify pertaining to the opinions contained in his Expert Report, including, among other things, (a) the Dividend's compliance with California Corporations Code and California Financial Code provisions applicable to the liability of bank directors for authorizing dividends; (b) the Bank's capitalization before and after the Dividend; and (d) any matters in rebuttal.

(In person)

9.  Robert Hartline (percipient expert)

7501 Lorene Road
Redwood Valley, CA

Mr. Hartline's area of expertise is accounting.  Mr. Hartline is expected to testify that he analyzed the Tender Offer transaction and concluded that the Bank had approximately $15.3 million available for a dividend as of May 2008.  He is expected to testify that the proposed distribution from the Bank to the holding company to fund the Tender Offer complied with applicable legal restrictions.  He is expected to testify that he calculated the

Bank's capital ratio after payment of the proposed distribution and concluded that the Bank would remain well-capitalized.

(Via videotape or in person)

10. Adam Keefer

c/o Christopher S. Hooper
(See above for address)

This witness is expected to testify pertaining to the advice and financial analysis Sandler O'Neill provided Defendants in connection with the Sale-Leaseback and Tender Offer.

(Via videotape or in person)

11. Donald Leforce

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period; (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

12. Denna McGhee

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) the fairness opinion, advice and financial analysis Howe Barnes Hoefer & Arnett provided Defendants in connection with the Tender Offer; (b) the Bank's financial condition and the state of the local economy during the relevant time period; (c) the state of the banking industry during the relevant time period;  (d) the Bank's capitalization before and after the Dividend; and (e) any matters in rebuttal.  **Ms. McGhee will only be called as a witness if Mr. Mecredy becomes unavailable.**

(In person)

13. Luther McLaughlin

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period;  (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

14. Tom Mecredy (percipient expert witness)

c/o Kevin D. Hughes
(See above for address)

Mr. Mecredy's area of expertise is investment banking and financial advice for community banks.  Mr. Mecredy is expected to testify as follows:  On behalf of Howe Barnes Hoefer & Arnett, Mr. Mecredy provided a fairness opinion and financial advice and analysis regarding the Tender Offer.  The Howe Barnes fairness opinion concluded that a Tender Offer share price of $13 was fair to the shareholders of the Bank's holding company who chose not to participate in the Tender Offer.  The analysis supporting the fairness opinion included projections of the Bank's capitalization after consummation of the Tender Offer, as well as projections of the Bank's net income for 2008 and subsequent years.  Mr. Mecredy is expected to testify to the fairness opinion rendered and the analysis reflected by the supporting documentation.  Mr. Mecredy is also expected to testify that Howe Barnes did not advise defendants against proceeding with the Tender Offer.

(In person)

15. Robert Morgan

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence

conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period; (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

16. James Rickards

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period; (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

17. Keith Robbins

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's

ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the witness's purchase of the Holding Company stock subsequent to the Tender Offer; (j) the Defendants' monetary contributions to payoff of the PCBB loan;  (k) the witness's forfeiture of deferred compensation and retirement benefits; (l) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period; and (m) any matters in rebuttal.

(In person)

18. Susan Salerno

c/o Antony Burt
(See above for address)

This witness is expected to testify pertaining to the FDIC-R's purported damages.

(Via videotape or in person)

19. Gary Strauss

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period;  (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

20. Hubert Townshend

c/o Kevin D. Hughes
(See above for address)

This witness is expected to testify pertaining to:  (a) general information relating to the Bank and the Holding Company and their respective Boards of Directors, policies, procedures, staff and operations; (b) the formulation of the plan to pursue the Tender Offer; (c) the Tender Offer, Sale-Leaseback and Dividend; (d) the due diligence

42

conducted by the Defendants in connection with the Tender Offer and Sale-Leaseback, and the Dividend authorized to fund the Tender Offer; (e) the Bank's financial condition and the state of the local economy during the relevant time period; (f) the witness's ownership of the Holding Company stock and participation in the Tender Offer; (g) the $4 million capital contribution to the Bank made by the Holding Company on or about June 30, 2008; (h) the FDIC-R's purported damages; (i) the Defendants' monetary contributions to payoff of the PCBB loan;  (j) the witness's forfeiture of director fees, deferred compensation and retirement benefits; (k) regulatory examinations of the Bank and the Bank's communications with regulators during the relevant time period; (l) the extent to which outside directors, including witness, participated and carried out their duties and responsibilities as directors of the Bank and/or the Holding Company; and (m) any matters in rebuttal.

(In person)

21. P. Richard Tuohey

c/o Christopher S. Hooper
(See above for address)

This witness is expected to testify pertaining to the advice and financial analysis Sandler O'Neill provided Defendants in connection with the Sale-Leaseback and Tender Offer.

(Via videotape or in person)

22. Mary Viereck (percipient expert witness)

c/o Antony Burt
(See above for address)

Ms. Viereck's area of expertise is bank examination for the FDIC.  Ms. Viereck is expected to testify as follows:  She served as the examiner-in-charge of the FDIC team examining the Bank as of September 30, 2008.  In connection with such examination, she and her team investigated the Defendants' efforts to perform due diligence prior to undertaking the Tender Offer.  Her team concluded that the Defendants' due diligence was not inadequate.  Her team concluded that the Bank was well-capitalized as of September 30, 2008; that its liquidity was adequate as of September 30, 2008, and that its ALLL reserves were adequate as of December 2008.

(In person or via videotape)

23. Rebuttal Witnesses

43

1

ATTACHMENT E: JOINT EXHIBIT LIST

2

3

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX1 | Dep. Ex. 189 | 6/30/2006 | Financial Profile, Butte Community Bank, 6/30/06 |
| JX2 | Dep. Ex. 41 | 12/12/2006 | Federal Register, Volume 71, No. 238, 12/12/06 |
| JX3 | Dep. Ex. 2 (excerpt) | 1/16/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 1/16/2007 |
| JX4 | Dep. Ex. 2 (excerpt) | 1/16/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 1/16/2007 |
| JX5 | Dep. Ex. 2 (excerpt) | 2/20/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 2/20/2007 |
| JX6 | Dep. Ex. 2 (excerpt) | 2/20/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 2/20/2007 |
| JX7 | Dep. Ex. 2 (excerpt) | 3/27/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 3/27/2007 |
| JX8 | Dep. Ex. 2 (excerpt) | 3/27/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 3/27/2007 |
| JX9 | Dep. Ex. 181 | 4/1/2007 | The Findley Reports, Premier Performance in 2006, 4/07 |
| JX10 | Dep. Ex. 2 (excerpt) | 4/17/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 4/17/2007 |
| JX11 | Dep. Ex. 2 (excerpt) | 4/17/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 4/17/2007 |
| JX12 | Dep. Ex. 2 (excerpt) | 5/15/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 5/15/2007 |
| JX13 | Dep. Ex. 2 (excerpt) | 5/15/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 5/15/2007 |
| JX14 | Dep. Ex. 63 | 6/8/2007 | E-mail re Tender Offer, 6/8/07 |
| JX15 | Dep. Ex. 2 (excerpt) | 6/19/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 6/19/2007 |
| JX16 | Dep. Ex. 2 (excerpt) | 6/19/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 6/19/2007 |
| JX17 | Dep. Ex. 182 | 7/1/2007 | The Findley Reports, Barking Dogs, 7/07 |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX18 | Dep. Ex. 134 | 7/16/2007 | E-mail re sale/lease, 7/16/07 |
| JX19 | Dep. Ex. 143 | 7/23/2007 | Share Repurchase Analysis, Community Valley Bancorp, 7/23/07 |
| JX20 | Dep. Ex. 2 (excerpt) | 7/24/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 7/24/2007 |
| JX21 | Dep. Ex. 2 (excerpt) | 7/24/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 7/24/2007 |
| JX22 | Dep. Ex. 68 | 7/25/2007 | E-mail re Board Planning Session, 7/25/07 |
| JX23 | 10278-N000000017792 | 7/25/2007 | Deposition exhibit No. 68 (E-mail re Board Planning Session, 7/25/07) with attachment. |
| JX24 | Dep. Ex. 158 | 8/1/2007 | Unsigned and undated letter from Murray Bodine to Board of Directors, Community Valley Bancorp |
| JX25 | Dep. Ex. 116 | 8/8/2007 | E-mail re Strategic Planning, 8/8/07 |
| JX26 | Dep. Ex. 117 | 8/10/2007 | E-mail re Background For 8/21 Meeting, 8/10/07 |
| JX27 | Dep. Ex. 2 (excerpt) | 8/21/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 8/21/2007 |
| JX28 | Dep. Ex. 2 (excerpt) | 8/21/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 8/21/2007 |
| JX29 | Dep. Ex. 66 | 8/21/2007 | Community Valley Bancorp, Butte Community Bank, Board Directors, Board Discussion, 8/21/07 |
| JX30 | Dep. Ex. 184 | 9/1/2007 | The Findley Reports, Speechless, 9/07 |
| JX31 | Dep. Ex. 2 (excerpt) | 9/18/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 9/18/2007 |
| JX32 | Dep. Ex. 2 (excerpt) | 9/18/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 9/18/2007 |
| JX33 | Dep. Ex. 147 | 9/19/2007 | Sale-Leaseback Transaction Analysis, Community Valley Bancorp, 9/19/07 |
| JX34 | Dep. Ex. 154 | 9/21/2007 | Share Repurchase Analysis, Community Valley Bancorp, 9/21/07 |

