UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT CHING, et al.,<br><br>            Defendants. | No. 2:13-cv-01710-KJM-EFB<br><br>ORDER |

        On October 7, 2016, the court heard argument on the parties' motions in limine filed in anticipation of the October 31, 2016 trial date. Tony Burt and Jean-Paul Cart appeared for the Federal Deposit Insurance Corporation (FDIC), acting as receiver (FDIC-R) for Butte Community Bank (the Bank). Kevin Hughes appeared for defendants, Robert Ching, Eugene Even, Donald Leforce, Luther McLaughlin, Robert Morgan, James Richards, Gary Strauss, Hubert Townsend, John Coger, and Keith Robbins (collectively, defendants). At hearing, the court issued tentative bench orders, requested some additional information, and took certain matters under submission. On October 14, 2016, the court issued an order confirming and clarifying its bench orders, issuing some additional orders, and clarifying what issues remain

/////

under submission. Order October 14, 2016, ECF No. 202. The court now resolves four more of the parties' motions in limine, and clarifies which of the remaining motions remain to be addressed during trial.

I.      NATURE OF RULINGS ON *IN LIMINE* MOTIONS

As always, the court issues its rulings on motions in limine based on the record currently before the court. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pre-trial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted).

II.     PLAINTIFF'S MOTIONS IN LIMINE

**A. Plaintiff's Motion in Limine Three (ECF No. 158)**

Plaintiff moves to exclude as irrelevant and prejudicial evidence or argument regarding regulatory reports of examination issued after May 5, 2008, and testimony relating to those reports by FDIC examiner Mary Viereck. Specifically, plaintiff seeks to exclude the entire Report of Examination (Report) the FDIC acting in its corporate capacity (FDIC-C) issued in March 2009. Plaintiff seeks to exclude the Report in light of statements it contains by Ms. Viereck that (1) Bank management "performed due diligence" before issuing the dividend, and (2) the Bank was "well-capitalized" at the end of 2008.

At hearing, the court allowed supplemental briefing on the issue of whether Ms. Viereck's statements in the Report qualify as party opponent admissions and therefore are not hearsay under Federal Rule of Evidence 801(d). Rule 801(d) defines as non-hearsay a statement "made by a person whom the party authorized to make a statement on the subject." Fed. R. Evid. 801(d)(2)(C). After carefully reviewing the parties' supplemental briefings and the relevant case law, the court is persuaded that the FDIC-C and the FDIC-R are two distinct legal entities, and statements by the agent of one do not constitute party admissions by an agent of the other. *See*

*Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 709 (9th Cir. 1995) ("[b]ecause the FDIC Corporate and Receiver perform two different functions and protect wholly different interests, courts have been careful to keep the rights and liabilities of these two entities legally separate"). Because the FDIC-C and FDIC-R are separate legal entities, the FDIC-R is not responsible for the actions of the FDIC-C, and vice versa. *FDIC v. Bernstein*, 944 F.2d 101, 106 (2nd Cir. 1991). Given this distinction, the FDIC-R did not authorize the FDIC-C or its examiner to make any statements regarding the Bank's failure. Therefore, reports of examination issued by the FDIC-C are not excepted from the rule against hearsay as party admissions.

Defendants argue even if the reports of examination issued by the FDIC-C, or statements by the FDIC-C's examiner concerning those reports, are not party admissions, they are excepted from the rule against hearsay as they constitute a "public record or report" under Federal Rule of Evidence 803(8). Rule 803(8) excepts from hearsay "a record or statement of a public office" if it sets out "factual findings from a legally authorized investigation." Fed. R. Evid. 803(8). Defendants cite no authority in support of their argument other than the rule. On the one hand, the primary report at issue was made by Ms. Viereck, an examiner appointed by the Board of Directors of the FDIC-C acting in the course of her official duties, and there is nothing before the court suggesting the report's contents are not trustworthy.

But whether or not the report qualifies as a public record, questions remain regarding its relevance. Defendants suggest that only a very small portion of the report can come in to avoid the taking of unnecessary time. Plaintiff has the better argument when it insists that if any portion of the report is admitted, the full report should be introduced.

