1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FEDERAL DEPOSIT INSURANCE              No.  2:13-CV-01710 KJM EFB
     CORPORATION AS RECEIVER FOR
12   BUTTE COMMUNITY BANK,

13                    Plaintiff,            FINAL JURY INSTRUCTIONS

14        v.

15   ROBERT CHING, et al.,

16                    Defendants.

17

18

19   DATED:  November 15, 2016

20

21                                         _____
                                           UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

2

**FINAL INSTRUCTION NO. 2**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

1

**FINAL INSTRUCTION NO. 3**

2          All parties stand equal before the law, and are to be dealt with as equals in a court of

3    justice.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FINAL INSTRUCTION NO. 4

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to each party.

# FINAL INSTRUCTION NO. 5

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

**FINAL INSTRUCTION NO. 6**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence, and facts the parties have agreed upon.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by counsel are not evidence.  The parties' attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by counsel are not evidence.   Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**FINAL INSTRUCTION NO. 7**

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**FINAL INSTRUCTION NO. 8**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

9

# FINAL INSTRUCTION NO. 9

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

10

**FINAL INSTRUCTION NO. 10**

You have heard testimony from Charles Kenny, Paul Regan, Joe Hargett and Stephen Clinton, each of whom testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering each witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**FINAL INSTRUCTION NO. 11**

Several lay witnesses testified about their opinions during the trial.  You may, but are not required to accept those opinions.  You may give any opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

12

**FINAL INSTRUCTION NO. 12**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**FINAL INSTRUCTION NO. 13**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

14

# FINAL INSTRUCTION NO. 14

Unless I instruct otherwise, the party having the burden of proof on an issue must prove it by a "preponderance of the evidence."  Plaintiff has the burden of proof on its claims.  Each defendant has the burden of proof on any affirmative defense he has raised.

Proof by a preponderance of the evidence means the evidence is more probably true than not.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

1

**FINAL INSTRUCTION NO. 15**

2          In this case, plaintiff is the Federal Deposit Insurance Corporation as Receiver (FDIC-R)

3    for Butte Community Bank.  The FDIC was appointed as Receiver after Butte Community Bank

4    was closed on August 20, 2010.  The FDIC as Receiver is the entity authorized to bring claims on

5    behalf of Butte Community Bank, its depositors and creditors.

6          Defendants are Robert Ching, Eugene Even, Donald LeForce, Luther McLaughlin, Robert

7    Morgan, James Rickards, Gary Strauss, Hubert Townshend, John Coger and Keith Robbins.  As I

8    will explain, plaintiff has brought several different legal claims against these defendants.

9          Do not speculate as to why there may be other persons, including former Butte

10   Community Bank employees, officers or directors, who are not involved in this case as

11   defendants. You should not consider their absence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FINAL INSTRUCTION NO. 16

Each of plaintiff's claims is entitled to your separate consideration.  That is, you must decide independently as to each claim whether plaintiff is entitled to recover and, if so, the amount.

That plaintiff may be entitled to your verdict on one claim does not mean that it is necessarily entitled to recover on another claim.

On the other hand, that plaintiff does not gain a verdict on one claim does not prevent your awarding a verdict on another claim.

17

**FINAL INSTRUCTION NO. 17**

In this civil suit, plaintiff brings four claims against each defendant.  These claims are for:

1.      Breach of the fiduciary duty to use reasonable care.

2.      Breach of the fiduciary duty of loyalty.

3.      Negligence.

4.      Gross negligence.

These claims are described in the following instructions.  Each claim involves a distinct set of elements.  Although the claims may have some elements in common, you should consider each claim individually.  Plaintiff can succeed on any one claim only if it proves all of the elements of that claim.

The following instructions set forth the elements that plaintiff must meet under each claim.

1

**FINAL INSTRUCTION NO. 18**

2

Harm

3          For each claim, you will need to evaluate harm.  Harm to depositors and shareholders of

4   Butte Community Bank constitutes harm to the Bank.  And Harm to Butte Community Bank and

5   its depositors and shareholders constitutes harm to the FDIC-Receiver as the receiver for Butte

6   Community Bank.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 19**

"Fiduciary Duty" Explained

With respect to plaintiff's first two claims, a director and/or officer of a bank owes what are known as fiduciary duties to the bank. A fiduciary duty imposes on such a director and/or officer a duty to act with the utmost good faith in the best interests of the bank. The fiduciary duties a director and/or officer of a bank owes to the bank include the duty to use reasonable care and the duty of undivided loyalty in the performance of his responsibilities.

