UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BUTTE COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CHING, et al.,<br><br>Defendants. | No. 2:13-cv-01710-KJM-EFB<br><br>ORDER |

On November 17, 2016, the jury returned a verdict in this case, finding all defendants guilty of negligence and a breach of the fiduciary duty of care in connection with an $8,800,000 dividend they caused Butte Community Bank to issue. Jury Verdict, ECF No. 270. The Federal Deposit Insurance Corporation (FDIC), as receiver for Butte Community Bank, is the plaintiff in this case. The jury awarded the FDIC $2,640,000 in damages for the defendants' conduct giving rise to the negligence claim, and $880,000 in damages for the defendants' conduct giving rise to the breach of duty of care claim. *Id.* at 1, 3. Three disputes regarding the entry of judgment are now pending before the court: (1) whether the damages the jury awarded are duplicative; (2) whether pre-judgment interest should be included in the judgment award; and

/////

/////

1

(3) whether the judgment should be split equally among defendants, or defendants should be held jointly and severally liable.

For the reasons discussed below, the court determines defendants are jointly and severally liable for a baseline judgment award of $2,640,000, in addition to both pre-judgment and post-judgment interest at a rate of 0.77 percent.

I. BACKGROUND

This order dispenses with a general background section, as the court has reviewed the facts and procedural history of this case at length in its prior orders. *See, e.g.*, Order May 27, 2016, ECF No. 168; Order July 27, 2015, ECF No. 86; Order July 8, 2014, ECF No. 39.

As related to the particular issue of a judgment award, the procedural history is as follows. On November 17, 2016, the jury found all ten named defendants guilty on claims one (breach of fiduciary duty of care) and three (negligence). ECF No. 270. On November 22, 2016, the FDIC filed a request for an award of pre-judgment and post-judgment interest, ECF No. 268, which defendants opposed on November 23, 2016, ECF No. 274. In opposition, defendants argue for the first time that the two damages awards are duplicative. *Id.* On November 28, 2016, the FDIC filed a reply brief on its request for pre-judgment interest, and in this filing the FDIC rebutted defendants' claim that the jury awards are duplicative. ECF No. 275. On November 29, 2016, defendants filed an unauthorized sur-reply addressing the FDIC's duplicative awards argument. ECF No. 276. Because defendants did not seek court approval before filing their sur-reply, the court does not consider the sur-reply in this order.

On December 2, 2016, the court directed the parties to brief the additional issue of whether the jury's award of damages for $880,000 and $2,640,000 should be evenly divided among the ten defendants, or whether the defendants should be jointly and severally liable for the full amount. Min. Order, ECF No. 277. In response, the FDIC filed a brief in favor of joint and several liability, ECF No. 280, and defendants argued for an even division of the award, ECF No. 279. The court addresses each dispute below.

/////

/////

2

## II. DUPLICATIVE DAMAGES

As noted, the jury handed down two separate damage awards: an award of $880,000 on the FDIC's breach of fiduciary duty claim and one of $2,640,000 on the FDIC's negligence claim. ECF No. 270. The FDIC argues the jury's two separate damages awards should be treated as cumulative, totaling $3,520,000, ECF No. 275 at 2, while defendants argue the awards were duplicative because they were based on the same conduct, and therefore total only $2,640,000, ECF No. 274 at 2.

Federal courts have repeatedly established the general proposition that a plaintiff may not enjoy "double recovery" for a single injury. *See, e.g.*, *Pac. Fuel Co., LLC v. Shell Oil Co.*, 416 F. App'x 607, 610 (9th Cir. 2011); *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1031–32 (9th Cir. 1999); *Kissell Co. v. Gressley*, 591 F.2d 47, 50-51 (9th Cir. 1979); *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 642 (7th Cir. 2011) ("A judgment that can be read to allow a plaintiff to recover twice for the same injury contains a manifest error of law."); *Nada Pac. Corp. v. Power Eng'g & Mfg., Ltd.*, 73 F. Supp. 3d 1206, 1218 (N.D. Cal. 2014) ("Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited.") (citation and internal quotation marks omitted).

California courts are in accord. Under California law, "[r]egardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence." *Tavaglione v. Billings*, 4 Cal. 4th 1150, 1158 (1993) (internal quotation marks omitted); *Shell v. Schmidt*, 126 Cal. App. 2d 279, 291 (1954) (where a party "ha[s] alleged the existence of but one primary right, and but one violation of that right," the "complaint states but one cause of action, even though two or more theories of recovery are alleged.") (citation omitted); *see also Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1613 (2012) (reversing an award for intentional infliction of emotional distress because the injury had been compensated in awards conferred on other claims for the same conduct); *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 702–03 (2009) (remanding for a new trial due to the potential of duplicative noneconomic damages where jury was instructed to assess

damages separately but given no direction on how to avoid the possibility of overlapping damages).