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX35 | Dep. Ex. 120 | 9/30/2007 | Securities and Exchange Commission, Form 10-Q for 9/30/07, Community Valley Bancorp |
| JX36 | Dep. Ex. 2 (excerpt) | 10/16/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 10/16/2007 |
| JX37 | Dep. Ex. 2 (excerpt) | 10/16/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 10/16/2007 |
| JX38 | CL Ex. 27 | 11/8/2007 | Board of Governors of the Federal Reserve System, Testimony of Ben Bernanke, 11/08/07 |
| JX39 | Dep. Ex. 2 (excerpt) | 11/20/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 11/20/2007 |
| JX40 | Dep. Ex. 2 (excerpt) | 11/20/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 11/20/2007 |
| JX41 | Dep. Ex. 123 | 11/29/2007 | E-mail re Sale and Leaseback Comparison, 11/29/07 |
| JX42 | Dep. Ex. 19 | 12/10/2007 | Report of Examination, Butte Community Bank, examination date 12/10/07 |
| JX43 | CL Ex. 28 | 12/11/2007 | Federal Reserve press release, 12/11/07 |
| JX44 | Dep. Ex. 2 (excerpt) | 12/18/2007 | Minutes of the Board of Directors Meeting, Butte Community Bank, 12/18/2007 |
| JX45 | Dep. Ex. 2 (excerpt) | 12/18/2007 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 12/18/2007 |
| JX46 | Dep. Ex. 97 | 12/31/2007 | Form 10-K, Community Valley Bancorp, f/y/e 12/31/07 |
| JX47 | CL Ex. 1 | 12/31/2007 | Butte 12/31/07 Uniform Bank Performance Report |
| JX48 | | 12/31/2007 | Butte Community Bank Call Report, 12/31/2007 |
| JX49 | Dep. Ex. 188 | 1/1/2008 | Issuer Tender Offer – Timetable & Schedule of Responsibilities, Community Valley Bancorp prepared by Findley |
| JX50 | Dep. Ex. 194 | 1/8/2008 | E-mail re Capital Planning, 1/8/08 |
| JX51 | CL Ex. 169 | 1/11/2008 | E-mail re Tender Offer, 1/11/08 |

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX52 | CL Ex. 38 | 1/11/2008 | CNN Money article re Countrywide rescue |
| JX53 | Dep. Ex. 195 | 1/12/2008 | E-mail re Tender Offer, 1/12/08 |
| JX54 | Dep. Ex. 76 | 1/14/2008 | E-mail re Tender Offer Decision Model, 1/14/08 |
| JX55 | Dep. Ex. 2 (excerpt) | 1/15/2008 | Minutes of the Board of Directors Meeting, Butte Community Bank, 1/15/2008 |
| JX56 | Dep. Ex. 2 (excerpt) | 1/15/2008 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 1/15/2008 |
| JX57 | Dep. Ex. 204 | 1/19/2008 | E-mail re Tender Offer, 1/19/08 |
| JX58 | CL Ex. 29 | 1/22/2008 | Federal Reserve press release, 1/22/08 |
| JX59 | CL Ex. 173 | 1/25/2008 | E-mail re Butte ITO Timetable, revised, 1/25/08 |
| JX60 | Dep. Ex. 90 | 1/30/2008 | E-mail re Tender Offer, 1/30/08 |
| JX61 | CL Ex. 30 | 1/30/2008 | Federal Reserve press release, 1/30/08 |
| JX62 | Dep. Ex. 48 | 1/31/2008 | Minutes of the Regular ALCO Meeting, Butte Community Bank, 1/31/08 |
| JX63 | Dep. Ex. 32 | 1/31/2008 | Letter from Frank Bushnell to Board of Directors re Report of Independent Examination of Butte Community Bank, 1/31/08 |
| JX64 | CL Ex. 175 | 1/31/2008 | E-mail re Howe Barnes valuation |
| JX65 | Dep. Ex. 73 | 2/8/2008 | Community Valley Bancorp, Documentation Report Relating To The Fairness Of The Proposed Tender Offer by Community Valley Bancorp, Chico, CA for up to 1,000,000 of its Common Shares |
| JX66 | Dep. Ex. 206 | 2/11/2008 | E-mail re Tender Offer, 2/11/08 |
| JX67 | Dep. Ex. 78 | 2/12/2008 | E-mail re Option Exercise vs. Tender, 2/12/08 |
| JX68 | Dep. Ex. 209 | 2/13/2008 | E-mail re  Butte Press Release, 2/13/08 |
| JX69 | Dep. Ex. 23 | 2/14/2008 | E-mail re Proposed Entries, 2/14/08 |

47

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX70 | Dep. Ex. 53 | 2/15/2008 | E-mail re: Fwd. Option Exercise vs. Tender, 2/15/08 |
| JX71 | Dep. Ex. 22 | 2/19/2008 | Minutes of the Board of Directors Meeting, Butte Community Bank, 2/19/08 |
| JX72 | Dep. Ex. 2 (excerpt) | 2/19/2008 | Community Valley Bancorp,  Minutes of the Meeting of the Board of Directors (Signed), 2/19/08 |
| JX73 | Dep. Ex. 49 | 2/19/2008 | Revised and unsigned Community Valley Bancorp, Minutes of the Meeting of the Board of Directors, 2/19/08 |
| JX74 | Dep. Ex. 196 | 3/1/2008 | Profit Report CVB, year to date, 3/08 |
| JX75 | Dep. Ex. 21 | 3/10/2008 | Letter from John Coger to Frank Bushnell, 3/10/08 |
| JX76 | Dep. Ex. 109 | 3/13/2008 | United States Securities and Exchange Commission, Schedule TO-1/A-1, Tender Offer Statement |
| JX77 | CL Ex. 39 | 3/17/2008 | CNN Money article re JP Morgan scoops up troubled Bear |
| JX78 | CL Ex. 31 | 3/18/2008 | Federal Reserve press release, 3/18/08 |
| JX79 | Dep. Ex. 2 (excerpt) | 3/25/2008 | Minutes of the Board of Directors Meeting, Butte Community Bank, 3/25/2008 |
| JX80 | Dep. Ex. 2 (excerpt) | 3/25/2008 | Minutes of the Board of Directors Meeting, Community Valley Bancorp, 3/25/2008 |
| JX81 | Dep. Ex. 106 | 3/31/2008 | Form 10-Q, Community Valley Bancorp, quarterly period ended 3/31/08 |
| JX82 | CL Ex. 14 | 3/31/2008 | FDIC Quarterly Banking Profile, First Quarter 2008 |
| JX83 | CL Ex. 2 | 3/31/2008 | Butte 3/31/08 Uniform Bank Performance Report |
| JX84 | | 3/31/2008 | Butte Community Bank Call Report, 3/31/2008 |
| JX85 | Dep. Ex. 59 | 4/1/2008 | The Findley Reports, Call it Repression, 4/08 |
| JX86 | Dep. Ex. 43 | 4/1/2008 | Three County Market Trends Analysis by Evans Appraisal Service |

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX87 | Dep. Ex. 105 | 4/15/2008 | E-mail re CVB's 1st Quarter Newsletter, 4/15/08 |
| JX88 | 10278-BTCB-543763303-002229 | 4/15/2008 | 04/15/08 Bank Minutes of the Meeting of the Board of Directors |
| JX89 | 10278-BTCB-543763303-002233 | 4/15/2008 | 04/15/08 CVB Minutes of the Meeting of the Board of Directors |
| JX90 | Dep. Ex. 80 | 4/22/2008 | E-mail re Dividend Policy, 4/22/08 |
| JX91 | Dep. Ex. 20 | 4/25/2008 | Corporate Newsletter/Number 10, 4/25/08 |
| JX92 | CL Ex. 70 | 4/30/2008 | Minutes of the Regular ALCO Meeting, Butte Community Bank, 4/30/08 |
| JX93 | Dep. Ex. 50 | 5/5/2008 | E-mail re: February meeting minutes, 5/5/08 |
| JX94 | Dep. Ex. 55 | 5/8/2008 | E-mail re: Fwd. CVB Offer, 5/8/08 |
| JX95 | Dep. Ex. 81 | 5/12/2008 | E-mail re Stock Ownership, 5/12/08 |
| JX96 | 10278-BTCB-543763303-002097 | 5/13/2008 | 05/13/08 Bank Minutes of the Meeting of the Board of Directors |
| JX97 | 10278-BTCB-543763303-002101 | 5/13/2008 | 05/13/08 CVB Minutes of the Meeting of the Board of Directors |
| JX98 | Dep. Ex. 83 | 5/29/2008 | E-mail re Opt Exerc Req, 5/29/08 |
| JX99 | Dep. Ex. 84 | 6/17/2008 | E-mail re Risk Based Capital, 6/17/08 |
| JX100 | 10278-BTCB-543763303-001940 to 001936 | 6/17/2008 | 06/17/08 CVB Minutes of the Meeting of the Board of Directors |
| JX101 | 10278-BTCB-543763303-001940 | 6/17/2008 | 06/17/08 Bank Minutes of the Meeting of the Board of Directors |

| Joint Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| JX102 | Dep. Ex. 197 | 6/19/2008 | Minutes of the Annual Meeting, Community Valley Bancorp, 6/19/08 |
| JX103 | 10278-BTCB-543763303-001939 | 6/24/2008 | 06/24/08 CVB Minutes of the Meeting of the Board of Directors |
| JX104 | | 6/30/2008 | FDIC Quarterly Banking Profile for Second Quarter of 2008 |
| JX105 | Dep. Ex. 39 | 6/30/2008 | Commercial Pledge Agreement |
| JX106 | | 6/30/2008 | Butte Community Bank Call Report 6/30/2008 |
| JX107 | Dep. Ex. 100 | 8/21/2008 | Letter from BankVision to Butte Community Bank Audit Committee, 8/21/08 |
| JX108 | Dep. Ex. 26 | 8/26/2008 | Outstanding Findings By, 8/26/08 |