On balance, the court DENIES this motion. It appears that reports of examination issued by the FDIC-C are relevant to whether defendants exercised due care in maintaining the Bank's capitalization at an adequate level, and are not barred by the rule against hearsay under the public records exception.

**B. Plaintiff's Motion in Limine Six (ECF No. 161)**

The FDIC moves to exclude: (1) testimony and statements of Denna McGhee, a former financial analyst for Howe Barnes Hoefer & Arnett, because she was not disclosed as a

3

potential trial witness during discovery; (2) a purported resolution of the Board of Directors of the Bank and the Bank's holding company, Community Valley Bancorp (CVB), authorizing the May 2008 dividend but was not produced until November 10, 2015; (3) documents related to defendants' claim for offsets based on voluntary relinquishments; (4) two brokerage account statements not produced until April 27, 2016; and (5) all other non-impeachment documents defendants intend to use at trial that were not timely produced or disclosed.

The Federal Rules of Civil Procedure require timely disclosures of the witnesses and documents a party intends to rely on to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). When a party fails to provide the required disclosures, that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In its October 14, 2016 order, the court ordered defendants to allow the FDIC-R to depose Mrs. McGhee to avoid any unfair prejudice that may result from allowing her to testify at trial. Order October 14, 2016, ECF No. 202 at 6. Also in that order, the court denied plaintiff's motion to exclude the resolution purportedly authorizing the May 5, 2008 dividend at issue. ECF No. 202 at 7. The court now rules on the outstanding issues relative to this motion.

**1. Exhibit A-143**

Plaintiff moves to exclude from trial Exhibit A-143, which purports to show defendant McLaughlin purchased additional shares of stock in CVB after the May 5, 2008 dividend. Plaintiff claims this evidence was not introduced until April 27, 2016, well after the amended discovery cutoff of November 13, 2015.

The court DENIES this motion as to Exhibit A-143. Defendants have submitted emails that were sent to plaintiff on June 4, 2015, which identify and attach documents confirming defendant McLaughlin's purchase of CVB stocks from December 1, 2006 through August 20, 2010. Kim Decl. ¶ 4 & Ex. B, ECF No. 174. Plaintiff has not rebutted defendants' showing.

/////

/////

### 2. Exhibit A-154

Plaintiff moves to exclude from trial Exhibit A-154, which is a statement reflecting defendant Robbins' 2009 CVB stock purchases. Plaintiff claims this evidence was also not introduced until April 27, 2016, after the amended discovery date of November 13, 2015. While defendants admit this evidence was not produced until after the discovery cutoff, they argue their failure to produce was harmless error because plaintiff was aware of the document's existence as a result of Robbins' declaration filed on March 27, 2014.

The court GRANTS this motion as to Exhibit A-154. The court finds nothing in Robbins' declaration regarding the purchase of additional stock after the May 5, 2008 dividend to put plaintiff on notice of the document now at issue. Robbins Decl. ¶ 20, ECF No. 20.

### 3. Exhibits J and A-157

Plaintiff moves to exclude from trial Exhibits J and A-157, which concern a Bank Amended and Restated Director Fee Agreement and a Surrender and Death Benefit Report, respectively. Plaintiff claims these documents were not produced until April 5, 2016, well after the close of discovery. Defendants concede these documents were not produced until after the discovery cutoff, but argue the documents were not responsive to any of plaintiff's document requests. It appears to the court that defendants produced these documents as part of their supplemental initial disclosures in late March 2016, to support their affirmative defense of "offsets."

The court GRANTS this motion as to Exhibits J and A-157 in part. The court previously has precluded the use of defendants' reliance on an "offset" affirmative defense; to the extent defendants seek to introduce these documents for that purpose, they are barred. Order May 27, 2016, ECF 168 at 23. At the same time, the court has not located anything in the record that indicates plaintiffs specifically requested all documents relating to defendants' "offset" affirmative defense, and therefore defendants did not fail to timely produce them. Heftman Decl. ¶ 7 & Ex. C, ECF No. 103. The documents at issue may be admissible to support defendants' argument that they acted in good faith to maintain the Bank's capitalization at an adequate level.