**CORRECTED**

**FINAL INSTRUCTION NO. 20**

Failure to Use Reasonable Care—Essential Factual Elements

The FDIC-Receiver claims that it was harmed by each defendant's breach of the fiduciary duty to use reasonable care. To establish this claim against a defendant, the FDIC-Receiver must prove all of the following as to that defendant:

(1)     Defendant was a director and/or officer of Butte Community Bank;

(2)     Defendant, on Butte Community Bank's behalf, failed to act as a reasonably careful bank director and/or officer in a like position would have acted under the same or similar circumstances, in connection with the issuance of the $8.8 million special dividend in May 2008;

(3)     Butte Community Bank was harmed; and

(4)     Defendant's conduct was a substantial factor in causing that harm.

If you find plaintiff has proved each of these elements as to a defendant, taking into account Final Instruction No. 21 as well, your verdict on this claim should be for plaintiff, unless you find that a defendant has proved his affirmative defense based on the business judgment rule, to the extent available to him, as explained in Final Instruction No. 30.

If, on the other hand, plaintiff has failed to prove any one or more of the elements of this claim as to a defendant, your verdict should be for that defendant.

**FINAL INSTRUCTION NO. 21**

Reasonable Care

In determining whether a defendant exercised reasonable care, you must determine the level of care a reasonably careful bank director or officer would have used in similar circumstances based on the evidence presented to you.

**FINAL INSTRUCTION NO. 22**

Duty of Undivided Loyalty—Essential Factual Elements

The FDIC-Receiver claims that it was harmed by each defendant's breach of his duty of loyalty. A director of a bank also owes the bank a duty of undivided loyalty. To establish this claim as to a defendant, the FDIC-R must prove all of the following as to that defendant:

(1)     Defendant was a director of Butte Community Bank;

(2)     Defendant acted on behalf of his own interests, and adverse to Butte Community Bank's interests, in connection with the issuance of the $8.8 million special dividend in May 2008;

(3)     Butte Community Bank was harmed; and

(4)     Defendant's conduct was a substantial factor in causing that harm.

If you find plaintiff has proved each of these elements as to a defendant, your verdict on this claim should be for plaintiff.  If, on the other hand, plaintiff has failed to prove any one or more of these elements as to a defendant, your verdict should be for that defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 23**

Negligence—Essential Factual Elements

The FDIC-Receiver claims that it was harmed by each defendant's negligence. To establish this claim against a defendant, the FDIC-Receiver must prove all of the following:

(1)     That defendant was negligent;

(2)     Butte Community Bank was harmed; and

(3)     Defendant's negligence was a substantial factor in causing that harm.

If you find plaintiff has proved each of these elements as to a defendant, taking into account Final Instruction Nos. 24 through 26 as well, your verdict on this claim should be for plaintiff, unless you find that a defendant has proved at least one of his affirmative defenses based on the business judgment rule, explained in Final Instruction No. 30, and/or statute of limitations as explained in Final Instruction No. 31.

If, on the other hand, plaintiff has failed to prove any one or more of the elements of this claim as to a defendant, your verdict should be for that defendant.

24

1

**FINAL INSTRUCTION NO. 24**

2

Basic Standard of Care

3

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

4

A person can be negligent by acting or by failing to act. A person is negligent if he does

5

something that a reasonably careful person would not do in the same situation or fails to do

6

something that a reasonably careful person would do in the same situation. A director of a bank is

7

negligent if he fails to use the care that a reasonably careful director would have used in similar

8

circumstances. This level of care is sometimes referred to as the standard of care.

9

You must determine the level of care a reasonably careful bank director would have used

10

in similar circumstances based on the evidence presented to you.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 25**

Custom or Practice

You may consider customs or practices in the community in deciding whether a defendant acted reasonably. Customs and practices do not necessarily determine what a reasonably prudent bank director would have done in defendant's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

**FINAL INSTRUCTION NO. 26**

Lack of Duty of Regulators

Neither the Federal Deposit Insurance Corporation-Corporate ("FDIC-C") nor the California Department of Financial Institutions ("CDFI") owes a duty to directors of banks in connection with their supervision of banks. The functions of the FDIC-C and CDFI are not to evaluate what a reasonably careful director of a bank would have done in his management and supervision of a bank.

**FINAL INSTRUCTION NO. 27**

Gross Negligence—Essential Factual Elements

The FDIC-Receiver also claims that it was harmed by each defendant's gross negligence. To establish this claim as to a defendant, the FDIC-Receiver must prove all of the following:

(1)     Defendant was grossly negligent;

(2)     Butte Community Bank was harmed; and

(3)     The defendant's gross negligence was a substantial factor in causing that harm.