Here, nothing in the record before the court indicates defendants' negligence in authorizing the dividend caused an injury distinct from, or in addition to, defendants' breach of their fiduciary duty of due care in authorizing that same dividend. The FDIC's two claims relate to the same event, namely defendants' conduct that caused the authorization of the dividend. As such, regardless of how many legal theories the FDIC has advanced, it cannot recover more than once for this single injury under California law. *Tavaglione*, 4 Cal. 4th at 1158; *Shell*, 126 Cal. App. 2d at 291.

The verdict form, based on the FDIC's proposal, instructed the jury to identify the "total damages" it awarded the FDIC "for the conduct of defendant(s)" "in connection with Butte Community Bank's May 5, 2008 dividend," and specifically instructed the jury not to "consider whether or not such damages will be cumulative with damages awarded for other claims." ECF No. 270 at 2, 4. Thus, the verdict form called for a separate award of damages on each claim even if separate claims were based on the same wrongdoing. The verdict form expressly instructed the jury to consider each claim in isolation and in doing so make an award of "total damages" as if the FDIC would not receive any other compensation. Absent evidence to the contrary, the court assumes the jury did as instructed and awarded "total damages" to compensate for defendants' negligence without regard for the damages the jury awarded for defendants' breach of fiduciary duty of care, and vice versa.

The FDIC argues that by instructing the jury not to consider whether damages would be cumulative, the verdict form left the jury "with the reasonable impression that its damages could be added together." ECF No. 275 at 2:25–3:1–2. The FDIC asserts the jury "allocated 25% of its damages award to the breach of fiduciary duty claim and 75% to the negligence claim." *Id.* at 3:2–4. The FDIC offers no support for this assumption. The FDIC claims its interpretation is the "logical and probable" outcome because $3,520,000 is "almost exactly that portion of the $8,800,000 dividend that ultimately went into the pockets of the bank

4

1 directors." *Id.* at 2:13–15. To support its argument, the FDIC cites *Schutzky Distributors, Inc. v.*
2 *Kelly*, 643 F. Supp. 57 (N.D. Cal. 1986).

3        *Schutzky*, however, is distinguishable in several important respects. In this case,
4 the ten defendants were found equally liable on each claim and the conduct complained of and the
5 resulting injury for each claim is the same. In *Schutzky*, in contrast, the jury awarded damages
6 based on the "countless misrepresentations" two defendants had separately made, and the court
7 therefore found each award of damages should be partitioned based on each defendant's
8 individual conduct. *Schutzky*, 643 F. Supp. at 59, 61–62. The *Schutzky* court explained that if the
9 two damages awards were not aggregated, they would have been inconsistent with the jury's
10 finding of liability. *Id*. at 59. This was especially true considering the verdict form in *Schutzky*,
11 unlike in this case, did not instruct the jury to determine "total damages" for each separate cause
12 of action. The *Schutzky* court found it "entirely logical" that the jury awarded separate damages
13 based on the separate harm each misrepresentation caused the plaintiff, and "patently obvious"
14 that the jury intended for the awards to be aggregated. *Id*. The aggregation of verdicts as "logical
15 and probable" in *Schutzky*, under the circumstances of that case, does not hold true here.

16        The more logical conclusion in this case is that the jury followed the court's
17 instructions and intended its "total damages" awards to constitute "total" damages for each
18 respective claim, not partial damages that would later be aggregated. This conclusion is bolstered
19 by the slew of cases that have found that the aggregation of jury awards on two separate theories
20 of recovery, based on the same underlying injury and conduct, would amount to "double
21 recovery." *See Ambassador Hotel*, 189 F.3d at 1032; *Kissell,* 591 F.2d at 51; *Pac. Fuel*, 416 F.
22 App'x at 610; *Duran*, 653 F.3d at 642; *Nada Pac. Corp.*, 73 F. Supp. 3d at 1218; *Tavaglione*, 4
23 Cal. 4th at 1158;; *Shell*, 126 Cal. App. 2d at 291; *Plotnik*, 208 Cal. App. 4th at 1613; *Roby*, 47
24 Cal. 4th at 702–03.

25        Accordingly, because the damages awards in this case are based on the same
26 conduct and injury, and because the jury was instructed to award "total damages" without regard
27 to accumulation, the court finds that aggregation of the two damages awards would result in
28

duplication. The baseline award in this case, therefore, is $2,640,000. The court next assesses the interest to be applied to this baseline award.