## ATTACHMENT D: FDIC-R'S EXHIBIT LIST

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 1 | Dep. Ex. 45 | 9/1/2002 | Community Valley Bank, Management Services Monthly Fees Allocation, 9/02 |
| 2 | Dep. Ex. 95 | 5/31/2006 | E-mail re Sale/Leaseback Accounting, 5/31/06 |
| 3 | Dep. Ex. 180 | 1/1/2007 | The Findley Reports, Reflections on a Plane, 1/07 |
| 4 | 10278-BTCB-543763303-002508 | 3/1/2007 | Profit Report CVB-Year to Date 03/07 |
| 5 | Dep. Ex. 110 | 4/3/2007 | E-mail re Budget Adjustment |
| 6 | Dep. Ex. 7 | 6/6/2007 | Notice of Annual Meeting of Shareholders, Community Valley Bancorp, 6/6/07 |
| 7 | 10278-N000000017703 | 8/1/2007 | Email re: Buy Back- Gene's Input, 8/1/2007 |
| 8 | Dep. Ex. 183 | 8/1/2007 | The Findley Reports, Nasty and Ugly, 8/07 |
| 9 | Dep. Ex. 8 | 8/1/2007 | E-mail re Buy Back – Gene's input, 8/1/07 |
| 10 | 10278-N000000017688-89 | 8/2/2007 | E-mail re Buy Back - Gene's Input, 8/2/2007 |
| 11 | Dep. Ex. 200 | 8/9/2007 | E-mail re Sale and Lease Back Funds Usage For Share Buy Back, 8/9/07 |
| 12 | Dep. Ex. 159 | 9/5/2007 | E-mail re CVB's Decision Not to Use Sandler O'Neill for Tender Offer, 9/5/07 |
| 13 | Dep. Ex. 28 | 9/18/2007 | Board fees receipt, 9/18/07 for Townshend |
| 14 | 10278-N000000016979 | 9/21/2007 | Email re: information leak, 9/21/2007 |
| 15 | Dep. Ex. 185 | 12/1/2007 | The Findley Reports, What Are We Thankful For?, 12/07 |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 16 | Public, provided by email | 12/13/2007 | FDIC Pocket Guide for Directors – Guidelines for Financial Institutions Directors |
| 17 | Dep. Ex. 16 | 12/14/2007 | Credit Memo – Borrower: …., Guarantors: …., et al., 12/14/07 |
| 18 | CMJ007890 | 12/15/2007 | Butte Community Bank 2008 Budget (Original) |
| 19 | Dep. Ex. 36 | 1/1/2008 | The Findley Reports, Expect the Unexpected, 1/08 |
| 20 | Dep. Ex. 96 | 1/1/2008 | Fixed Assets, Rollforward of book/tax/ differences |
| 21 | Dep. Ex. 25 | 1/2/2008 | Community Valley Bancorp and Subsidiaries, Services To/From  Affiliates, 1/2/08 |
| 22 | Dep. Ex. 129 | 1/4/2008 | E-mail re The Findley Reports Banking Newsletter, 1/4/08 |
| 23 | Dep. Ex. 18 excerpt, HT03515-18 | 1/8/2008 | Minutes of the Loan Committee, 1/8/2008 |
| 24 | Dep. Ex. 14 | 1/10/2008 | Memo re Board of Directors Meeting, 1/10/08 and 12/07 minutes for Bank and Holding Co. |
| 25 | Dep. Ex. 18 (first page only); HT03509 | 1/15/2008 | Butte Community Bank 2008 Budget (Revised) |
| 26 | 10278-BTCB-543763306-000313 | 1/15/2008 | Profit Report Budget/Actual December-2007 |
| 27 | 10278-BTCB-543763306-000347 | 1/15/2008 | Profit Report CVB Year to Date December 2007 |
| 28 | Dep. Ex. 52 | 1/16/2008 | E-mail re: Tender Offer, 1/16/08 |
| 29 | CL Ex. 172 | 1/19/2008 | E-mail re Tender Offer, 1/19/08 |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 30 | Public, provided by email | 1/23/2008 | James Rickards' January 23, 2008 SEC Form 4 |
| 31 | Dep. Ex. 205 | 1/31/2008 | E-mail re value of Community Valley Bank shares |
| 32 | Dep. Ex. 58 | 2/1/2008 | The Findley Reports, Ch-Ch-Ch-Change |
| 33 | Dep. Ex. 77 | 2/7/2008 | E-mail Re Director Fees, 2/7/08 |
| 34 | 10278-N000000014954 | 2/13/2008 | E-mail re We have all received an invitation for dinner, 2/13/2008 |
| 35 | Dep. Ex. 46 | | Capital, Earnings and Dividend Policy, Butte Community Bank |
| 36 | Dep. Ex. 47 | | Asset/Liability Management Policy, Butte Community Bank |
| 37 | Dep. Ex. 17 | 2/14/2008 | Memo re Board of Directors Meeting, 2/14/08 |
| 38 | Public, provided by email | 2/15/2008 | Hubert Townshend's February 15, 2008 SEC Form 4 |
| 39 | Public, provided by email | 2/15/2008 | Robert Morgan's February 15, 2008 SEC Form 4 |
| 40 | Public, provided by email | 2/15/2008 | John Lanam's February 15, 2008 SEC Form 4 |
| 41 | Public, provided by email | 2/15/2008 | Ellis Matthews' February 15, 2008 SEC Form 4 |
| 42 | Dep. Ex. 29 | 2/19/2008 | Board fees receipt, 2/19/08 for Townshend |
| 43 | 10278-N000000380819 | 2/28/2008 | E-mail re Dinner in Hawaii, 2/28/2008 |
| 44 | CJM001296 | 2/28/2008 | February 2008 Profit Report For CVB – Year to Date |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 45 | 10278-BTCB-543763303-002454 | 3/1/2008 | Profit Report Budget/Actual 03/08 |
| 46 | 10278-BTCB-543763303-002479 to 002480 | 3/1/2008 | CVB Stock Information for 03/08 |
| 47 | 10278-BTCB-543763303-002370 | 3/4/2008 | 03/04/08 CVB Minutes of the Meeting of the Board of Directors |
| 48 | 10278-N000000014394-95 | 3/7/2008 | E-mail re Howe Barnes - Dinner location, 3/7/2008 |
| 49 | 10278-BTCB-543763303-002384 | 3/12/2008 | 03/12/08 Minutes of the Audit Committee |
| 50 | Dep. Ex. 60 | 3/17/2008 | Financial Institution Letters, Managing Commercial Real Estate Concentrations in a Challenging Environment, 3/17/08 |
| 51 | 10278-BTCB-543763303-002420 | 3/31/2008 | 03/31/08 Qualitative Factor Considerations |
| 52 | Public, provided by email | 3/31/2008 | FDIC Quarterly Banking Profile for Fourth Quarter of 2007 |
| 53 | 10278-BTCB-543763303-002228 | 4/1/2008 | 04/08 Executive Summary |
| 54 | 10278-BTCB-543763303-002303 | 4/1/2008 | Profit Report Budget/Actual 04/08 |
| 55 | 10278-BTCB-543763303-002360 | 4/1/2008 | Profit Report CVB-Year to Date 04/08 |
| 56 | Dep. Ex. 79 | 4/5/2008 | E-mail re trading of CVB shares |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 57 | Dep. Ex. 42 | 4/10/2008 | Memo re Board of Directors Meeting, 4/10/08 attaching minutes for March 2008 of Bank and Holding Co. |
| 58 | 10278-BTCB-543763303-002251 | 4/15/2008 | 04/15/08 Minutes of the Audit Committee |
| 59 | 10278-BTCB-543763303-002234 | 4/29/2008 | 04/29/08 CVB Minutes of the Special Meeting of the Board of Directors |
| 60 | 10278-BTCB-543763303-002248 | 4/29/2008 | 04/29/08 Minutes of the Loan Committee |
| 61 | Dep. Ex. 126 | 5/6/2008 | E-mail Fwd: RE Cartoon |
| 62 | 10278-BTCB-543763303-002114 | 5/7/2008 | 05/07/08 Audit Committee Minutes |
| 63 | Dep. Ex. 125 | 5/8/2008 | E-mail re Tender Offer distribution, 5/8/08 |
| 64 | Public, provided by email | 5/9/2008 | Robert Ching's May 9, 2008 SEC Form 4 |
| 65 | Public, provided by email | 5/9/2008 | John Coger's May 9, 2008 SEC Form 4 |
| 66 | Public, provided by email | 5/9/2008 | Eugene Even's May 9, 2008 SEC Form 4 |
| 67 | Public, provided by email | 5/9/2008 | John Lanam's May 9, 2008 SEC Form 4 |
| 68 | Public, provided by email | 5/9/2008 | Donald Leforce's May 9, 2008 SEC Form 4 |
| 69 | Public, provided by email | 5/9/2008 | Ellis Matthews' May 9, 2008 SEC Form 4 |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 70 | Public, provided by email | 5/9/2008 | Robert Morgan's May 9, 2008 SEC Form 4 |
| 71 | Public, provided by email | 5/9/2008 | Keith Robbins' May 9, 2008 SEC Form 4 |
| 72 | Public, provided by email | 5/9/2008 | Gary Strauss' May 9, 2008 SEC Form 4 |
| 73 | Public, provided by email | 5/9/2008 | Hubert Townshend's May 9, 2008 SEC Form 4 |
| 74 | Public, provided by email | 5/12/2008 | CVB 5/12/2008 10-Q |
| 75 | Dep. Ex. 82 | 5/15/2008 | E-mail re 2008 BCB Budget, 5/15/08 |
| 76 | CJM001336 | 5/31/2008 | May 2008 Profit Report For CVB – Year to Date |
| 77 | Dep. Ex. 186 | 6/1/2008 | The Findley Reports, Required Regulatory Interaction, 6/08 |
| 78 | 10278-BTCB-543763303-001953 | 6/17/2008 | June 17, 2008 Minutes of the Audit Committee |
| 79 | BC000061-79 | 6/19/2008 | CVB Proxy Statement, June 19, 2008 Annual Meeting |
| 80 | 10278-N000000364669 | 6/23/2008 | E-mail "Tomorrow Morning" from Coger to Robbins |
| 81 | Public, provided by email | 6/27/2008 | CVB 6/27/2008 8-K |
| 82 | 10278-BTCB-543763303-001955 | 6/30/2008 | June 30, 2008 Profit Report For CVB – Year to Date |
| 83 | | 6/30/2008 | FDIC UPBR |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 84 | Dep. Ex. 156 | 7/7/2008 | E-mail re yikes…tender offer, now this…, Community Valley Bancorp quarterly dividend, 7/7/08 |
| 85 | 10278-N000000010083 | 7/25/2008 | CVB Corporation Newsletter dated 07/25/08 |
| 86 | Dep. Ex. 44 | 7/25/2008 | Community Valley Bancorp, Accounts Payable Register. 7/25/08 |
| 87 | | 8/8/2008 | CVB 8/8/2008 10-Q |
| 88 | Dep. Ex. 34 | 8/28/2008 | E-mail re Dividend Up Resolution, 8/28/08 |
| 89 | 10278-BTCB-543763303-001469 | 9/16/2008 | 9/16/2008 Butte Community Bank Board of Directors Meeting Minutes |
| 90 | 10278-BTCB-543763306-000910 | 9/16/2008 | Declaration of Dividend Up from Butte Community Bank to Community Valley Bancorp, 9/16/2008 |
| 91 | Public, provided by email | 9/19/2008 | CVB 9/19/2008 8-K |
| 92 | Public, provided by email | 9/30/2008 | FDIC Quarterly Banking Profile for Third Quarter of 2007 |
| 93 | Dep. Ex. 93 | 10/28/2008 | E-mail re News Article (Director Obligation Article) |
| 94 | Public, provided by email | 11/6/2008 | CVB 11/6/2008 10-Q |
| 95 | Dep. Ex. 94 | 11/19/2008 | E-mail re Pocket Guide for Directors, 11/19/08 |
| 96 | Dep. Ex. 35 | 12/16/2008 | Declaration of Dividend Up from Butte Community Bank to Community Valley Bancorp, 12/16/08 |
| 97 | Dep. Ex. 15 excerpt, HT03393-96 | 12/18/2008 | Minutes of the Loan Committee, 12/18/2007 |
| 98 | BC00086 | 12/31/2008 | CVB 2008 Bank Statements |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 99 | PerrySmith00004306 | 12/31/2008 | Perry Smith Audit Workpapers 2009 |
| 100 | Public, provided by email | 3/3/2009 | CVB 3/3/2009 10-K |
| 101 | GSF004232-53 | 6/19/2009 | CVB Proxy Statement, June 19, 2009 Annual Meeting |
| 102 | 10278-N000000007554-56 | 6/30/2009 | E-mail re: $500,000 Principal Payment |
| 103 | Dep. Ex. 92 | 10/11/2009 | E-mail re Fwd: FW: some additional thoughts, 10/11/09 |
| 104 | BC00087 | 12/31/2009 | CVB 2009 Bank Statements |
| 105 | PerrySmith00006630 | 12/31/2009 | Perry Smith Audit Workpapers 2008 |
| 106 | Public, provided by email | 4/25/2010 | CVB 4/15/2010 10-K |
| 107 | Public, provided by email | 4/30/2010 | E-mail re: Tender Offer, 4/30/10 |
| 108 | BC00056-74 | 6/3/2010 | CVB Proxy Statement, June 3, 2010 Annual Meeting |
| 109 | Public, provided by email | 3/31/2016 | Butte Community Bank Receivership Balance Statement Summary |
| 110 | Public, provided by email | 9/1/1964 | Accounting Standards Board Opinion No. 5 |
| 111 | Public, provided by email | 11/1/1976 | Statement of Financial Accounting Standards No. 13 |
| 112 | Public, provided by email | 5/1/1979 | Statement of Financial Accounting Standards No. 28 |