/////

**4. Exhibit A-82**

Plaintiff moves to exclude from trial Exhibit A-82, which is a February 11, 2008 e-mail from defendant Leforce, on the grounds that it was not produced until April 27, 2016, well after the amended discovery cutoff of November 13, 2015.

The court DENIES this motion as to Exhibit A-82.  Defendants have identified a cover letter in the record sent by defendants to plaintiff on July 7, 2015, before the amended discovery cutoff, stating that a disk of defendant Leforce's documents is enclosed.  Defendants aver the disc includes the February 2008 e-mail.  Kim Decl. ¶ 5 & Ex. C, ECF No. 174.  Plaintiff has not rebutted this showing.

**5. Exhibits S, A-158, and A-159**

Plaintiff moves to exclude from trial Exhibits S, A-158, and A-159, comprising documents relating to defendant Robbins' benefits, on the grounds that plaintiff could not locate these documents in defendants' prior productions.

The court DENIES this motion as to Exhibits S, A-158, and A-159.  Defendants have identified an email in the record that shows defendants provided these documents to plaintiff on October 27, 2015, before the November 13, 2015 amended discovery cutoff.  Kim Decl. ¶ 6 & Ex. D, ECF No. 174.  Plaintiff has not rebutted this showing.

**6. Exhibits A-166, A-167, A-168, and A-169**

Plaintiff moves to exclude from trial Exhibits A-166, A-167, A-168, and A-169, which are proofs of claim  defendants submitted to the FDIC-R dated November 2010 , and the FDIC-R's corresponding claim denials, dated December 2010.  Plaintiff argues these documents were not produced until April 5, 2016, well after the November 13, 2015 amended discovery completion date.  Defendants argue these documents were not responsive to any of plaintiff's discovery requests, and that they support defendants' position in opposition to plaintiff's administrative exhaustion claim.

The court GRANTS this motion as to Exhibits A-166, A-167, A-168, and A-169.  The court has already ruled that defendants' affirmative defenses of offset and unjust enrichment are not "claims" that are subject to exhaustion through an administrative claims process.  Order

6

May 27, 2016, ECF No. 168 at 19.  As such, these documents are no longer relevant, and the court need not address the timeliness of the production of this evidence.

**C.  Plaintiff's Motion in Limine Ten (ECF No. 165)**

The FDIC moves to exclude evidence or argument related to the March 26, 2013 tax settlement between CVB and the FDIC-R, which released CVB and its representatives from all claims.  The court has granted plaintiff's summary judgment motion on defendants' affirmative defense of release.  Order May 27, 2016, EFC No. 168 at 13.  However, defendants argue the FDIC-R's full release of CVB "for no consideration" is relevant to whether the FDIC-R views CVB as being "at fault" for the $8.8 million dividend, and should be admitted for that purpose.  Opp'n, ECF No. 178.  Defendants also argue the release is probative of plaintiff's credibility when plaintiff claims the Bank suffered injury as a result of the dividend.  *Id.*

At hearing, the court asked the parties whether this evidenced was barred under the settlement privilege provisions of Federal Rule of Evidence 408.  Plaintiff now argues that Rule 408 prohibits defendants from using the settlement to prove or disprove the validity or amount of a disputed claim, namely defendants' liability as directors and officers of the Bank.  Pl.'s Br., ECF No. 201 at 8.  Defendants concede evidence of the settlement is not admissible to prove or disprove the amount of a disputed claim, but argue Rule 408 does not bar a party from using a settlement agreement to prove the fact of the settlement or the scope of the release.  Defs.' Br., ECF No. 199 at 4.  Therefore, defendants argue, Rule 408 would not bar them from using the agreement to establish their release from liability for acts they took in their capacity as directors of CVB.