If you find plaintiff has proved each of these elements as to a defendant, taking into account Final Instruction Nos. 28 and 29 as well, your verdict on this claim should be for plaintiff.  If, on the other hand, plaintiff has failed to prove any one or more of these elements as to a defendant, your verdict should be for that defendant.

**FINAL INSTRUCTION NO. 28**

Gross negligence is the lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others.

A person can be grossly negligent by acting or by failing to act.

**FINAL INSTRUCTION NO. 29**

Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**FINAL INSTRUCTION NO. 30**

Affirmative Defense - Business Judgment Rule

Each defendant has raised an affirmative defense to the FDIC-Receiver's claims for breach of the fiduciary duty of care and negligence, for which each defendant has the burden of proof by the preponderance of the evidence.

This defense is not applicable to the FDIC-Receiver's claims for breach of the fiduciary duty of loyalty or gross negligence.

Additionally, this defense only applies to each defendant acting as a director. This defense is not applicable to the FDIC-Receiver's claims that defendants John Coger and Keith Robbins each breached their fiduciary duties to Butte Community Bank, or engaged in negligence or gross negligence, in connection with their roles as officers of Butte Community Bank.

Each defendant claims that he satisfied the applicable standard of care because he exercised reasonable business judgment in approving the May 2008 dividend.  In performing his duty as a director, each defendant was entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by any one of the following:

(1)     One or more officers or employees of Butte Community Bank whom the defendant believed to be reliable and competent in the matters presented; or

(2)     Legal counsel, independent accountants or other persons as to matters which the defendant believed to be within such person's professional or expert competence.

To prove this defense by a preponderance of the evidence, each defendant must also show that he acted in good faith, made a reasonable inquiry when the need there for was indicated by the circumstance, and did not have information that would have made reliance unwarranted. Where these criteria are met, a defendant who acted in good faith reliance on such information, in a manner he believed to be in the best interests of Butte Community Bank, is not liable for breach of the fiduciary duty of care or negligence.

**FINAL INSTRUCTION NO. 31**

Affirmative Defense - Statute of Limitations (Negligence Only)

Each defendant contends that the FDIC-Receiver's negligence claims were not filed within the time required by law. To succeed on this defense, a defendant must prove that he was not acting as a fiduciary when he committed any negligence and that any harm occurred before August 20, 2008. This defense does not apply to the FDIC-R's claims for breach of the fiduciary duties of care or loyalty or its claims for gross negligence.

If you find that the FDIC-R's negligence claims were not filed within the time required by law, these claims may still proceed if the FDIC-Receiver proves that the Bank was under the "adverse domination" of those who committed any negligence.

In order to prove adverse domination, the FDIC-Receiver must establish that, from the time of the May 5, 2008 dividend to August 20, 2008, the Bank was in full, complete and exclusive control of the defendants as directors and/or officers, meaning that an informed shareholder or director could not have induced the Bank to bring suit against defendants.

To do this, the FDIC-Receiver must show that defendants had control of Butte Community Bank during this period, and must show that another party could not have, or would not have, induced Butte Community Bank to bring this lawsuit.

**FINAL INSTRUCTION NO. 32**

After instructing you about plaintiff's claims, it is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party or parties your verdict should be rendered.

If you find for the FDIC-Receiver, you must determine the FDIC-Receiver's damages. The FDIC-Receiver has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the FDIC-Receiver for any injury or loss you find was caused by the defendants.

It is for you to determine what damages, if any, have been proved. In deciding on the amount of damages, consider only the FDIC-Receiver's claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants will be done by the court after you reach your verdict.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**FINAL INSTRUCTION NO. 33**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

1

**FINAL INSTRUCTION NO. 34**

2      When you begin your deliberations, you should elect one member of the jury as your

3  presiding juror.  That person will preside over the deliberations and speak for you here in court.

4      You will then discuss the case with your fellow jurors to reach agreement if you can do

5  so.  Your verdict must be unanimous.

6      Each of you must decide the case for yourself, but you should do so only after you have

7  considered all of the evidence, discussed it fully with the other jurors, and listened to the views of

8  your fellow jurors.

9      Do not hesitate to change your opinion if the discussion persuades you that you should.

10  Do not come to a decision simply because other jurors think it is right.

11      It is important that you attempt to reach a unanimous verdict but, of course, only if each of

12  you can do so after having made your own conscientious decision.  Do not change an honest

13  belief about the weight and effect of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 35**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**FINAL INSTRUCTION NO. 36**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**FINAL INSTRUCTION NO. 37**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.