III. INTEREST

    A. Pre-judgment Interest

The FDIC has requested that the court exercise its discretion to include pre-judgment interest in the total judgment amount. ECF No 273 at 2–3. Defendants contend a pre-judgment interest award is not appropriate, and in the alternative requests such an award be reduced by three years to account for FDIC's delay in bringing suit. ECF No. 274 at 3. Although the judgment award here is based on violations of state law, federal statutory law governs the amount of interest to award on the judgment. The relevant statute provides, in relevant part:

> In any proceeding related to any claim against an insured depository institution's director, officer . . . or any other party employed by or providing services to an insured depository institution, recoverable damages determined to result from the improvident or otherwise improper use or investment of any insured depository institution's assets shall include principal losses and appropriate interest.

12 U.S.C. § 1821(*l*). Whether pre-judgment interest falls under the definition of "appropriate" interest under section 1821(*l*) is a matter of first impression in this circuit. Although several courts have interpreted this particular statutory provision, none has addressed the precise question here. *See, e.g.*, *FDIC. v. Mijalis*, 15 F.3d 1314, 1326–27 (5th Cir. 1994) (in case where the parties disputed only the interest rate, court interpreted "appropriate interest" as referring to the appropriate interest "rate," but declined to address the propriety of interest in general because defendants did not properly preserve the issue); *FDIC v. UMIC, Inc.*, 136 F.3d 1375, 1384–85 (10th Cir. 1998) (denying FDIC's request for pre-judgment interest under section 1821(*l*) because the statute was enacted four months after the suit was filed and therefore did not apply).

As an initial matter, this court finds the language "appropriate interest" may include either pre-judgment or post-judgment interest. *See Grant Thornton LLP v. FDIC*, 435 F. App'x 188, 207 (4th Cir. 2011) (applying canons of statutory interpretation to conclude that "the reference to 'appropriate interest' in § 1821(*l*) may include both post-judgment and pre-judgment interest."). The court's conclusion is enhanced by the observation that Congress has separately

provided for awards of post-judgment interest to all successful plaintiffs in civil cases. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment . . . "). Thus, § 1821(*l*) would be redundant if the court interpreted it to allow only post-judgment interest. Courts should avoid interpretations of statutes that render words or phrases redundant or superfluous. *Hibbs v. Winn*, 542 U.S. 88, 101 (2004); *see also Bailey v. United States*, 516 U.S. 137, 146 (1995), *superseded by statute on other grounds, as recognized in Welch v. United States*, 136 S. Ct. 1257, 1267 (2016) ("We assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning.").

Even though the statutory language of section 1821(*l*) permits the inclusion of pre-judgment interest, whether to actually award such interest under this section remains a matter of judicial discretion. *Home Sav. Bank, FSB by RTC v. Gillam*, 952 F.2d 1152, 1161 (9th Cir. 1991); *Monsanto Co. v. Hodel*, 827 F.2d 483, 485 (9th Cir. 1987). "[Discretionary] [a]wards of pre-judgment interest are governed by considerations of fairness, and are [made] when it is necessary to make the wronged party whole." *United States v. Cal. Bd. of Equalization*, 650 F.2d 1127, 1132 (9th Cir. 1981) (citations omitted), *aff'd,* 456 U.S. 901 (1982). At least one circuit court has held that pre-judgment interest "should be awarded unless exceptional or unusual circumstances exist making the award of interest inequitable." *Val-U Constr. Co. of. S. Dak. v. Rosebud Sioux Tribe*, 146 F.3d 573, 582 (8th Cir. 1998) (internal citation and quotation marks omitted).

Here, the court finds no reason to omit pre-judgment interest from the FDIC's judgment award. Oft-cited examples of litigation tactics that might warrant a denial of pre-judgment interest include a claimant's bad faith, assertion of frivolous claims, and repeated schemes to delay. *See, e.g.*, *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 196 (1995). Defendants argue pre-judgment interest would essentially reward the FDIC for a purported three-year delay in filing suit. ECF No. 274 at 3. Defendants therefore request, should the court award pre-judgment interest, that it subtract from the total any interest that accumulated during those three years. *Id*. The court is unpersuaded by defendants' assertion that the FDIC

unnecessarily delayed commencement of this law suit: The FDIC filed this lawsuit within the statutory period, and therefore cannot plausibly be penalized for a delay. *See* 12 U.S.C. § 1821(d)(14). Furthermore, the FDIC spent the three years conducting administrative depositions, analyzing financial records, and attempting to resolve the claims without litigation. ECF No. 275 at 2. The FDIC's conduct is easily contrasted with that of the plaintiff in *Val-U Constr. Co. of. S. Dak. v. Rosebud Sioux Tribe*, 146 F.3d 573 (8th Cir. 1998), inexplicably waiting six years to confirm an arbitration award. This case is more akin to *U.S. ex rel. Bernard v. Casino Magic Corp.*, 384 F.3d 510 (8th Cir. 2004), where the court found no "exceptional circumstances" warranting denial of pre-judgment interest.