58

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 113 | Public, provided by email | 10/1/1982 | Statement of Financial Accounting Standards No. 66 |
| 114 | Dep. Ex. 75 | 11/14/1985 | Federal Reserve Board Policy Statement, 11/14/85 |
| 115 | Public, provided by email | 5/1/1988 | Statement of Financial Accounting Standards No. 98 |
| 116 | | 12/3/1992 | FDIC Statement Concerning the Responsibilities of Bank Directors and Officers – FIL-87-92 |
| 117 | Public, provided by email | 5/1/1993 | Statement of Financial Accounting Standards No. 114 |
| 118 | Dep. Ex. 179 | 2/22/2013 | Correction of Gary Steven Findley administrative deposition regarding the Community Valley Bancorp shares owned |
| 119 | Dep. Ex. 70 | 11/13/2013 | Answer, Affirmative Defenses And Jury Demand Of Defendants Robert Ching, Eugene Even, Donald Leforce, Ellis Matthews, Luther McLaughlin, Robert Morgan, James Rickards, Gary Strauss, Hubert Townshend, John Coger And Keith Robbins |
| 120 | Dep. Ex. 108 | 3/17/2014 | Declaration of Keith Robbins in Support Of Defendants' Motion For Summary Judgment, Or In The Alternative, Partial Summary Judgment, On Plaintiff's Complaint |
| 121 | Dep. Ex. 74 | 5/1/2014 | Capital Earnings and Dividend Policy, Butte Community Bank Documents |
| 122 | Dep. Ex. 128 | 1/19/2015 | Defendant Keith Robbins' Response to Plaintiff's First Set of Interrogatories |
| 123 | Dep. Ex. 130 | 1/19/2015 | Defendant Robert Morgan's Response To Plaintiff's First Set Of Interrogatories |
| 124 | Dep. Ex. 56 | 1/19/2015 | Defendant John Coger's Response to Plaintiff's First Set of Interrogatories |
| 125 | Dep. Ex. 57 | 1/19/2015 | Verification, John Coger, 1/19/15 |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---------|---------------------------|---------------|------------------------|
| 126 | Dep. Ex. 71 | 1/19/2015 | Defendant Gary Strauss's Response To Plaintiff's First Set Of Interrogatories |
| 127 | Dep. Ex. 91 | 1/19/2015 | Defendant Donald Leforce's Response to Plaintiff's First Set of Interrogatories |
| 128 | Dep. Ex. 176 | 6/30/2015 | Butte Community Bank Receivership Balance Statement Summary |
| 129 | Dep. Ex. 103 | 8/18/2015 | Historical Changes of the Target Federal Funds and Discount Rates |
| 130 | RE Ex. C | 11/27/2015 | "Butte Community bank BOD Minutes, Asset Liability Management Reports" |
| 131 | RE Ex. D | 11/27/2015 | "Butte Community Bank, Net Income vs. Dividends Paid" |
| 132 | RE Ex. E | 11/27/2015 | "Community Valley Bancorp, Dividends Paid" |
| 133 | RE Ex. F | 11/27/2015 | "Proceeds Paid to Defendants as a Result of the Tender Offer" |
| 134 | TH Ex. 10 | 11/27/2015 | Percent Change in Nominal Home Prices S&P Case Shiller Index (2002-2007) |
| 135 | TH Ex. 11 | 11/27/2015 | Residential Loan Delinquency Rates, U.S. Federal Reserve (1992-2008) |
| 136 | TH Ex. 12 | 11/27/2015 | Commercial Bank Loan Delinquency Rate, Federal Deposit Insurance Corporation (2005-2007) |
| 137 | TH Ex. 13 | 11/27/2015 | Ration California Median Price to U.S. Median, National Association of Realtors and California Association of Realtors (1993-2010) |
| 138 | TH Ex. 14 | 11/27/2015 | Share of Mortgages Delinquent 90 Days Plus 9New York Federal Reserve (2003-2010) |
| 139 | TH Ex. 15 | 11/27/2015 | Months Supply of Existing Homes, California Association of Realtors (2003-2008) |
| 140 | TH Ex. 16 | 11/27/2015 | California Notices of Default, DataQuick (2002-2011) |
| 141 | TH Ex. 17 | 11/27/2015 | Index of Home Sale, DataQuick (2002-2010) |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---|---|---|---|
| 142 | TH Ex. 18 | 11/27/2015 | Index of Home Prices, DataQuick (2002-2010) |
| 143 | TH Ex. 19 | 11/27/2015 | Index of Trustee Deeds Files, DataQuick (1994-2010) |
| 144 | TH Ex. 20 | 11/27/2015 | Area Names and Locations |
| 145 | TH Ex. 21 | 11/27/2015 | Change in Median Home Prices, DataQuick (2002-2006) |
| 146 | TH Ex. 22 | 11/27/2015 | Existing Home Sales, DataQuick (2002-2010) |
| 147 | TH Ex. 23 | 11/27/2015 | New Home Sales, DataQuick (2004-2008) |
| 148 | TH Ex. 24 | 11/27/2015 | Trustee Deeds Filed, DataQuick (2002-2010) |
| 149 | TH Ex. 25 | 11/27/2015 | Single Family Housing Permits, Construction Industry Research Board (2002-2010) |
| 150 | TH Ex. 26 | 11/27/2015 | Residential Sales Statistics Presented in Evan's report to Butte Bank (2005-2007) |
| 151 | TH Ex. 27 | 11/27/2015 | Evans Report Outlook for Local Residential Real Estate for 2008 |
| 152 | TH Ex. 5 | 11/27/2015 | Real Investments in Structures, Bureau of Economic Analysis (1958-2014) |
| 153 | TH Ex. 6 | 11/27/2015 | Building Permits, U.S. Census Bureau (1962-2014) |
| 154 | TH Ex. 7 | 11/27/2015 | Sales and Inventories of New Single Family Homes (2003-2007) |
| 155 | TH Ex. 8 | 11/27/2015 | Existing Home Sales, National Association of Realtors (1990-2010) |
| 156 | TH Ex. 9 | 11/27/2015 | Real Home Price Index, S&P Case Shiller Index and U.S. Bureau of Labor Statistics (1960-2011) |
| 157 | TH Ex. 29 | 1/18/2005 | Baker, Dean. "Trouble At Home: The Housing Bubble." *Around the Kitchen Table*. 18 Jan. 2005. |
| 158 | TH Ex. 34 | 5/27/2005 | Krugman, Paul. "Running out of Bubbles." *The New York Times* 27 May 2005. |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---------|----------------------------|---------------|------------------------|
| 159 | TH Ex. 30 | 6/3/2005 | Brand, Madeleine. "Yale Professor Predicts Housing 'Bubble' Will Burst." *Day to Day*. National Public Radio. 2005. Radio. Transcript. |
| 160 | TH Ex. 37 | 6/27/2005 | Myerhoff, Matt. "Burst of Real Estate Bubble Could Result in Recession, Economists Say." *Los Angeles Business Journal* 27 June 2005. |
| 161 | TH Ex. 35 | 8/8/2005 | Krugman, Paul. "That Hissing Sound." *The New York Times* 8 Aug. 2005. |
| 162 | TH Ex. 36 | 8/21/2005 | Leonhardt, David. "Be Warned: Mr. Bubble's Worried Again." *The New York Times* 21 Aug. 2005. |
| 163 | TH Ex. 44 | 9/28/2005 | Sing, Bill. "Peak for Housing Said to Be Near." *Los Angeles Times* 28 Sept. 2005. |
| 164 | TH Ex. 28 | 3/30/2006 | Baker, Dean. "The Menace of an Unchecked Housing Bubble." *The Economists' Voice* 3.4. 30 Mar. 2006. |
| 165 | TH Ex. 45 | 8/15/2006 | Vincent, Roger. "Real Estate Economist Leaves UCLA Forecast." *Los Angeles Times* 15 Aug. 2006. |
| 166 | TH Ex. 39 | 8/23/2006 | Nutting, Rex. "Recession Will Be Nasty and Deep, Economist Says." *Market Watch*. The Wall Street Journal, 23 Aug. 2006. |
| 167 | TH Ex. 41 | 9/24/2006 | Robledo, S. Jhoanna. "The Descent: One Extreme View of How Long This Market Will Last." *New York Magazine* 24 Sept. 2006. |
| 168 | TH Ex. 46 | 2/4/2007 | Wilcox, Gregory. "California foreclosure rate climbs to 8-year high" Chicago Tribune 04 Feb. 2007. |
| 169 | TH Ex. 43 | 8/17/2007 | Sacramento new-home prices, sales tumble Sacramento Business Journal 17 Aug. 2007. |
| 170 | TH Ex. 40 | 8/20/2007 | Record number of homes on market as sales drop *Sacramento Business Journal* 20 Aug. 2007. |