After reviewing the parties' supplemental briefing and relevant case law, the court finds that introducing evidence of the March 26, 2013 settlement agreement would violate one of the primary purposes underlying Rule 408, i.e., to encourage the amicable resolution of disputes.  More fundamentally, in conducting a Rule 403 analysis, the court finds the minimal probative value of any information that might come in through admission of the settlement is substantially outweighed by the danger of unfair prejudice, confusing the issue, and misleading the jury.  *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012) (finding the

7

district court abused its discretion in admitting settlement agreement under Rule 403, as probative value was greatly outweighed by risk of unfair prejudice, confusion of issues, and misleading the jury).

The court GRANTS this motion.

**D. Plaintiff's Motion in Limine Twelve (ECF No. 167)**

The FDIC moves to exclude any testimony by defendants' expert witness Joe A. Hargett on the following topics: (1) opinion regarding regulatory action taken in 2013 that would have authorized the May 5, 2008 dividend at issue; (2) hypotheticals for different dividend amounts other than the $8.8 million dividend; (3) opinion regarding regulators' attitudes/practices not based on any methodology or expertise; (4) opinion on the Bank's liquidity after May 2008, (5) opinion regarding the market and its impact on bank failures; (6) historical information on the Bank's income, and (7) calculations of net income and retained earnings that are not in dispute.

At hearing, the parties agreed to file a stipulation as to what they agree Mr. Hargett may cover in his testimony. The court also noted that defendants had not addressed topics (3), (4), and (5) in their opposition, and asked for clarification as to whether defendants opposed the exclusion of that evidence. Defendants' counsel suggested they did oppose.

The parties stipulate that Mr. Hargett will not testify to opinions stated in Section XI, "The Impact of the April 2009 Memorandum of Understanding" in his written report, but are unable to reach any further stipulation. Joint Stip., ECF No. 210. The court approves the stipulation and rules below on the remaining aspects of this motion.

**1. 2013 Regulatory Action**

Plaintiff moves to exclude Mr. Hargett's opinion testimony that the May 5, 2008 Dividend would have been permitted under capital rules adopted by the FDIC in 2013 on the grounds that such evidence is irrelevant and not probative of defendants' alleged negligence or self-serving actions. Defendants argue that, because one of the central issues in this case is whether defendants maintained the Bank at an "adequately capitalized" level, evidence the Bank would not have been restricted from issuing the dividend under the FDIC's heightened capitalization ratio is relevant to that issue.

The court GRANTS this motion to exclude Mr. Hargett's opinion testimony that the May 5, 2008 dividend would have been permissible under regulations adopted by the FDIC in 2013. The relevance of showing defendants' conduct would have been permissible under a regulation enacted five years later, without retroactive effect, is substantially outweighed by the danger of prejudicing the plaintiffs and misleading the jury.

### 2. Hypothetical Dividend Amounts

Plaintiff moves to exclude Mr. Hargett's opinion testimony regarding alternative dividend amounts and their effect on the Bank's capital ratios on the grounds that these hypothetical scenarios bear no connection to the factual record and were not considered by defendants when they authorized the May 5, 2008 dividend. Defendants argue these hypothetical scenarios will provide the jury with helpful reference points to determine whether defendants maintained the Bank at an "adequately capitalized" level.

The court DENIES this motion to exclude Mr. Hargett's opinion testimony regarding alternative dividend amounts. The court finds that, assuming the proper foundation is laid, the proposed hypotheticals could provide the jury with context to assist them in determining whether defendants acted negligently in authorizing the dividend, and if so, to what degree. *See United States v. Latysheva*, 162 Fed. App'x 720, 726 (9th Cir. 2006) (finding district court did not abuse its discretion by allowing expert testimony in response to hypothetical questions that assumed facts sufficiently placed into evidence); *Taylor v. Burlington Northern R. Co.*¸787 F.2d 1309 1317 (9th Cir. 1986) ("the form of a hypothetical question is left to the broad discretion of the trial court") (citation omitted); *see also United States v. Romo*, 413 F.3d 1044, 1050 (9th Cir. 2005) (witness's response to a hypothetical question based on experience, was a classic example of expert testimony).