In sum, the court finds defendants' argument to deny or reduce pre-judgment interest unavailing and inconsistent with the principle that an injured party should be made whole and that defendants should not escape full responsibility for their imprudent acts. Accordingly, the court will include pre-judgment interest in the judgment award to be calculated from the date the FDIC placed the Bank into receivership, August 20, 2010, until the date this court enters judgment, at the rate of 0.77 percent. The FDIC propose this 0.77 percent interest rate, Cart Decl., ECF No. 273-1 ¶ 3 (citing 28 U.S.C. § 1961(a) and E.D. Cal. L. R. 590), and defendants do not oppose it.

B. <u>Post-judgment Interest</u>

Defendants concede post-judgment interest is proper. Indeed, an award of post-judgment interest in this case is mandatory:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. [] Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a); *see also Planned Parenthood of Columbia/Willamette Inc. v. Am. Coalition of Life Activists*, 518 F.3d 1013, 1017 (9th Cir. 2008) (explaining section 1961(a) "provides for the mandatory award of post-judgment interest on any money judgment in a civil case recovered in a district court").

Accordingly, the court will include post-judgment interest in the judgment award at the same rate of 0.77 percent, as provided for in 28 U.S.C. § 1961(a) and Local Rule 590. Having determined the proper award amount and associated interest, the court now turns to the question of whether the total judgment should be split evenly among the ten defendants, or if the defendants are joint and severally liable for the total amount.

IV. JOINT AND SEVERAL LIABLITY

The FDIC argues that under clearly established California law the ten defendants are jointly and severally liable for the damages in this case. ECF No. 280. Defendants contend the damages should be divided among them equally. ECF No. 279 at 1.

Under California's joint and several liability doctrine, "[c]ontributory wrongdoers, whether joint tortfeasors or concurrent or successive tortfeasors are ordinarily jointly and severally liable." *FDIC v. Van Dellen*, 2012 WL 4815159, at *9 (C.D. Cal. 2012) (citing *Apodaca v. Haworth*, 206 Cal. App. 2d 209, 213 (1962)); *see also Finnegan v. Royal Realty Co.*, 35 Cal. 2d 409, 433 (1950) ("[I]f the results produced by their acts are indivisible, each person is held liable for the whole."); *Am. Motorcycle Assn. v. Super. Court.*, 20 Cal. 3d 578, 582–90 (1978). The purpose of California's joint and several liability doctrine is to "place[] the risk that one tortfeasor will be unable or unwilling to bear his share of the responsibility on his fellow tortfeasors in order to maximize recovery to the injured party." *Camp v. Forwarders Transp., Inc.*, 537 F. Supp. 636, 639 (C.D. Cal. 1982) (citing *Hemmelgarn v. Boeing*, 106 Cal. App. 3d 576 (1980)).

Here, binding California law, paired with the nature of the evidence and defenses presented at trial, compels the conclusion that defendants are jointly and severally liable for the damages in this case. At trial, the FDIC established the damages that defendants' joint endorsement of the $8,800,000 dividend caused. In response, all ten defendants represented by a single lawyer presented nearly identical defenses centering on their shared discussions and decisions regarding the dividend. Each defendant chose not to retain separate counsel or argue for the divisibility of fault. Defendants are joint tortfeasors who the jury found jointly liable for the same wrongful acts. There is no basis in law or fact to find the damages in this case divisible

between defendants. Practical considerations further compel this result, as a contrary ruling would shift the risk of non-payment by any defendant to the FDIC. That one former defendant was dismissed early in the action on account of personal bankruptcy and two others are in admittedly poor health lends credence to the FDIC's concern regarding individual defendants' inability to pay.

Accordingly, the court finds each defendant jointly and severally liable for the total judgment award in this case.

V. <u>CONCLUSION</u>

For the reasons discussed above, the court makes the following findings: (1) The two jury awards in this case are duplicative, and therefore the baseline judgment award in this case is $2,640,000; (2) the final award shall include pre-judgment interest, calculated at a rate of 0.77 percent from August 20, 2010, through the judgment date, as well as post-judgment interest calculated at the same rate from the judgment date through the date the award is paid in full; and (3) defendants are jointly and severally liable for the full judgment amount.

The final award calculation will follow in a subsequent order. The FDIC's current calculation of interest is based on the baseline amount of $3,520,000, which the court has found to be incorrect. The court therefore directs the FDIC to submit a new interest calculation, using the same 0.77 percent rate, and the corrected baseline amount of $2,640,000. The revised calculation is due within fourteen (14) days of this order, and defendants' objection, if any, is due seven (7) days thereafter.

IT IS SO ORDERED.

This order resolves ECF No. 273.

DATED: May 22, 2017.

_____
UNITED STATES DISTRICT JUDGE