| Ex. No. | Bates No./Other Identifier | Document Date | Description Of Exhibit |
|---------|---------------------------|---------------|----------------------|
| 171 | TH Ex. 31 | 10/21/2007 | Celaschi, Robert. "Housing haunts 2008 outlook" Sacramento Business Journal 21 Oct. 2007. |
| 172 | TH Ex. 33 | 10/24/2007 | Home sales drop almost 40 percent in September *Sacramento Business Journal* 24 Oct. 2007. |
| 173 | TH Ex. 38 | 10/26/2007 | New-home building permits plummet *Sacramento Business Journal* 26 Oct. 2007. |
| 174 | TH Ex. 42 | 2/25/2008 | Sacramento home prices tumble 28 percent Sacramento Business Journal 25 Feb. 2008. |
| 175 | TH Ex. 32 | 2/28/2008 | Home building permits fall 66 percent *Sacramento Business Journal* 28 Feb. 2008. |

## ATTACHMENT E: DEFENDANTS' EXHIBIT LIST

| Ex. No. | Description and Identifying Information |
|---|---|
| A | May 11, 1990 Butte Community Bank Articles of Incorporation<br><br>Bates No. Butte-01109003. |
| B | May 22, 1990 Butte Community Bank Bylaws Bates No. 10278-N000000461799 (Excerpts from Clinton Report Exhibit 55) |
| C | November 1997 Butte Community Bank CDFI Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000531 |
| D | December 31, 1998 FDIC Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000501 |
| E | June 30, 2000 FDIC Report of Examination 10278-BTCB-543763322-000466 |
| F | September 24, 2001 State of CDFI Report of Examination<br><br>Bates No. 10278-BTCB-543763306-000964 |
| G | June 30, 2002 FDIC Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000425 |
| H | December 17, 2002 Minutes of the Board meeting<br><br>Bates No. FDIC-R-BUT-CHI-0000773-775 (Excerpts from Clinton Report Exhibit 55) |
| I | September 30, 2003 FDIC Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000402 |
| J | September 21, 2004 Butte Community Bank Amended and Restated Director Deferred Fee Agreement |
| K | September 30, 2004 FDIC Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000381 |
| L | December 5, 2005 State of CDFI Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000360 |
| M | 2005 FDIC Quarterly Banking Profile (Last Updated February 28, 2006)<br><br>Clinton Report Exhibit 13 |
| N | September 2006 Community Valley Bancorp Quarterly Report |
| O | September 30, 2006 FDIC Report of Examination<br><br>Bates No. 10278-BTCB-543763322-000328 |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| P | December 31, 2006 Community Valley Bancorp 10K Annual Report |
| Q | 2003-2007 SNL Data Share Repurchase Activity<br>Clinton Report Exhibit 20 |
| R | 2007 Butte Community Bank Budget Notes<br>(Deposition Exhibit #7) |
| S | 2007 Compensation Committee Resolution of Increased Benefits for Keith Robbins |
| T | January 16, 2007 to December 16, 2008 Minutes of Bank and CVB Board of Directors Meeting<br>(Deposition Exhibit #2) |
| U | March 26, 2007 Email from Richard Tuohey to K Robbins Subject: Sale-Leaseback Transactions of Bank Owned Property to Middle Market Banks (Deposition Exhibit #131) |
| V | March 26, 2007 Email from Richard Tuohey to K Robbins Subject: Sale-Leaseback Model<br>(Deposition Exhibit #148) |
| W | March 31, 2007 PeerPoint Customized Performance Analysis (Deposition Exhibit #11) |
| X | April 5, 2007 Email from Keith Robbins to Richard Tuohey re: Sale-Leaseback transactions of Bank owned property to middle market banks<br>(Deposition Exhibit #132) |
| Y | May 3, 2007 Email from Keith Robbins to Gary Findley re: Tender Offer<br>(Deposition Exhibit #111) |
| Z | May 4, 2007 Email from Gary Findley to Keith Robbins re: Tender Offer<br>(Deposition Exhibit #190) |
| AA | April 30, 2007 SEC Schedule 14A |
| BB | May 15, 2007 Bank/CVB Minutes of the Board of Directors Meeting<br>(Deposition Exhibit #62) |
| CC | May 23, 2007 Email from Tom Killian to Calum Robertson re: Sale Leaseback Conference Call Community Valley Bancorp<br>(Deposition Exhibit #149) |
| DD | May 24, 2007 Community Valley Bancorp Sale-Leaseback Transaction Analysis<br>(Deposition Exhibit #38) |
| EE | June 2007 Community Valley Bancorp Tender Offer<br>(Deposition Exhibit #199) |

65

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| FF | June 19, 2007 Bank/CVB Minutes of the meeting of the Board of directors <br> (Deposition Exhibit #64) |
| GG | June 22, 2007 email from Keith Robbins to John Coger re: Stockman's <br> (Deposition Exhibit #112) |
| HH | July 2, 2007 Email from Peter Buck to Adam Keefer re cvll model (without attachments) |
| II | July 2, 2007 Sandler O'Neill Sale Leaseback Analysis <br> (Deposition Exhibit #133) |
| JJ | July 3, 2007 Email from Peter Buck to Murray Bodine re: updated analysis for project nba <br> (Deposition Exhibit #157) |
| KK | July 3, 2007 Email from Adam Keefer to Keith Robbins re: Additional Analysis <br> (Deposition Exhibit #167) |
| LL | July 5, 2007 email from Keith Robbins to Adam Keefer re: additional analysis <br> Clinton Report Exhibit 101 |
| MM | July 5, 2007 Email from Adam Keefer to Keith Robbins re: Additional Analysis <br> (Deposition Exhibit #168) |
| NN | July 6, 2007 Email from Adam Keefer to Keith Robbins re: Additional Analysis <br> (Deposition Exhibit #151) |
| OO | July 16, 2007 Email from Peter Buck to Murray Bodine re: Cvll <br> (Deposition Exhibit #166) |
| PP | July 16, 2007 Email from Richard Tuohey to Tom Killian re: Sale/lease <br> (Deposition Exhibit #135) |
| QQ | July 16, 2007 Email from Richard Tuohey to Adam Keefer re: Sale/lease <br> (Deposition Exhibit #136) |
| RR | July 16, 2007 Email from Adam Keefer to Richard Tuohey re: Repurchase slides for krobbins <br> (Deposition Exhibit #137) |
| SS | July 17, 2007 Email from Richard Tuohey to Keith Robbins re: Updated model with stock buyback <br> (Deposition Exhibit #138) |
| TT | July 17, 2007 CVB share repurchase Analysis Sandler O'Neill <br> (Deposition Exhibit #139) |