### 3. Regulators' Attitudes and Practices

Plaintiff moves to exclude Mr. Hargett's opinion testimony regarding the opinions and attitudes various federal bank regulators had regarding, among other things, potential asset growth at multiple banks. Plaintiff claims Mr. Hargett lacks any expertise to offer these opinions,

1  that his opinions regarding any reports of examination issued after the May 5, 2008 dividend are
2  not based on any expert methodology, and that these opinions are irrelevant.
3        As noted, defendants did not articulate any opposition to the exclusion of this topic
4  in their opposition motion, nor have they now provided any supplemental briefing as to why these
5  opinions should not be excluded. The court GRANTS this motion, as unopposed.

### 4. The Bank's Post 2008 Liquidity

7        Plaintiff moves to exclude Mr. Hargett's opinion testimony regarding the Bank's
8  liquidity beyond May 31, 2008 on the grounds that this opinion was not adequately disclosed in
9  his expert report, nor is it based on any proven methodology.
10        Here again, defendants did not oppose the exclusion of this testimony in their
11  opposition motion, nor have they provided any supplemental briefing.  The court GRANTS this
12  motion, as unopposed.

### 5. Impact of the Market on Bank Failures

14        Plaintiff moves to exclude Mr. Hargett's opinion testimony regarding the nature or
15  timing of the economic decline and its impact on banks between 2008 and 2010.  Plaintiff argues
16  Mr. Hargett's testimony on this issue is inadmissible because he performed no analysis to
17  substantiate his opinion, he draws no causal connection to the bank failures referenced in his
18  report, and his report did not disclose any opinion regarding when real estate or financial markets
19  declined.
20        Here as well, the court GRANTS this motion as unopposed.

### 6. The Bank's Financial Data from 2002 to 2007

22        Plaintiff moves to exclude Mr. Hargett's compilation of the Bank's financial
23  information for a seven-year period ending December 31, 2007, on the grounds that he offers no
24  qualitative opinion about what the data indicates regarding defendants' supervision of the Bank.
25  Defendants argue this information is helpful to the jury because it provides context for
26  defendants' assessment of the Bank's capital needs.  Plaintiff does not challenge the accuracy of
27  the compilation.

The court DENIES this motion to exclude the Bank's financial data from 2002 to 2007. The court is persuaded that the compilation prepared by Mr. Hargett, in and of itself, is relevant as background information regarding the Bank and the context surrounding defendants' decision to authorize the May 5, 2008 dividend.

### 7. Calculations of Net Income and Retained Earnings

Plaintiff moves to exclude Mr. Hargett's opinion that the May 5, 2008 dividend conformed to California Corporations Code § 316 by not exceeding retained earnings as of March 31, 2008 or net income less dividends over the preceding three years. Plaintiff argues its claims for negligence, gross negligence, and breach of fiduciary duties are grounded in defendants' lack of diligence and disregard of prevailing economic conditions, not whether the May 5, 2008 dividend satisfied § 316 and other provisions of the California Corporations Code. Defendants argue their consultation with the Bank's outside accounting firm to ensure that the dividend complied with § 316 is evidence of defendants' exercise of care.

The court DENIES this motion to exclude calculations of net income and retained earnings, with clarification. The court has already ruled that a director may be negligent and therefore liable under California Corporations Code § 309, even if he or she complied with the specific statutes defining impermissible dividends. Order July 27, 2015, ECF No. 86 at 12. However, the court will allow defendants to offer evidence that might be used to argue compliance with § 316 and, therefore, defendants' exercise of due care. The court will not allow Mr. Hargett to offer a legal conclusion. The court also will be prepared to offer a limiting instruction at the appropriate time, clarifying that compliance with the statute, if proven, is not determinative of the question of defendants' liability stemming from the authorization of the May 5, 2008 dividend.

/////
/////
/////
/////
/////

III. CONCLUSION

The parties' motions in limine are resolved to the extent set forth above. This order resolves ECF Nos. 158, 161, 165 and 167.

SO ORDERED.

DATED: October 28, 2016.

_____
UNITED STATES DISTRICT JUDGE