| Ex. No. | Description and Identifying Information |
|---|---|
| UU | July 17, 2007 Email from Keith Robbins to John Coger re: updated model with stock buyback<br>Clinton Report Exhibit 111 |
| VV | July 19, 2007 Email from Tom Killian to gblumenthal@afrt.com re: update model with stock buyback<br> (Deposition Exhibit #141) |
| WW | July 19, 2007 Email from Tom Killian to Richard Tuohey re: updated model with stock buyback<br>(Deposition Exhibit #140) |
| XX | July 23, 2007 CVB Share Repurchase Analysis Sandler O'Neill<br>(Deposition Exhibit #1) |
| YY | Email from Adam Keefer to Richard Tuohey re: updated model with stock buyback<br>(Deposition Exhibit #142) |
| ZZ | July 23, 2007 Email from Richard Tuohey to Keith Robbins re: Model with Revisions<br>(Deposition Exhibit #144) |
| A-1 | July 23, 2007 Email from Richard Tuohey to Keith Robbins re: Model with Revisions<br>(Deposition Exhibit #153) |
| A-2 | July 24, 2007 Bank/CVB Minutes of the meeting of the Board of Directors<br>(Deposition Exhibit #65) |
| A-3 | July 24, 2007 Butte Community Bank Amended and Restated Executive Supplemental Retirement Plan Executive Agreement |
| A-4 | July 26, 2007 Email from Don Leforce to Bert & Debbie Townshend re: Strategic Planning<br>(Deposition Exhibit #5) |
| A-5 | August 6, 2007 Sale Leaseback Analysis Sandler O'Neill<br>(Deposition Exhibit #145) |
| A-6 | INTENTIONALLY LEFT BLANK |
| A-7 | August 7, 2007 Board of Governors of the Federal Reserve System Press Release<br>Clinton Report Exhibit 24 |
| A-8 | August 9, 2007 Email from Keith Robbins to John Coger re: background for 8/21 meeting<br>(Deposition Exhibit #200) |
| A-9 | August 10, 2007 CVB Sale Leaseback Transaction Analysis<br>(Deposition Exhibit #146) |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-10 | August 21, 2007 Community Valley Bancorp Butte Community Bank Board Discussion (Deposition Exhibit #6) |
| A-11 | August 21, 2007 Community Valley Bancorp Butte Community Bank Board Discussion (Deposition Exhibit #27) |
| A-12 | August 21, 2007 Bank/CVB Minutes of the Board of Directors Meeting (Deposition Exhibit #9) |
| A-13 | August 21, 2007 Community Valley Bancorp Butte Community Bank Board Discussion (Deposition Exhibit #5) |
| A-14 | August 27, 2007 Email from Murray Bodine to Keith Robbins re: here it is in word form with a few blanks (Deposition Exhibit #169) |
| A-15 | August 31, 2007 Email from Don Leforce to Gayle Lee re: Stock Price run up (Deposition Exhibit #86) |
| A-16 | September 2, 2007 Email from Gary Findley to Don Leforce re: Stock Price run up Clinton Report Exhibit 129 |
| A-17 | September 30, 2007 CVB 10-Q |
| A-18 | September 2007 Bank internal Executive Summary |
| A-19 | September 5, 2007 Email from Keith Robbins to Murray Bodine re: here it is in word form with a few blanks (Deposition Exhibit #118) |
| A-20 | September 5, 2007 Email from Murray Bodine to Adam Keefer re: here it is in word form with a few blanks (Deposition Exhibit #159) |
| A-21 | September 6, 2007 Email from Don Leforce to Gary Strauss re: Increase in stock price (Deposition Exhibit #87) |
| A-22 | September 7, 2007 Community Valley Bancorp Sale Lease Back Transaction Analysis (Deposition Exhibit #127) |
| A-23 | September 7, 2007 Email from Keith Robbins to John Coger re: Sandler Clinton Report Exhibit 133 |
| A-24 | September 7, 2007 Email from Richard Tuohey to Keith Robbins and John Coger re Updated Sale Leaseback numbers, and attachment (Excerpts from Clinton Report Exhibit 55) |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-25 | September 10, 2007 Sale and Lease Back Funds Usage for Share Buy Back KR00022 |
| A-26 | September 11, 2007 Email from Peter Buck to Murray Bodine re: Repurchase Analysis (Deposition Exhibit #160) |
| A-27 | September 12, 2007 Email from Keith Robbins to Gary Findley re: Tender Offer Clinton Report Exhibit 136 |
| A-28 | September 12, 2007 Email from Jeffrey Jones to Keith Robbins re: Meeting September 27 Clinton Report Exhibit 137 |
| A-29 | September 14, 2007 Email from Adam Keefer to Peter Buck re revised analysis for cvll (without attachment) |
| A-30 | September 17, 2007 Community Valley Bancorp Share Repurchase Analysis Sandler O'Neil & Partners (Deposition Exhibit #161) |
| A-30 | September 17, 2007 Community Valley Bancorp Share Repurchase Analysis Sandler O'Neil & Partners (Deposition Exhibit #161) |
| A-31 | September 18, 2007 Bank/CVB Minutes of the board of directors meeting (Deposition Exhibit #10) |
| A-32 | September 18, 2007 Federal Reserve Press Release Clinton Report Exhibit 25 |
| A-33 | September 19, 2007 Email from Denna McGhee to Keith Robbins re: Cvll repurchase analysis (Excerpts from Clinton Report Exhibit 55) |
| A-34 | September 20, 2007 Email from Keith Robbins to John Coger, Don Leforce re: cvll repurchase analysis (with attached September 19, 2007 Email from Denna McGhee to Keith Robbins and Gary Findley Re: cvll repurchase analysis, and attachment) (Clinton Report Exhibit 141) |
| A-35 | September 21, 2007 Email from Adam Keefer to Peter Buck re analysis for cvll (without attachment) |
| A-36 | September 21, 2007 Email from Adam Keefer to Peter Buck RE: cvll (without attachment), and attached September 21, 2007 email string from Peter Buck to Adam Keefer |
| A-37 | September 21, 2007 Email from Adam Keefer to Peter Buck re Attachments: 07-09-21CVLL.pdf (but without attachment) |
| A-38 | September 21, 2007 Email from Peter Buck to Keith Robbins re: repurchase analysis (Deposition Exhibit #164) |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-39 | September 21, 2007 CVB Share Repurchase Analysis Sandler O'Neill<br>Clinton Report Exhibit 144 |
| A-40 | September 21, 2007 Email from Don Leforce to Gary Strauss re: Tender Offer<br>(Deposition Exhibit #119) |
| A-41 | September 21, 2007 Email from Don Leforce to Gary Strauss re: Information leak<br>(Deposition Exhibit #88) |
| A-42 | October 2, 2007 email from Keith Robbins to Denna McGhee re: cvll repurchase analysis (Clinton Report Exhibit 147) |
| A-43 | October 11, 2007 Email from Keith Robbins to Laura re: ITO<br>(Deposition Exhibit #191) |
| A-44 | October 16, 2007 Bank/CVB Minutes of the board of Directors meeting<br>(Deposition Exhibit #11) |
| A-45 | October 16, 2007 Bank/CVB Minutes of the board of Directors meeting<br>Bates No. FDIC00409-412 |
| A-46 | October 17, 2007 Email from Keith Robbins to Gary Findley re: Stolen Laptop<br>Clinton Report Exhibit 151 |
| A-47 | October 17, 2007 Email from Keith Robbins to Gary Findley re: Tender Offer<br>(Deposition Exhibit #121) |
| A-48 | October 22, 2007 Email from Gary Findley to Keith Robbins re: Open Period<br>(Deposition Exhibit #202) |
| A-49 | October 25, 2007 Email from Gary Findley to Don Leforce re: Tender Offer & information breach<br>(Deposition Exhibit #203) |
| A-50 | October 26, 2007 email from Keith Robbins to McLaughlin<br>Re: tender offer & information breach<br>Clinton Report Exhibit 154 |
| A-51 | October 31, 2007<br>Federal Reserve Press Release<br>Clinton Report Exhibit 26 |
| A-52 | November 7, 2007 Sale and Lease Back expense comparison<br>Clinton Report Exhibit 155 |

70

| Ex. No. | Description and Identifying Information |
|---|---|
| A-53 | November 20, 2007 Bank/CVB Minutes of the board of directors meeting (Deposition Exhibit #12) |
| A-54 | December 2007 Executive Summary Butte Community Bank |
| A-55 | December 4, 2007 Minutes of the Loan Committee Butte Community Bank  (Deposition Exhibit #15) |
| A-56 | December 10, 2007 CDFI Report of Examination Bates No. FDIC00183 |
| A-57 | 2007 California Public Bank Pricing Clinton Report Exhibit 21 |
| A-58 | 2007 Holding Company Capital Analysis Publicly traded western banks Clinton Report Exhibit 45 |
| A-59 | 2000-2008 Bank Merger Data Clinton Report Exhibit 19 |
| A-60 | 2001-2008 Labor Force Statistics from the Current Population Survey Clinton Report Exhibit 15 |
| A-61 | 2006-2008 SNL Price Clinton Report Exhibit 18 |
| A-62 | 2008 Butte Community Bank  Budget (Deposition Exhibit #18) |
| A-63 | Documents Produced to FDIC-R by Raymond James & Associates |
| A-64 | January 2008 BCB Executive Summary Bates No. HT03510 Clinton Report Exhibit 167 |
| A-65 | January 2008 Tender Offer Decision Model (Deposition Exhibit #9) |
| A-66 | January 2008 Tender Offer Decision Model (Deposition Exhibit #2) |
| A-67 | January 8, 2008 Minutes of the Loan Committee Butte Community Bank Bates No. HT03515 Clinton Report Exhibit 164 |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-68 | January 10, 2008 Memo to the Board of Directors from Keith Robbins re: Board of Directors Meeting<br><br>(Deposition Exhibit #14) |
| A-69 | January 10, 2008 BCB/CVB Board Packet  (Clinton Report Exhibit 75) |
| A-70 | January 10, 2008 Email from Keith Robbins to G Findley re: Tender Offer<br><br>(Deposition Exhibit #7) |
| A-71 | January 10, 2008 Email from Keith Robbins to G Findley re: Tender Offer<br><br>Bates No. FDIC01385 |
| A-72 | January 11, 2008 Email from Gary Findley to Keith Robbins re: Tender Offer (Deposition Exhibit #10) |
| A-73 | January 15, 2008 email from Keith Robbins to G Findley re: Tender Offer<br><br>(Deposition Exhibit #8) |
| A-74 | January 15, 2008 Bank/CVB Minutes of the Board of Directors Meeting<br><br>Bates No. FDIC00422-425 |
| A-75 | January 15, 2008 Community Valley Bancorp Minutes of the meeting of the Board of Directors |
| A-76 | January 29, 2008 Email from John Coger to Tom Mecredy re: Butte ITO Timetable revised<br><br>Bates No. FDIC00962 |
| A-77 | INTENTIONALLY OMITTED |
| A-78 | January 31, 2008 Risk based Capital Calculation<br><br>Bates No. HT03560<br><br>Clinton Report Exhibit 176 |
| A-79 | Documents marked at Clinton expert deposition<br><br>(Deposition Exhibit #213) |
| A-80 | February 8, 2008 Letter to Board of Directors Community Valley Bancorp from Howe Barnes Hoefer & Arnett<br><br>Bates No. 000021-23 |
| A-81 | February 11, 2008 Email from Keith Robbins to John Coger, Gary Findley and Don Leforce re: Howe Barnes (Clinton Report Exhibit 181) |
| A-82 | February 11, 2008 Email from Don Leforce to Luther McLaughlin re: Fairness Opinion |
| A-83 | February 12, 2008 Email from Laura Dean-Richardson to Tom Kwan, et al. re: Tender Offer Questions and revised timetables |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| | (Deposition Exhibit #207) |
| A-84 | February 12, 2008 email from Laura Dean-Richardson to Tom Kwan re: Press Release |
| | (Deposition Exhibit #208) |
| A-85 | February 13, 2008 Email from Gary Findley to Keith Robbins re: Butte Press Release (including attached Draft March 2008 CVB Tender Offer press release) |
| | Clinton Report Exhibit 186 |
| A-86 | Intentionally Omitted |
| A-87 | February 14, 2008 BCB/CVB Board Packet (Clinton Report Exhibit 76) |
| A-88 | February 14, 2008 Email from Thomas Q. Kwan to Gary Findley re: Option Exercise vs Tender |
| | Bates No. FDIC00954 |
| A-89 | February 19, 2008 Certificate of Secretary James Rickards |
| A-90 | March 2008 Quarterly Banking Profile |
| | Clinton Report Exhibit 14 |
| A-91 | March 7, 2008 Email from Laura Dean Richardson to John Coger, et al. re: Tender Offer Docs, and attachments (Clinton Report Exhibit 192) |
| A-92 | March 13, 2008 Email from Gayle Lee to Keith Robbins re: Tender Offer has been posted |
| | (Deposition Exhibit #54) |
| A-93 | March 13, 2008 Email from Nicole Howell to Jimmy Dunne re: Community Valley Bancorp Announces Tender Offer |
| | Clinton Report Exhibit 196 |
| A-94 | March 25, 2008 Bank/CVB Minutes of the Board of Directors Meeting |
| | Bates No. FDIC00436-439 |
| A-95 | March 20, 2008 BCB/CVB Board Packet (Clinton Report Exhibit 77) |
| A-96 | March 31, 2008 Statistics at a glance |
| | Clinton Report Exhibit 5 |
| A-97 | April 3, 2008 Email from Murray Bodine to Peter Buck re: Gold Country |
| | (Deposition Exhibit #163) |
| A-98 | Documents produced by Robert Ching at his deposition |
| | (Deposition Exhibit #1) |
| A-99 | April 10, 2008 BCB/CVB Board Packet excerpt |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| | (Deposition Exhibit #42) |
| A-100 | April 10, 2008 BCB/CVB Board Packet (Clinton Report Exhibit 78) |
| A-101 | April 22, 2008 Email from Adam Keefer to Keith Robbins re: Contact info <br> (Deposition Exhibit #170) |
| A-102 | Excerpts of June 2008 BCB/CVB Board Packet (Clinton Report Exhibit 80) |
| A-103 | May 5, 2008 SEC Statement of Changes in Beneficial Ownership re CVB Directors |
| A-104 | May 5, 2008 Tender Offer Statement <br> Bates No. FDIC001132 <br> Clinton Report Exhibit 206 |
| A-105 | May 8, 2008 BCB/CVB Board Packet (Clinton Report Exhibit 79) |
| A-106 | March 31, 2008 FDIC Quarterly Banking Profile (Last Updated May 29, 2008) <br> Clinton Report Exhibit 6 |
| A-107 | Email from Adam Keefer to Keith Robbins re: Revised Analysis <br> (Deposition Exhibit #171) |
| A-108 | June to December 2008 BCB Executive Summary |
| A-109 | June 2, 2008 Email from Adam Keefer to Keith Robbins re: revised analysis <br> (Deposition Exhibit #172) |
| A-110 | June 5, 2008 Email from Adam Keefer to Keith Robbins re: revised analysis <br> (Deposition Exhibit #173) |
| A-111 | June 2008 Bank/CVB Board Packet (printed from Relativity starting at 10278-BTCB-543763303-002092 and ending at 10278-BTCB-543763303-002220 but does not bear Relativity identifying numbers or any other Bates numbers) |
| A-112 | June 24, 2008 Resolution Negative Pledge Agreement <br> Bates No. PerrySmith00013553-578 |
| A-113 | June 25, 2008 Federal Reserve Press Release <br> Clinton Report Exhibit 32 |
| A-114 | June 30, 2008 CVB 10-Q <br> (Deposition Exhibit #107) |
| A-115 | June 30, 2008 Collateral Receipt <br> Bates No. FDIC00576 |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-116 | June 30, 2008 BCB Call Report |
| A-117 | July 10, 2008 BCB/CVB Board Packet (Clinton Report Exhibit 81) |
| A-118 | July 13, 2008 CNNMoney Article *The Fall of IndyMac*<br>Clinton Report Exhibit 40 |
| A-119 | July 15, 2008 Butte Community Bank Agenda |
| A-120 | July 15, 2008 Minutes of the Board of Directors Butte Community Bank |
| A-121 | July 15, 2008 Community Valley Bancorp Minutes of the Meeting of the Board of Directors |
| A-122 | July 24, 2008 Minutes of the regular ALCO Meeting Butte Community Bank<br>Clinton Report Exhibit 71 |
| A-123 | August 19, 2008 Bank/CVB Minutes of the Board of Directors Meeting |
| A-124 | June 30, 2008 Quarterly Banking Profile (Last Updated August 26, 2008)<br>Clinton Report Exhibit 7 |
| A-125 | INTENTIONALLY OMITTED |
| A-126 | September 15, 2008 The New York Times Article *Lehman Files for Bankruptcy; Merrill is Sold*<br>Clinton Report Exhibit 36 |
| A-127 | September 16, 2008 Bank/CVB Minutes of the Board of Directors Meeting<br>(Deposition Exhibit #33) |
| A-128 | Wall Street Journal Article *WaMu is Seized, Sold off to J.P. Morgan, In Largest failure in U.S. Banking History*<br>Clinton Report Exhibit 35 |
| A-129 | September 30, 2008 FDIC Report of Examination<br>(Deposition Exhibit #174) |
| A-130 | October 3, 2008 The New York Times Article *Wells Fargo to Buy Wachovia in $15.1 Billion Deal*<br>Clinton Report Exhibit 37 |
| A-131 | October 14, 2008 USA Today Article *Dow Suffers its Worst Drop Ever*<br>Clinton Report Exhibit 42 |
| A-132 | October 21, 2008 Bank/CVB Minutes of the Board of Directors Meeting<br>Bates No. FDIC00463-467 |
| A-133 | October 23, 2008 Email from B08-22 to Keith Robbins re: Bank B08-22 Acquisition Opportunity |

| Ex. No. | Description and Identifying Information |
|---|---|
| A-134 | November 18, 2008 Bank Minutes of the Meeting of the Board of Directors<br>Bates No. FDIC00474-477 |
| A-135 | November 18, 2008 Community Valley Bancorp Minutes of the Meeting of the Board of Directors<br>Bates No. FDIC00468 |
| A-136 | September 30, 2008 Quarterly Banking Profile (Last Updated November 25, 2008)<br>Clinton Report Exhibit 8 |
| A-137 | December 15, 2008 Email from Keith Robbins to Don Leforce re: TARP<br>Clinton Report Exhibit 224 |
| A-138 | December 31, 2008 Perry-Smith workpapers<br>(Deposition Exhibit #96) |
| A-139 | December 31, 2008 Statistics at a glance<br>Clinton Report Exhibit 4 |
| A-140 | December 31, 2008 CVB 10-K<br>(Deposition Exhibit #102) |
| A-141 | December 31, 2008 BCB Call Report |
| A-142 | 2009 Subscription Agreement for the Purchase of Note and Exchange of Note for preferred stock in CVB executed by Luther McLaughlin |
| A-143 | August 21, 2007 to February 5, 2009 CVB stock purchase confirmations for Luther McLaughlin |
| A-144 | February 13, 2009 Memorandum to Directors from Gayle Lee<br>(Deposition Exhibit #31) |
| A-145 | March 11, 2009 FDIC Letter to Butte Community Bank<br>Bates No. FDIC-CORPORATE/CHING-0001<br>Clinton Report Exhibit 74 |
| A-146 | 2008 Quarterly Banking Profile (Last Updated March 18, 2009)<br>Clinton Report Exhibit 12 |
| A-147 | December 31, 2008 Quarterly Banking Profile (Last Updated March 20, 2009)<br>Clinton Report Exhibit 9 |
| A-148 | 2008 Quarterly Banking Profile<br>(Last Updated March 20, 2009)<br>Clinton Report Exhibit 10 |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-149 | April 29, 2009 Letter from the FDIC to Board of Directors Butte Community Bank re: Memorandum of Understanding |
| A-150 | May 1, 2009 SEC Schedule 14A |
| A-151 | March 31, 2009 Quarterly Banking Profile (Last Updated May 19, 2009) <br> Clinton Report Exhibit 11 |
| A-152 | July 20, 2009 BankVision Inc. Butte Community Bank Administration/Finance/ Treasury Audit |
| A-153 | December 31, 2009 CVB 10-K <br> (Deposition Exhibit #16) |
| A-154 | December 31, 2009 Keith Robbins brokerage account statement reflecting CVB holdings |
| A-155 | 2010 FDIC Sales <br> Clinton Report Exhibit 22 |
| A-156 | January 28, 2010 Community Valley Bancorp Certificate of Preferred Stock |
| A-157 | February 2010 Surrender and Death Benefit Report |
| A-158 | June 22, 2010 Agreement for termination of Keith Robbins Salary continuation agreement and Supplemental executive retirement agreement and release and waiver |
| A-159 | August 1, 2000 Keith Robbins Executive Retirement Plan Executive Agreement |
| A-160 | June 30, 2010 CVB 10-Q |
| A-161 | August 20, 2010 FDIC Press Release *Rabobank, National Association Acquires all the deposits of two banks in California* <br> (Deposition Exhibit #177) |
| A-162 | August 20, 2010 Butte Community Bank Bid Summary <br> (Deposition Exhibit #175) |
| A-163 | August 20, 2010 The Findley Reports *The Failure of Butte Community Bank and the assumption of all deposits and the purchase of certain assets by Rabobank* <br> (Deposition Exhibit #210) |
| A-164 | August 20, 2010 Purchase and Assumption Agreement FDIC & Rabobank <br> (Deposition Exhibit #178) |
| A-165 | September 30, 2010 Guru Focus Article *Big Time Investors who Made Big Time Mistakes Example #2 Tom Brown Prominent Bank Stock Analyst of Second Curve Capital Calls the bottom of Financials in the Fall of 2007!* <br> Clinton Report Exhibit 44 |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-166 | November 22, 2010 FDIC-R Proof of Claim John Coger deferred compensation |
| A-167 | December 17, 2010 Letter from FDIC to Donald Leforce re: Notice of Disallowance of Claim |
| A-168 | December 17, 2010 Letter from FDIC to John Coger re: Notice of Disallowance of Claim |
| A-169 | December 17, 2010 Letter from FDIC to Keith Robbins re: Notice of Disallowance of Claim |
| A-170 | July 1, 2012 the Wall Street Journal *BofA's Blunder: $40 Billion-Plus*<br><br>Clinton Report Exhibit 33 |
| A-171 | March 19, 2013 Sale and Lease Back Funds Usage for Share Buy Back<br><br>(Deposition Exhibit #4) |
| A-172 | April 30, 2013 Settlement Agreement and Release CVB and FDIC |
| A-173 | July 2013 FDIC Office of the Comptroller of the Currency New Capital Rule<br><br>Community Bank Guide<br><br>Hargett Report Exhibit |
| A-174 | July 9, 2013 FDIC Financial Institution Letter<br><br>Hargett Report Exhibit |
| A-175 | September 10, 2013 Federal Register Vol. 78 No. 175<br><br>Hargett Report Exhibit |
| A-176 | 2000-2015 S&P Dow Jones Indices S&P / Case-Shiller 20-City Composite Home Price Index<br><br>Clinton Report Exhibit 23 |
| A-177 | February 21, 20014 Article from The Sacramento Bee As 2008 "*Economic Disaster Loomed, Yellen first for Aggressive Action, Transcripts Show*" |
| A-178 | February 20, 2015 print-out of FDIC Failed Bank List identifying banks that have failed since October 1, 2000 (attached as Exhibit G to Defendant Donald Leforce's First Set of Requests for Admission dated February 20, 2015) |
| A-179 | June 30, 2015 Butte Community Bank Receivership Balance Sheet Summary<br><br>(Deposition Exhibit #176) |
| A-180 | Sandler O'Neill Excel Earnings Analysis<br><br>(Deposition Exhibit #72) |
| A-181 | August 6, 2015 The Wall Street Journal *Fannie Mae to Send $4.4 Billion to Treasury Department*<br><br>Clinton Report Exhibit 34 |
| A-182 | August 28, 2015 Email from Heftman Lawrence to Linda Kim re: Meet and Confer |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-183 | September 30, 2015 Failed Bank Information from FDIC website Butte Community Bank Receivership Balance Sheet Summary |
| A-184 | October 27, 2015 Fully Vested BOLI and Deferred Total Payout |
| A-185 | Community Valley Bancorp Issue Tender Offer Timetable & Schedule of Responsibilities (Deposition Exhibit #193) |
| A-186 | November 18, 2015 CNSNEWS Web Article *Bernanke Leaves Fed with Record Balance Sheet of $4,138,000,000* Clinton Report Exhibit 43 |
| A-187 | December 31, 2015 Failed Bank Information from FDIC website Butte Community Bank Receivership Balance Sheet Summary |
| A-188 | 2015 Bank of America Web Article Financial Releases *Bank of America Agrees to Purchase Countrywide Financial Corp.* Clinton Report Exhibit 41 |
| A-189 | Federal Reserve Board Household Debt Service and Financial Obligations Ratios Historical Data Dating Back to 1980 (Last Updated June 17, 2015) Clinton Report Exhibit 16 |
| A-190 | Federal Reserve Board Discount Rate Historical Data Dating Back to 2003 Clinton Report Exhibit 17 |
| A-191 | December 31, 2005 UBPR Reports (Clinton Report Exhibit 3) |
| A-192 | Section 6.1 of the FDIC's Risk Management Manual of Examination Policies (attached to FDIC-R's Response to Defendant Donald Leforce's First Set of Requests for Admission dated April 17, 2015) |
| A-193 | FDIC Law, Regulations, Related Acts 5000 Statements Policy Uniform *Financial Institutions Ratings System* Hargett Report Exhibit |
| A-194 | FDIC Regulatory Capital Interim Final Rule Hargett Report Exhibit |
| A-195 | Expanded Community Bank Guide to the New Capital Rule for FDIC Supervised Banks Hargett Report Exhibit |
| A-196 | Community Valley Bancorp Issue Tender Offer Timetable & Schedule of responsibilities Butte Community Bank Capital Earnings and Policy (Deposition Exhibit #193) |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-197 | July 23, 2007 Share Repurchase Analysis (including Base Case Forecast Sandler O'Neill & Partners Bates No. SOP_REV00000485) (Deposition Exhibit #67) |
| A-198 | Prompt Corrective Action Categories Hargett Report Exhibit |
| A-199 | Risk Management Manual of Examination Policies Section 6.1 Liquidity and Funds Management (DE 21 at pp. 142-162) |
| A-200 | FDIC Supervisory Policy and Guidance Topics Allowance for Loan and Lease Losses (ALLL) |
| A-201 | INTENTIONALLY LEFT BLANK |
| A-202 | CVB's Form 10-K for period ending December 31, 2005 [Hargett Report Exhibit] |
| A-203 | CVB's Form 10-K for period ending December 31, 2006 [Hargett Report Exhibit] |
| A-204 | CVB's Form 10-K for period ending December 31, 2007 [Hargett Report Exhibit] |
| A-205 | CVB's Form 10-K for period ending December 31, 2008 [Hargett Report Exhibit] |
| A-206 | CVB's Form 10-K for period ending December 31, 2009 [Hargett Report Exhibit] |
| A-207 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2001 [Hargett Report Exhibit] |
| A-208 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2001 [Hargett Report Exhibit] |
| A-209 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2001 [Hargett Report Exhibit] |
| A-210 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2001 [Hargett Report Exhibit] |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-211 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2002<br><br>[Hargett Report Exhibit] |
| A-212 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2002<br><br>[Hargett Report Exhibit] |
| A-213 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2002<br><br>[Hargett Report Exhibit] |
| A-214 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2002<br><br>[Hargett Report Exhibit] |
| A-215 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2003<br><br>[Hargett Report Exhibit] |
| A-216 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2003<br><br>[Hargett Report Exhibit] |
| A-217 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2003<br><br>[Hargett Report Exhibit] |
| A-218 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2003<br><br>[Hargett Report Exhibit] |
| A-219 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2004<br><br>[Hargett Report Exhibit] |
| A-220 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2004<br><br>[Hargett Report Exhibit] |
| A-221 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2004<br><br>[Hargett Report Exhibit] |
| A-222 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2004 |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| | [Hargett Report Exhibit] |
| A-223 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2005<br><br>[Hargett Report Exhibit] |
| A-224 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2005<br><br>[Hargett Report Exhibit] |
| A-225 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2005<br><br>[Hargett Report Exhibit] |
| A-226 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2005<br><br>[Hargett Report Exhibit] |
| A-227 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2006<br><br>[Hargett Report Exhibit] |
| A-228 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2006<br><br>[Hargett Report Exhibit] |
| A-229 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2006<br><br>[Hargett Report Exhibit] |
| A-230 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2006<br><br>[Hargett Report Exhibit] |
| A-231 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2007<br><br>[Hargett Report Exhibit] |
| A-232 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2007<br><br>[Hargett Report Exhibit] |
| A-233 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2007<br><br>[Hargett Report Exhibit] |

| Ex. No. | Description and Identifying Information |
|---------|----------------------------------------|
| A-234 | INTENTIONALLY OMITTED |
| A-235 | INTENTIONALLY OMITTED |
| A-236 | INTENTIONALLY OMITTED |
| A-237 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2008<br><br>[Hargett Report Exhibit] |
| A-238 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2008<br><br>[Hargett Report Exhibit] |
| A-239 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date March 31, 2009<br><br>[Hargett Report Exhibit] |
| A-240 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date June 30, 2009<br><br>[Hargett Report Exhibit] |
| A-241 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date September 30, 2009<br><br>[Hargett Report Exhibit] |
| A-242 | Butte Community Bank's Call Report (Consolidated Report of Condition and Income) for Quarter End Date December 31, 2009<br><br>[Hargett Report Exhibit] |